# EXHIBIT 2
# (Complaint)

**COMPB**
**FLANGAS LAW GROUP**
KIMBERLY P. STEIN, ESQ.
Nevada Bar No. 8675
E-mail: kps@fdlawlv.com
3275 South Jones Blvd., Suite 105
Las Vegas, Nevada 89146
Telephone: (702) 307-9500
*Attorneys for Plaintiff*

CASE NO: A-21-839674-B
Department 13

## DISTRICT COURT

## CLARK COUNTY, NEVADA

| | |
|---|---|
| IGNITE SPIRITS, INC., a Wyoming corporation,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>CONSULTING BY AR, LLC, a Florida limited liability company; DOES I through X, inclusive, and ROE BUSINESS ENTITIES I though X, inclusive,<br><br>　　　　　　Defendant(s). | Case No.:<br>Dept. No.:<br><br>**COMPLAINT**<br><br>**ARBITRATION EXEMPTION; DECLARATORY RELIEF**<br><br>(Business Court Requested) |

　　　　Plaintiff, IGNITE SPIRITS, INC. ("Plaintiff" or "Ignite"), by and through his attorneys of record, the law firm of Flangas Law Group, alleges and asserts as follows:

### PARTIES

　　　　1.　　Plaintiff Ignite, formerly known as Ignite Beverages, Inc. is, and was at all relevant times to this action, a registered Wyoming corporation.

　　　　2.　　Defendant CONSULTING BY AR, LLC ("CAR" or "Defendant"), was at all relevant times to this action and is a registered Florida limited liability company.

　　　　3.　　The true names and capacities, whether individual, corporate, associate, or otherwise of Defendants herein designated as Does I through X and Roe Corporations I

through X, inclusive, are not known to Plaintiff at this time and are therefore named as fictitious defendants. Plaintiff will seek to amend this Complaint to allege the true names and capacities of Does I through X and Roe Corporations I through X when and as ascertained.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this matter pursuant to the terms of the contract and as the cause of action arises directly from Defendant's conduct within/toward the State of Nevada. *See* NRS 14.065.

5. Venue is appropriate in this judicial district pursuant to NRS 13.040, and the contract further provides for said venue.

## GENERAL ALLEGATIONS

6. Plaintiff repeats, realleges, and incorporates by reference the preceding paragraphs of this Complaint as though fully set forth herein.

7. On or about March 11, 2021, Plaintiff and Defendant entered into a letter agreement (hereinafter the "Letter Agreement") pursuant to which Defendant was supposed to assist Ignite in obtaining a "definitive agreement" with Resorts World Las Vegas (hereinafter "Resorts World"), not later than July 1, 2021, in exchange for certain compensation.

8. Pursuant to the Letter Agreement, any definitive agreement(s) with Resorts World was supposed to contain substantially all of the terms and conditions detailed in Exhibit A, which was attached to the Letter Agreement (hereinafter "Exhibit A").

9. The July 1, 2021 date set forth in the Letter Agreement was materially important to the Plaintiff because Resorts World was supposed to open by July 4, 2021.

10. Although Resorts World's opening date was moved up to June 24, 2021, Ignite continued to deal with Resorts World in good faith effort to make the definitive agreements happen as contemplated by the Letter Agreement and Exhibit A.

11. While there were definitive agreements executed between Ignite and Resorts World, they were not executed by July 1, 2021, and moreover, these definitive

agreements failed to encompass many of the material terms and conditions set forth in Exhibit A, or in other words, the definitive agreements failed to contain substantially all of the terms and conditions detailed in Exhibit A.

12. There were no executed amendments to the Letter Agreement.

13. Defendant materially failed to perform as required by the Letter Agreement, in that Defendant failed to obtain a definitive agreement between Ignite and Resorts World, containing substantially all of the material terms and conditions detailed in Exhibit A not later than July 1, 2021.

14. The material terms and conditions detailed in Exhibit A that Defendant failed to obtain in the definitive agreement(s) include but are not limited to Resorts World purchasing a certain minimum of Ignite's products; ensuring certain products of Ignite were available in the mini-bars inside Resorts World's hotel rooms; ensuring certain products of Ignite were available for sale at Resort World controlled bars located in Resorts World; ensuring other products of Ignite were available for sale throughout Resorts World's property; Resorts World covering the cost of a kiosk for Ignite that would carry Ignite products and Resort Worlds staffing the kiosk; and Resorts World hosting a launch party at its grand opening featuring Ignite products (hereinafter the "Breached Terms").

15. Defendant's failure to deliver the Breached Terms constitutes a failure to obtain a definitive agreement containing substantially all of the terms and conditions detailed in Exhibit A, and therefore constitutes a material breach of the Letter Agreement.

16. Defendant's failure to timely deliver a definitive agreement containing the Breached Terms and other terms and conditions in Exhibit A by July 1, 2021 also constitutes a material breach of the Letter Agreement.

17. Because of Defendant's material breach of the Letter Agreement, Defendant is not entitled to the certain compensation set forth in the Letter Agreement.

18. Defendant has recently retained counsel who is threatening to sue Plaintiff for the certain compensation set forth in the Letter Agreement, despite Defendant's failure to perform as required by the Letter Agreement.

19. Plaintiff seeks a declaratory judgment from the Court that Defendant failed to perform as required by the Letter Agreement to obtain a definitive agreement containing substantially all of the terms and conditions detailed in Exhibit A.

20. Plaintiff seeks a declaratory judgment from the Court that Defendant breached the Letter Agreement when Defendant failed to obtain a definitive agreement containing substantially all of the terms and conditions detailed in Exhibit A.

21. Plaintiff seeks a declaratory judgment from the Court that because Defendant breached the Letter Agreement, Defendant is not entitled to the certain compensation set forth in the Letter Agreement.

22. Because of Defendant's counsel threatening litigation, Plaintiff seeks a declaratory judgment from the Court in its favor to fully and finally resolve this dispute.

**FIRST CLAIM FOR RELIEF**
**(Declaratory Relief)**

23. Plaintiff repeats, realleges, and incorporates by reference the preceding paragraphs of this Complaint as though fully set forth herein.

24. There exists an actual controversy between Plaintiff and Defendant regarding the Letter Agreement and Defendant's failure to substantially perform thereunder.

25. Plaintiff desires a judicial determination and declaration that Defendant has breached the Letter Agreement, and that the Plaintiff in not in breach of the Letter Agreement.

26. Further, Plaintiff desires a judicial determination and declaration that it has no further obligation pursuant to the Letter Agreement.

27. Plaintiff desires a judicial determination and declaration that the Letter Agreement is no longer valid or enforceable as a result of Defendant's breach.

28. This dispute is ripe for judicial determination and the controversy presently exists due to Defendant's breach of the Letter Agreement.

29. As a direct and proximate result of Defendant's conduct, Plaintiff has been required to retain the services of an attorney to bring this action and is entitled to attorneys' fees and costs of suit incurred herein.

## PRAYER

**WHEREFORE**, Plaintiff prays for judgment against Defendant as follows:

1. For a declaration from this Court declaring the rights, status, and other legal relations of the parties to the litigation arising from the Letter Agreement.

2. For all costs and expenses incurred by Plaintiff in enforcing its rights prosecuting this action including, but not limited to, reasonable attorneys' fees and costs incurred in prosecuting this action; and

3. For such other and further relief as the court deems just and proper.

Dated this 18th day of August 2021.

**FLANGAS LAW GROUP**

/s/Kimberly P. Stein
KIMBERLY P. STEIN, ESQ.
Nevada Bar No. 8675
E-mail:   kps@fdlawlv.com
3275 South Jones Blvd., Suite 105
Las Vegas, Nevada 89146
*Attorneys for Plaintiff*