1
2
3
4

**RYAN ELLIS LAW CORPORATION**
Ryan A. Ellis, Esq. (SBN: 12199)
3275 S. Jones Blvd., Suite 105
Las Vegas, NV 89146
Telephone: (858) 247-2000
Email: ryan@ryanellislaw.com

5
6

*Attorneys for Counterclaim Defendant*
Ignite International, Ltd.
.

7

**UNITED STATES DISTRICT COURT**

8

**DISTRICT OF NEVADA**

9

10
11
12
13
14
15
16

IGNITE SPIRITS, INC., a Wyoming
corporation,

              Plaintiff,

     v.

CONSULTING BY AR, LLC, a Florida limited
liability company; DOES I through X, inclusive;
and ROE Business Entities I through X,
inclusive,

              Defendants.

Case No: 2:21-CV-1590- JCM-EJY

**COUNTERCLAIM DEFENDANT
IGNITE INTERNATIONAL, LTD.'S
MOTION TO DISMISS
COUNTERCLAIM PURSUANT TO
FRCP 12(b)(1), FRCP 12(b)(2),
FRCP 12(b)(3), AND 12(b)(6); AND
MOTION FOR A MORE
DEFINITIVE STATEMENT ON
COUNTERCLAIM PURSUANT TO
FRCP 12(e)**

17
18
19
20
21
22
23

CONSULTING BY AR, LLC,

              Counterclaim Plaintiff,

v.

IGNITE SPIRITS, INC. (f/k/a Ignite Beverages,
Inc.); IGNITE INTERNATIONAL LTD.; AND
IGNITE INTERNATIONAL BRANDS, LTD.,

              Counterclaim Defendants.

**ORAL ARGUMENT REQUESTED**

24
25
26
27
28

     Counterclaim Defendant IGNITE INTERNATIONAL LTD. ("Counterclaim

Defendant" or "Ignite International"), by and through its attorneys of record, Ryan Ellis

Law Corporation, hereby files a motion asking this Court to dismiss all of the claims for

relief in the Counterclaim filed by Defendant/Counterclaim Plaintiff Consulting by AR,

LLC ("Counterclaim Plaintiff" or "Consulting by AR") pursuant to FRCP 12(b)(1), FRCP 12(b)(2), FRCP 12(b)(3) and FRCP 12(b)(6), or in the alternative require a more definite statement from Counterclaim Plaintiff regarding the Counterclaim, pursuant to FRCP 12(e) in the event the claims are not dismissed (hereinafter, the "Motion").

Counterclaim Defendant Ignite International's Motion herein is made and based upon all papers, pleadings, and records on file herein, the attached Memoranda of Points and Authorities, and any oral argument allowed at a hearing on this matter.

Dated this 23rd day of September, 2021

**RYAN ELLIS LAW CORPORATION**

*/s/Ryan A. Ellis*
RYAN A. ELLIS, ESQ. (SBN: 12199)
E-mail: ryan@ryanellislaw.com
3275 South Jones Blvd., Suite 105
Las Vegas, Nevada 89146
Telephone: (858) 247-2000

Attorneys for *Counterclaim Defendant*
Ignite International, Ltd.
.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.     RELEVANT FACTS/PROCEDURAL HISTORY

This case is in its fairly early stages of litigation. On August 18, 2021, Ignite Spirits, Inc. ("Spirits") filed a complaint in state court in Nevada against Counterclaim Plaintiff regarding a Letter Agreement between Spirits and Counterclaim Plaintiff, **NOT** Ignite International, Ltd. this moving Counterclaim Defendant. (ECF No. 1[1]). Counterclaim Plaintiff waived service of process on August 23, 2021. (ECF No. 1). Thereafter, Counterclaim Plaintiff removed this case to federal court on August 27, 2021. (ECF No. 1). As admitted by Counterclaim Plaintiff in its Statement Regarding Removal (ECF No. 14 at 2:11-12), the only named counterclaim defendant served at the time of removal was

---

[1] As this case has several documents under seal the docket is not clear as to certain entries).

Spirits.  Further, Counterclaim Plaintiff admits that "[t]his case arises out of a dispute centered on a Letter Agreement dated March 11, 2021, and the parties' conduct after signing the Letter Agreement."  *See* Amended Motion for Leave to File Portions of the Notice of Removal and Exhibit 6 to that Notice Under Seal at 2:5-6 (ECF No. 15).

On September 2, 2021, Counterclaim Defendant Ignite International was served with a copy of the sealed Answer, Affirmative Defenses, and Counterclaims ("Counterclaim") through its resident agent.[2]  Upon reviewing the Counterclaim, it is unclear how this Counterclaim Defendant Ignite International is a proper party, but also how Counterclaim Plaintiff's claims are a "counterclaim" and not a third-party complaint. If this was properly brought as a third-party complaint under FRCP 14, then the Counterclaim Defendant Ignite International could request the matter be severed at that time, and raise further arguments for dismissal, but instead the moving party is left with the "Counterclaim" as pled.

Moreover and after reviewing the deficient Counterclaim, and in 78 paragraphs, (sans paragraph 3), Ignite International is not mentioned at all.  In the introductory paragraph, Counterclaim Plaintiff tries to define Ignite International along with the other counterclaim defendants as one party, but then even states that only one of the five counts - count 5 - is allegedly against this moving Counterclaim Defendant Ignite International. The problem is that upon reviewing count 5 (paragraphs 75-78) there is no mention of Ignite International, and that claim clearly relates as an alternative claim to the Letter Agreement.  Again, Ignite International is not a party to such agreement.  There are no allegations of conspiracy, piercing the corporate veil or even how Ignite International in any way relates to the events or omissions as alleged underlying this action.

Furthermore, the combined Counterclaim is silent as to jurisdiction against Ignite International, and only states jurisdiction based upon the Letter Agreement against Spirits

---

[2] There is no ECF reference, as it does not appear a proof of service has been filed at this time.

and Ignite International Brands, Ltd. ("Brands")[3].   The combined counterclaim is also silent as to venue, and only states that events or omissions arose in this District.  But again, it is not clear as to which arose against Ignite International.

Thus, as is shown, and at a minimum, this Court must order a more definitive statement if Counterclaim Plaintiff plans to continue to move forward in this Court with its procedurally defective, shotgun-approach, improperly combined "Counterclaim." However, if this Court accepts the combined Counterclaim on its face, it must dismiss this combined Counterclaim for (1) lack of subject matter jurisdiction as it is not a compulsory counterclaim, (2) lack of personal jurisdiction as this Counterclaim Defendant Ignite International did not avail itself to this jurisdiction and/or no events or omissions have been pled against this Counterclaim Defendant Ignite International which rise to the level of such personal jurisdiction, (3) improper venue as this Counterclaim Defendant Ignite International is not a party to the Letter Agreement and did not avail itself to this venue, and (4) for failure to state a claim on which relief could be granted due to failure to allege facts sufficient for such causes of actions alleged against this Counterclaim Defendant Ignite International.

## II.   **LEGAL ARGUMENT IN SUPPORT OF MOTION TO DISMISS**

### A.   **THE MOTION TO DISMISS BASED ON FRCP 12(b)(1), FRCP 12(b)(2), FRCP 12(b)(3)  MUST BE GRANTED DUE TO LACK OF SUBJECT MATTER AND PERSONAL JURISDICTION  AND FOR FAILURE TO ESTABLISH VENUE IS PROPER IN THIS DISTRICT.**

#### 1.  **Subject Matter Jurisdiction**

FRCP 13(a)(1) requires that:
In General. A pleading must state as a counterclaim any claim that—at the time of its service—the pleader has against an opposing party if the claim:
      (A) arises out of the transaction or occurrence that is the subject matter of the opposing party's claim; and
      (B) does not require adding another party over whom the court cannot acquire jurisdiction.

---

[3] And Brands is not a party to the Letter Agreement either.  Only Spirits is a party to he Letter Agreement.

1    Pursuant to FRCP 13(b), a permissive counterclaim requires its own jurisdictional

2    basis. *Unique Concepts, Inc. v. Manuel*, 930 F.2d 573 (7th Cir. 1991); see also *Iglesias v.*

3    *Mutual Life Ins. Co. of N.Y.*, 156 F.3d 237, 241 (1st Cir. 1998) ("Only compulsory

4    counterclaims can rely upon supplemental jurisdiction; permissive counterclaims require

5    their own jurisdictional basis.")

6    Additionally, 28 U.S.C. §1367(b) states that:

7    In any civil action of which the district courts have original jurisdiction
     founded solely on section 1332 of this title, the district courts shall not have
8    supplemental jurisdiction under subsection (a) over claims by plaintiffs
     against persons made parties under Rule 14, 19, 20, or 24 of the Federal
9    Rules of Civil Procedure, or over claims by persons proposed to be joined
     as plaintiffs under Rule 19 of such rules, or seeking to intervene as plaintiffs
10   under Rule 24 of such rules, when exercising supplemental jurisdiction over
     such claims would be inconsistent with the jurisdictional requirements of
11   section 1332.

12   As pled in the Counterclaim, Counterclaim Plaintiff relies on 28 U.S.C. § 1332, 28

13   U.S.C. §1367, and 28 U.S.C. § 1391 as its bases for jurisdiction for its counterclaims. (See

14   Counterclaim at ECF No. 1-¶10-12). While not addressing the issue in the combined

15   Counterclaim, the combining was required to even attempt to plead a cause of action

16   pursuant to FRCP 14 and FRCP 20.  But more importantly, the unjust enrichment claim,

17   which is pled in the alternative - the sole basis of the Counterclaim against this

18   Counterclaim Defendant Ignite International - deals with a Letter Agreement to which this

19   Counterclaim Defendant is not a party or even mentioned within its four corners.

20   **2.  Personal Jurisdiction**

21   To adjudicate a particular suit, a court must have subject matter jurisdiction over

22   the issues to be litigated, *Union Pac. R.R. Co. v. Bhd. of Locomotive Eng'rs*, 130 S. Ct.

23   584, 596 (2009), as well as personal jurisdiction over the parties, *Int'l Shoe Co. v.*

24   *Washington*, 326 U.S. 310, 316 (1945).  "The burden of proof is on the plaintiff to show

25   that jurisdiction is appropriate, but in the absence of an evidentiary hearing, the plaintiff

26   need only make a prima facie showing of jurisdictional facts." *Sher v. Johnson*, 911 F.2d

27   1357, 1361 (9th Cir. 1990).  At this stage, the Court need only consider the pleadings, the

28   motion, and related documents, treating the plaintiff's allegations as true. *Id.*

For compulsory counterclaims, the plaintiff generally consents to jurisdiction by filing an action in that court.  For permissive counterclaims, the plaintiff's filing of suit may or may not constitute consent to jurisdiction depending on the particulars of the case. *See Grupke v. Linda Lori Sportswear, Inc*., 174 F.R.D. 15, 17-18 (E.D.N.Y. 1997).

General jurisdiction arises where the defendant has continuous and systematic ties with the forum, even if those ties are unrelated to the litigation.  *Hubbell Lighting*, 232 F.3d at 1375 (citing *Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408 414–16 (1984)). Specific jurisdiction arises where the claims alleged "arise out of" or "relate to" contacts within the forum state.  *Hubbell Lighting*, 232 F.3d at 1375. To exercise specific jurisdiction, there are three requirements: (1) the nonresident defendant must have "purposefully directed" his activities in the forum or have "purposefully availed" himself in the forum; (2) the claim "arises out of" or "relates to" the defendant's activities in the forum; and (3) exercising jurisdiction is reasonable, in that it comports with the notions of fair play and substantial justice.  *Caruth v. Int'l Psychoanalytical Ass'n*, 59 F.3d 126, 127 (9th Cir. 1995) (*quoting Core-Vent Corp. v. Nobel Indus. AB*, 11 F.3d 1482, 1485 (9th Cir. 1993)).  To satisfy the second requirement for specific jurisdiction, the Ninth Circuit relies on a "but for" test to determine whether a claim "arises out of" forum-related activities. *Ballard v. Savage*, 65 F.3d 1495, 1500 (9th Cir. 1995); *Rio Prop.*, 284 F.3d at 1021.  Where the contacts with the forum state "are integral and essential parts" of the claim, this requirement is met.  *Dole Food Co., Inc. v. Watts*, 303 F.3d 1104, 1114 (9th Cir. 2002). Accordingly, the Court asks simply: but for Defendants' contacts with Nevada, would Plaintiff's claims have arisen?  *Ballard*, 65 F.3d at 1500.

Again, Counterclaim Plaintiff's theories of liability against this moving Counterclaim Defendant Ignite International are not compulsory. Further, Ignite International did not file the original action (i.e. was not a plaintiff) that was removed by Counterclaim Plaintiff.  Ignite International never consented to jurisdiction in this matter in Nevada. This is no secret, Counterclaim Plaintiff itself pleads in its "Counterclaim" that Ignite International is a resident of Wyoming and California.  *See* Counterclaim at ¶3.  In

order to oppose a motion to dismiss for lack of personal jurisdiction, Counterclaim Plaintiff must make a *prima facie* showing of personal jurisdiction over Ignite International.  See *Visual Sciences, Inc. v. Integrated Comm'ns, Inc.* 660 F.2d 56, 58 (2d Cir. 1981).  Here, Counterclaim Plaintiff simply cannot do that, as Ignite International is not even a proper party.

### 3.  Venue

Venue is usually assumed to be appropriate because the plaintiff has chosen to litigate in that court.  In some cases, the court may require the defendant to show that venue is appropriate for each counterclaim.  For example, if a contractual forum selection clause in the parties' agreement applies to the counterclaim but not to the plaintiff's original claim, some courts will grant a plaintiff's motion to dismiss the counterclaim for improper venue under FRCP 12(b)(3).  *See Publicis Commc'n v. True N. Commc'ns Inc.*, 132 F.3d 363, 365-66 (7th Cir. 1997)).  Here, Ignite International was not a party to the Letter Agreement, and thus did not choose to litigate in this venue.

## B.  THE LEGAL STANDARD FOR FRCP 12(b)(6) REQUIRES GRANTING OF THIS MOTION TO DISMISS.

Applying the standard delineated in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), the Court should dismiss Counterclaim Plaintiff's claims against this Counterclaim Defendant.  Counterclaim Plaintiff's Counterclaim fails to allege any, let alone sufficient, facts to support its threadbare allegation that this Counterclaim Defendant is liable under an alternative theory of breach of contract for a contract under which this Counterclaim Defendant is not a party.  Counterclaim Plaintiff did not even plead an alter ego theory, or one for indemnification or even to show the relationship between this Counterclaim Defendant and the other counterclaim defendants.  Thus, the Court should dismiss Counterclaim Plaintiff's Counterclaim against this moving Counterclaim Defendant for failure to allege any claims upon which relief could be granted.

### 1.  Standard of Law

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a defendant to seek

dismissal of a claim if it fails to "state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  A cause of action can fail to state a "claim upon which relief can be granter" if, *inter alia*, it fails to comply with the requirements of Rule 8(a)(2) of the Federal Rules of Civil Procedure.  Fed. R. Civ. P. 8(a)(2) requires "a short and plain statement of the claim showing the pleader is entitled to relief."

In considering a motion to dismiss, the court must accept the allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff.  *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974), overruled on other grounds by *Davis v. Scherer*, 468 U.S. 183, 104 S.Ct. 3012, 82 L.Ed.2d 139 (1984); *Cruz v. Beto*, 405 U.S. 319, 322, 92 S.Ct. 1079, 31 L.Ed.2d 263 (1972).

Assertions that are mere "legal conclusions" are not entitled to the assumption of truth.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (*citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).

To survive a motion to dismiss, a plaintiff needs to plead "enough facts to state a claim to relief that is plausible on its face."  *Twombly*, 550 U.S. at 570.  Dismissal is appropriate where the plaintiff fails to state a claim supportable by a cognizable legal theory. *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir.1990).  "Dismissal with prejudice and without leave to amend is not appropriate unless it is clear ... that the complaint could not be saved by amendment."  *Eminence Capital, L.L.C. v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir.2003).

"Rule 8(a)(2) still requires a showing rather than a blanket assertion, of entitlement to relief.  With some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only fair notice of the nature of the claim, but also grounds on which the claims rests."  *Twombly*, 550 U.S. at 570.  When a complaint contains inadequate factual allegations, "this basic deficiency should . . . be exposed at the point of

-8-

minimum expenditure of time and money by the parties and the court." *Id.* at 571. From *Twombly*, it is clear that Rule 8(a)(2)'s basic requirement for "a short and plain" statement does not eliminate the need for a certain minimum amount of specificity in a pleading. Rather, "a district court must retain the power to insist upon some specificity in pleading before allowing a potential massive factual controversy to proceed." *Id*. at 572 (quoting *Associated Gen. Contractors of Cal., Inc. v. Carpenters*, 459 U.S. 519, 528 n. 17 (1983)).

## 2. Counterclaim Plaintiff Fails to Even Plead Bald Allegations of Individual Liability Against This Counterclaim Defendant Ignite International to Satisfy Twombly's Standard

As foreshadowed above, Counterclaim Plaintiff's death knell is that it failed to plead an alter ego theory, or one for indemnification, or even attempt to allege any relationship between this Counterclaim Defendant Ignite International and the other counterclaim defendants. Additionally, Counterclaim Plaintiff has wholly failed to allege facts that support any attempt to pierce the corporate veil. In order to successfully state an alter ego claim, the plaintiff must state specific facts that show that defendants have acted as the alter ego of an entity. In 1957, the Nevada Supreme Court in *Frank McCleary Cattle Co. v. Sewell*, 73 Nev. 279, 282 (1957) established the "alter ego" analysis for corporations, which was later codified by statute under NRS 78.747(2). A stockholder, director or officer acts as the alter ego of a corporation if: (a) the corporation is influenced and governed by the stockholder, director or officer; (b) there is such unity of interest and ownership that the corporation and the stockholder, director or officer are inseparable from each other; and (c) adherence to the corporate fiction of a separate entity would sanction fraud or promote a manifest injustice. The question of whether a stockholder, director or officer acts as the alter ego of a corporation must be determined by the court as a matter of law. NRS 78.747(3).

Many of the Nevada Supreme Court's decisions that followed *McCleary Cattle Co.* adhere to the third factor with particular importance to avoid fraud or manifest injustice.

The Court has repeatedly emphasized that the "corporate cloak is not lightly thrown aside." However, the court will disregard that "cloak" if "adherence to the fiction of a separate entity . . . [would] sanction a fraud or promote injustice." *Baer v. Walker*, 85 Nev. 219, (1969); *North Arlington Medical Bldg., Inc. v. Sanchez*, 86 Nev. 515 (1970). As pointed out in *In re James Giampietro*, 317, B.R. 841, 853 (Bankr. D. Nev. 2004), Bankruptcy Judge Bruce A. Markell, while conducting an extensive review of Nevada's case law in this area, and relying in part upon a decision from 20 years prior by U.S. District Court Judge Lloyd D. George (then serving as a bankruptcy judge), observed that the prevention of fraud or manifest injustice is the most meaningful of the NRS 78.747 factors. It is not enough simply that some of the factors favoring alter ego liability exist. More importantly, based on the Court's prior holdings in this area, there must be a causal connection between those factors and the plaintiff's injury. Quoting Judge George's earlier analysis in *In re Twin Lakes Village, Inc*., 2 B.R. 532, 542 (Bankr. D. Nev. 1980), Judge Markell noted "the element of reliance, or more particularly, on 'reasonable reliance' by the complaining creditor upon debtor conduct which would indicate either the absence of a corporate form or the assumption of liability by a person or entity controlling an openly visible corporation," has been the primary focus of Nevada courts. *Id.*

The requirement of a causal connection between the alter ego factors and actual harm to the plaintiff has been discussed in various Nevada Supreme Court cases. *North Arlington Medical Bldg., Inc. v. Sanchez*, 86 Nev. 515 (1970) (Court held that plaintiff failed to show any causal connection between the way a corporation was capitalized and its subsequent inability to pay the obligation owed corporate president, even though the president had completely influenced and managed the corporation, failed to follow corporate formalities, and left the corporation undercapitalized); *Paul Steelman, Ltd. v. Omni Realty Partners*, 110 Nev. 1223 (1994); *Lipshie v. Tracy Inv. Co*., 93 Nev. 370, 377, (1977) (finding no causal connection between a parent corporation undercapitalizing a subsidiary corporation in order to attempt to frustrate payment of its obligation to a creditor.)

The Nevada legislature later clarified and codified the application of the "alter ego" analysis to apply to a limited liability company.  The result was a bright line protection of the LLC veil.  Pursuant to NRS 86.381, a member of a Nevada LLC "is not a proper party to proceedings against the company."

In the Counterclaim, the Counterclaim Plaintiff fails to allege anything beyond conclusory allegations that this Counterclaim Defendant Ignite International is somehow related to the other counterclaim defendants.  The reason is there are no such facts.  Thus, these allegations are insufficient and cannot survive a motion to dismiss for failure to state a claim.

## III.    THIS MOTION FOR A MORE DEFINITE STATEMENT SHOULD BE GRANTED PURSUANT TO FRCP 12(e)

Federal Rule of Civil Procedure 12(e) provides "a party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." A more definite statement is needed when the pleadings are unclear as to who did what to whom and when. *See, e.g., McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1996). When notice pleading standards are not met, granting a motion for more definite statement is appropriate. S*ee, e.g., Swierkiewicz v. Sorema N.A*., 534 U.S. 506, 514 (2002) (if a pleading fails to specify the allegations in a manner that provides sufficient notice, a defendant can move for a more definite statement under Rule 12(e) before responding). In this regard, both the court and the litigants are entitled to know, at the pleading stage, who is being sued, why, and for what. *See, e.g., McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1996).

The determination of a motion for a more definite statement is left to the sound discretion of the court. S*ee Abdul-Aziz v. JP Morgan & Chase Co*., 2011 WL 1059205, at *2 (N.D. Tex. Mar. 2, 2011).  Courts do grant FRCP 12(e) motions that attack the lack of detail in a pleading.  *See, e.g., Exal Corp. v. Roeslein & Assocs., Inc.*, 2012 WL 4754748, at *4 (N.D. Ohio Oct. 2, 2012) (plaintiff's claims regarding fraud lacked sufficient detail under the heightened pleading standards for fraud claims provided by FRCP 9(b)); *see,*

*also, e.g., Parker v. Federal Express Corp.*, 2010 WL 2510984, at *3 (E.D. Mich. June 17, 2010) (in a breach of contract action, plaintiff's counsel used only general terms to allege that the defendant's employee manuals created an expectation of job security).  Courts also grant motions for a more definite statement when the subject pleading is unintelligible.  A pleading is unintelligible is when the responding party cannot actually determine the issues that must be addressed in a response.  *See, e.g., Haghkerdar,* 226 F.R.D. at 14; *see, also, Hawkins v. Kiely*, 250 F.R.D. 73, 74 (D. Me. 2008).

The incorporation of every fact and party in the case can an impair the opposing party's ability to properly respond to the pleading's allegations, and may improperly shift to the court the responsibility of determining which facts are relevant to which causes of action and against which parties.  *See, e.g., Griffin v. HSBC Mortgage Svcs., Inc*., 2015 WL 4041657, at *5 (N.D. Miss. July 1, 2015).  For example, in *Bennett*, the court granted a motion for a more definite statement because the plaintiff alleged facts against unspecified defendants and incorporated all allegations into each cause of action alleged in the complaint, and the plaintiff had attempted to force the defendants and the court to determine which allegations were relevant to which claim against which defendant. *See Bennett*, 2015 WL 5294321, at *14.

Here, Counterclaim Plaintiff's "Counterclaim," fails to even reference this moving Counterclaim Defendant (except for paragraph 3).  In the introductory paragraph, Counterclaim Plaintiff attempts to ham-handedly define Ignite International along with the other counterclaim defendants as one party, but then even states that only one of the five counts - count 5 - is purportedly against Ignite International.  The problem is that there is no mention of Ignite International upon reviewing count 5 (paragraphs 75-78) . Instead, that same claim clearly exists as an alternative claim to that relating to the Letter Agreement, and again, Ignite International is not a party to that agreement.

To be able to respond to the combined Counterclaim, Ignite International must first be able to understand what is being alleged against it, why, and what for.  Based upon the foregoing, and at a minimum, it is not possible for Ignite International to adequately

respond to this Counterclaim Plaintiff's claims without more definite allegations and claims. While Ignite International does not believe that this is the most adequate and most appropriate relief, at the very least he would be able to draft an intelligent response and be able to defend itself at this stage in the litigation.

### IV.   CONCLUSION

For the foregoing reasons, this Counterclaim Defendant Ignite International respectfully requests that this Court dismiss the combined Counterclaim, or, in the alternative, at least order the Counterclaim Plaintiff to file a more definite statement for any portions of the combined Counterclaim that remain viable after this Court's rulings on these Motions.

Dated this 23rd day of September, 2021

Respectfully Submitted,

**RYAN ELLIS LAW CORPORATION**

*/s/Ryan A. Ellis*
RYAN A. ELLIS, ESQ. (SBN: 12199)
E-mail: ryan@ryanellislaw.com
3275 South Jones Blvd., Suite 105
Las Vegas, Nevada 89146
Telephone: (858) 247-2000

*Attorneys for Counterclaim Defendant*
*Ignite International, Ltd.*

1

## <u>CERTIFICATE OF SERVICE</u>

2       I, the undersigned, do hereby certify that on September 23, 2021, that I

3 electronically filed the above and foregoing document entitled **COUNTERCLAIM**

4 **DEFENDANT IGNITE INTERNATIONAL, LTD.'S MOTION TO DISMISS**

5 **COUNTERCLAIM PURSUANT TO FRCP 12(b)(1), FRCP 12(b)(2), FRCP 12(b)(3)**

6 **AND 12(b)(6); AND MOTION FOR A MORE DEFINITIVE STATEMENT ON**

7 **COUNTERCLAIM PURSUANT TO FRCP 12(e)** using the CM/ECF system which will

8 send a notice of electronic filing to all CM/ECF registrants.

9

                              /s/Ryan A. Ellis

10                               An employee of Ryan Ellis Law Corporation

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-14-