Gregory S. Gilbert (6310)
Jon T. Pearson (10182)
Elody C. Tignor (15663)
HOLLAND & HART LLP
9555 Hillwood Drive, 2nd Floor
Las Vegas, NV 89134
702.669.4600
702.669.4650 fax
gsgilbert@hollandhart.com
jtpearson@hollandhart.com
ectignor@hollandhart.com

*Counsel for Defendant/Counterclaim Plaintiff
Consulting by AR, LLC*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Ignite Spirits, Inc., a Wyoming corporation,<br><br>            Plaintiff,<br><br>v.<br><br>Consulting by AR, LLC, a Florida limited liability company; Does I through X, inclusive; and Roe Business Entities I through X, inclusive,<br><br>            Defendants.<br><br>Consulting by AR, LLC,<br><br>            Counterclaim Plaintiff,<br><br>v.<br><br>Ignite Spirits, Inc. (f/k/a Ignite Beverages, Inc.); Ignite International Ltd.; and Ignite International Brands, Ltd.,<br><br>            Counterclaim Defendants. | Case No. 2:21-cv-01590-JCM-EJY<br><br>**MOTION FOR LEAVE TO FILE UNDER SEAL EXHIBIT A-1 TO CONSULTING BY AR, LLC'S RESPONSE IN OPPOSITION TO COUNTERCLAIM DEFENDANT IGNITE INTERNATIONAL, LTD.'S (I) MOTION TO DISMISS COUNTERCLAIM PURSUANT TO FRCP 12(b)(1), FRCP 12(b)(2), FRCP 12(b)(3), AND 12(b)(6), AND (II) MOTION FOR A MORE DEFINITIVE STATEMENT ON COUNTERCLAIM PURSUANT TO FRCP 12(e)** |

1

In accordance with Rule 5.2 of the Federal Rules of Civil Procedure and LR IA 10–5, defendant/counterclaim plaintiff Consulting by AR, LLC ("Company") requests leave to file under seal Exhibit A-1 (ECF No. 28–2) to its response in opposition to counterclaim defendant Ignite International, Ltd.'s motion to dismiss or for a more definite statement ("Opposition") (ECF No. 28). A proposed redacted version that may be filed once authorization is provided by this Court is attached as **Exhibit 1**.

## ARGUMENT

The Ninth Circuit holds that sealing is appropriate when the "party seeking to seal a judicial record" demonstrates "compelling reasons" that outweigh the "general history of access and the public policies favoring disclosure." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178–79 (9th Cir. 2006) (quotation omitted). Compelling reasons may exist when, by way of example, the material to be disclosed includes "confidential contracts,"[1] "contract negotiations,"[2] "discussions of business strategy,"[3] or "business information that might harm a litigant's competitive standing."[4] Any request to seal documents must be "narrowly tailored" to the material that warrants secrecy. *See, e.g.*, *Ervine v. Warden*, 214 F. Supp. 3d 917, 919 (E.D. Cal. 2016) (citing *PressEnterprise Co. v. Superior Court of Cal.*, 464 U.S. 501 (1986)). Thus, if confidential material can be easily redacted while leaving meaningful material available to the public, the Court must order that redacted versions be filed rather than sealing entire documents. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1137 (9th Cir. 2003); *see also In re Roman Catholic Archbishop of Portland in Oregon*, 661 F.3d 417, 425 (9th Cir. 2011) (the district court must "keep in mind the possibility of redacting the sensitive material").

This Court granted two motions to seal filed by the Company. (ECF Nos. 16, 20.) Consistent with the bases for the Company seeking leave to seal portions of the its Counterclaims

---

[1] *Fed. Trade Comm'n v. Qualcomm Inc.*, No. 17-cv-00220-LHK, 2019 WL 95922, at *3 (N.D. Cal. Jan. 3, 2019).
[2] *Id.*
[3] *Krieger v. Atheros Commc'ns, Inc.*, No. 11-cv-00640-LHK, 2011 WL 2550831, at *1 (N.D. Cal. June 25, 2011).
[4] *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 589–99 (1978)).

and the Notice of Removal (ECF Nos. 15, 19, respectively), the Company seeks leave to seal Exhibit A-1 (ECF No. 28–2) to its Opposition because that exhibit contains two agreements between Ignite International and Resorts World. Those agreements if publicly disclosed, could cause a competitive disadvantage for the parties with similar counterparties, and the agreements may contain confidential business information for Ignite International, Resorts World, or both. Although the Company is not in the best position to explain why such information should remain sealed, it does not want to publicly disclose these agreements because "[o]nce information is published, it cannot be made secret again." *In re Copley Pres, Inc*., 518 F.3d 1022, 1025 (9th Cir. 2008). Below are the specific bases for sealing the agreements contained in Exhibit A-1 to the Opposition.

| Exhibit A-1 (ECF No. 28–2) | Description | Bases for Sealing |
|---|---|---|
| Opp. MTD 005–022 | Strategic Marketing Alliance Agreement between Ignite International and Resorts World | These agreements contain information that may place the parties at a competitive disadvantage when negotiating similar deals in the future. *See*, *e.g.*, *Milliner v. Bock Evans Fin. Counsel, Ltd.*, No. 15-cv-01763-JD, 2020 WL 1492692, at *2 (N.D. Cal. Mar. 27, 2020) ("Courts have allowed confidential commercial agreements to be sealed even under the 'compelling reasons' standard"; permitting sealing of "highly negotiated agreement" that would "expose [litigant] to competitive harm" if publicly disclosed).<br><br>These agreements should also not be publicly disclosed because they contain specific type of terms that may be acceptable for future strategic marketing and promotional agreements. *See*, *e.g.*, *Baird v. BlackRock Institutional Tr. Co.*, 403 F. Supp. 3d 765, 792 (N.D. Cal. 2019) ("Court have found that 'confidential business information' in the form of 'license agreements, financial terms, details of confidential licensing negotiations, and business strategies' satisfies the 'compelling reasons' standard.") (citation omitted). |
| Opp. MTD 023–037 | Retail Pop-Up Space License Agreement between Ignite International and Resorts World | |

3

**CONCLUSION**

For these reasons, the Company requests that leave be granted, and that authorization is provided allowing the Company to publicly file the redacted version attached as **Exhibit 1**.

Dated: October 7, 2021         Respectfully submitted,

/s/ *Jon T. Pearson*
Gregory S. Gilbert
Jon T. Pearson
Elody C. Tignor
HOLLAND & HART LLP
9555 Hillwood Drive, 2nd Floor
Las Vegas, NV 89134

*Counsel for Defendant/Counterclaim Plaintiff Consulting by AR, LLC*

**CERTIFICATE OF SERVICE**

I certify that on October 7, 2021, an accurate copy of this **MOTION FOR LEAVE TO FILE UNDER SEAL EXHIBIT A-1 TO CONSULTING BY AR, LLC'S RESPONSE IN OPPOSITION TO COUNTERCLAIM DEFENDANT IGNITE INTERNATIONAL, LTD.'S (I) MOTION TO DISMISS COUNTERCLAIM PURSUANT TO FRCP 12(b)(1), FRCP 12(b)(2), FRCP 12(b)(3), AND 12(b)(6), AND (II) MOTION FOR A MORE DEFINITIVE STATEMENT ON COUNTERCLAIM PURSUANT TO FRCP 12(e)** was served by submitting electronically for filing and service with the United States District Court, District of Nevada's e-filing system, and served on counsel electronically in accordance with the E-service list to the following email addresses:

| | |
|---|---|
| Kimberly P. Stein<br>FLANGAS LAW GROUP<br>3275 South Jones Blvd., Suite 105<br>Las Vegas, Nevada 89146<br>kps@fdlawlv.com | Ryan A. Ellis<br>RYAN ELLIS LAW CORPORATION<br>3275 South Jones Blvd., Suite 105<br>Las Vegas, Nevada 89146<br>ryan@ryanellislaw.com |

/s/ *Jon T. Pearson*
An employee of Holland & Hart LLP

**INDEX OF EXHIBITS**

| Exhibit | Description | Opp. MTD Page No(s). |
|---|---|---|
| 1 | Proposed Public [Redacted] Version of the Company's Response in Opposition | |
| A | Declaration of Alan Richardson | 001–003 |
| A-1 | Email from Paul Bilzerian | 004 **[005–037 are sealed]** |
| A-2 | Text Messages between Dan Bilzerian and Alan Richardson | 038 |
| B | Transmittal Declaration of Jon T. Pearson | 039–040 |
| B-1 | Screenshot from the Nevada Secretary of State website | 041–043 |
| B-2 | Screenshot and filings from the Wyoming Secretary of State website | 044–047 |
| B-3 | Screenshot from the U.S. Patent and Trademark Office re: Ignite International Ltd.'s trademark, Z-RO | 048 |
| B-4 | Press Release from Ignite International, Ltd. | 049–050 |

17543227_v1