# Exhibit A
# Declaration of Alan Richardson

Gregory S. Gilbert (6310)
Jon T. Pearson (10182)
Elody C. Tignor (15663)
HOLLAND & HART LLP
9555 Hillwood Drive, 2nd Floor
Las Vegas, NV 89134
702.669.4600
702.669.4650 fax
gsgilbert@hollandhart.com
jtpearson@hollandhart.com
ectignor@hollandhart.com

*Counsel for Defendant/Counterclaim Plaintiff Consulting by AR, LLC*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| Ignite Spirits, Inc., a Wyoming corporation,<br><br>Plaintiff,<br><br>v.<br><br>Consulting by AR, LLC, a Florida limited liability company; Does I through X, inclusive; and Roe Business Entities I through X, inclusive,<br><br>Defendants. | Case No. 2:21-cv-01590-JCM-EJY<br><br>**DECLARATION OF ALAN RICHARDSON** |
| Consulting by AR, LLC,<br><br>Counterclaim Plaintiff,<br><br>v.<br><br>Ignite Spirits, Inc. (f/k/a Ignite Beverages, Inc.); Ignite International Ltd.; and Ignite International Brands, Ltd.,<br><br>Counterclaim Defendants. | |

I, Alan Richardson, declare as follows:

1. I am the sole member and manager of Consulting by AR, LLC ("Company").

1

**Opp. MTD 001**

2. I am over 18 years of age, and know about the information set forth in this declaration. If called as a witness, I would be competent to testify to the matters set forth in this declaration.

3. This declaration is submitted in support of the Company's response in opposition to counterclaim defendant Ignite International, Ltd.'s (i) motion to dismiss counterclaim under Rule 12(b)(1), (2), (3), and (6) of the Federal Rules of Civil Procedure, and (ii) motion for a more definitive statement on counterclaim under Rule 12(e) of the Federal Rules of Civil Procedure.

4. In or about January 2021, I met Mr. Dan Bilzerian at his house in Las Vegas, Nevada, and offered to broker a strategic marketing and promotional partnership for Ignite[1] with Resorts World Las Vegas, LLC ("Resorts World"). Mr. Dan Bilzerian was interested, and introduced me to Mr. David Bell so that we could continue to discuss my proposal.

5. Because of Ignite's interest, the Company retained Henry E. Lichtenberger of Sklar Williams PLLC as its counsel relating to the subject transactions of this action. Sklar Williams is a Nevada-based law firm.

6. Although there were phone calls, emails, and text messages between me and representatives of Ignite, including Mr. Dan Bilzerian, Mr. Bell, Mr. John Schaefer, and Mr. Paul Bilzerian, those communications focused on my efforts securing a lucrative strategic marketing and promotional partnership for Ignite with Resorts World that would allow Ignite to, among other things, obtain exposure and recognition from being linked to a new multi-billion-dollar resort located on the Las Vegas Strip. Put simply, these communications focused on my efforts of securing a valuable partnership for Ignite that would take place exclusively in Nevada.

7. All in-person meetings relating to the subject transactions occurred in Nevada. For example, I had at least six meetings with Mr. Bell and Mr. Dan Bilzerian at Mr. Dan Bilzerian's house in Las Vegas, Nevada, I had several meeting with Mr. Bell at properties on the Las Vegas

---

[1] My declaration refers to Ignite Spirits, Inc., Ignite International, Ltd., and Ignite International Brands, Ltd. together as "Ignite." The basis for this reference is because during the relevant period, the same representatives of Ignite Spirits, Ignite International, and Ignite Brands often conflated the various Ignite entities.

Holland & Hart LLP
9555 Hillwood Drive, 2nd Floor
Las Vegas, NV 89134

Opp. MTD 002

Strip, I had at least three meetings with Mr. Schaefer in Las Vegas, Nevada, and I had several meetings with representatives of Resorts World at their Las Vegas corporate office.

8. Over the next several months and after extensive negotiations, the Company secured more favorable terms than were originally sought by Ignite. Ignite International signed the final letter of intent with Resorts World. Ignite International also signed the final definitive agreements that were brokered by the Company—a Retail Pop-Up Space License Agreement and a Strategic Marketing Alliance Agreement. Copies of the Agreements are attached as **Exhibit A-1**. Because of my efforts, Ignite's products are being sold throughout Resorts World, and Resorts World features Ignite and Mr. Dan Bilzerian daily on its LED screen, which is used for digital advertising for various brands and events associated with Resorts World. Of course, there are other lucrative terms secured by me as alleged in the Company's Counterclaims.

9. The Company's damages exclusively arise from events occurring in Las Vegas, Nevada: the Company brokered a Nevada-based deal for Ignite, and Ignite International and its affiliates refuse to provide any form of compensation to the Company for the value of such services. The Company seeks either the compensation as set forth in the Letter Agreement, or the value of such compensation and/or the services provided by the Company, each of which is no less than CA$2 million.

10. Mr. Dan Bilzerian also represented to me that Ignite's products were being sold at MGM and at Terrible Herbst Convenience Store locations. An accurate screenshot of text messages between Mr. Dan Bilzerian and me is attached as **Exhibit A-2**.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on October 7, 2021.

/s/ *Alan Richardson*
Alan Richardson

3

**Opp. MTD 003**