UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| IGNITE SPIRITS, INC., a Wyoming corporation,<br><br>    Plaintiff,<br><br>v.<br><br>CONSULTING BY AR, LLC, a Florida limited liability company; Does I through X, inclusive; and Roe Business Entities I through X, inclusive,<br><br>    Defendants.<br><br>Consulting by AR, LLC,<br><br>    Counterclaim Plaintiff,<br><br>v.<br><br>IGNITE SPIRITS, INC. (f/k/a Ignite Beverages, Inc.); IGNITE INTERNATIONAL LTD.; and IGNITE INTERNATIONAL BRANDS, LTD.,<br><br>    Counterclaim Defendant. | Case No. 2:21-cv-01590-JCM-EJY<br><br>**REPORT AND RECOMMENDATION**<br><br>**RE: ECF Nos. 23 and 25** |

Pending before the Court is Counterclaim Defendant Ignite International, Ltd.'s Motion to Dismiss Counterclaim and Motion for More Definitive Statement.[1] ECF Nos. 23 and 25. The Court has considered Ignite International's Motion, Consulting by AR, LLC's Response (ECF No. 28), and Ignite International's Reply (ECF No. 34).

**I.    Background**

This case originated in the Eighth Judicial District Court for the District of Nevada as a contract dispute brought by Ignite Spirits, Inc. ("Ignite Spirits") against Consulting by AR ("Consulting") in which Ignite Spirits alleged one cause of action for declaratory relief. ECF No. 1-

---

[1] Ignite International, Ltd. is referred to herein as "Ignite International," and the Motion to Dismiss and Motion for More Definite Statement are collectively referred to as the "Motion."

1

2. Ignite Spirits contends that Consulting breached the contract, a Letter Agreement, entered into by Ignite Spirits and Consulting rendering the Letter Agreement invalid and unenforceable. *Id*.

The case was removed to federal court by Consulting and, along with its Answer, Consulting filed counterclaims against Ignite Spirits, the original plaintiff, and non-parties Ignite International and Ignite International Brands, Ltd. ("Ignite Brands"). ECF Nos. 8 (sealed) and 17 (redacted). In its Counterclaims, Consulting alleges that Ignite Spirits and Ignite International are Wyoming corporations with headquarters in Los Angeles County, California; Ignite Brands is a publicly traded British Columbia corporation headquartered in Ontario, Canada; and, Ignite Spirits and Ignite International are wholly owned subsidiaries of Ignite Brands. Consulting further alleges that jurisdiction and venue are proper in the U.S. District Court for the District of Nevada. Consulting says subject matter jurisdiction is based on 28 U.S.C. § 1332 because there is complete diversity of citizenship and the amount in controversy exceeds $75,000; the District of Nevada "has supplemental jurisdiction over these Counterclaims under 28 U.S.C § 1367"; the Court has personal jurisdiction over Ignite Spirits, Ignite Brands, and Ignite International because they have transacted and continue to transact business in the District of Nevada; the subject agreements are governed by Nevada law; and, Ignite Spirits and Ignite Brands contractually agreed to submit to jurisdiction of the state and federal courts sitting in Nevada. Consulting says venue is proper because a substantial part of the events or omissions that give rise to the Counterclaims occurred in the District of Nevada.

Consulting's five Counterclaims are preceded by 21 pages of factual allegations, but no exhibits are attached. The Counterclaims include Breach of the Letter Agreement/Specific Performance (Count One); Breach of the Covenant of Good Faith and Fair Dealing (Count Two); Equitable Estoppel (Count Three); Promissory Estoppel—Pled in the Alternative (Count Four); and, Unjust Enrichment or Quantum Meruit—Pled in the Alternative (Count Five). Consulting names Ignite Spirits and Ignite Brands in its operative paragraphs of Counts One through Three (ECF No. 17 ¶¶ 51-56, 58-63, 66), Ignite Brands in Count Four (*id*. ¶¶ 68-73), and Count Five refers to Ignite Brands and "Ignite" without differentiating among the Counter-Defendant entities. *Id*. ¶ 77. The Court notes that Consulting defines Ignite Spirits, Ignite International, Ltd., and Ignite International Brands, Ltd. as "Ignite" in its introductory paragraph to the Counterclaims. *Id*. at 7.

The Court has reviewed the Letter Agreement (ECF No. 1-6) that plainly states it is an agreement between Ignite Spirits (formerly known as Ignite Beverages) and Consulting. The Agreement has only two signatories. Consulting alleges that Ignite Brands also "entered into" the Letter Agreement. ECF Nos. 17 ¶ 16; 28 at 4. This allegation appears to be based on the reference to shares in Ignite Brands in a paragraph pertaining to Consulting's compensation that also references Exhibit B to which Ignite Brands is a party. ECF No. 1-6 at 2, 5. Nonetheless, and setting aside the potential arguments regarding whether Ignite Brands is a party to the Letter Agreement, what is clear is that Ignite International is not mentioned anywhere in the Letter Agreement or its attachments.[2] ECF No. 1-6.

In the Counterclaims, under the header "The Final Definitive Agreements that Were Brokered by … [Consulting] between Ignite International and Resorts World,"[3] Consulting discusses Ignite International's changes to Resorts World agreements including a Retail Pop-Up Space License Agreement and a Strategic Marketing Alliance Agreement. ECF No. 17 ¶¶ 38, 40. In each of these Agreements with Resorts World, Ignite International is defined as Ignite. ECF No. 28-2 at 3, 21. Each of these Agreements contain Nevada venue and choice of law provision. *Id*. at 11 and 34. However, neither Consulting nor Ignite Spirits is a party to either of the Resorts World Agreements.

Consulting argues that the Letter Agreement and the single Counterclaim against Ignite International arise from the same set of operative facts. That is, Consulting was hired to broker a marketing and promotional partnership with Resorts World, which it did and for which Ignite Spirits allegedly refuses to pay as promised. According to Consulting, "because Ignite International signed the [Resorts World] Agreements that … [Consulting] brokered, … it would be unjust for Ignite International to retain the benefits without providing compensation to … [Consulting] for the value of its services." ECF No. 28 at 6. Even assuming what Consulting says is true, if joinder of the claim against Ignite International is improper, the Court lacks jurisdiction over Ignite International, venue

---

[2] Consulting alleges that John Schaefer ("Schaefer"), who signed the Letter Agreement as "President," is president of Ignite Spirits and Ignite International, which Consulting argues renders Ignite International a party to the Agreement. ECF No. 17 ¶¶ 6, 28.

[3] Resorts World, LLC is a new casino-resort on the Las Vegas Strip.

is improper or Consulting fails to state a claim, Count Five of the Counterclaim, which is the only claim asserted against Ignite International, cannot proceed.

**II.     Discussion**

      A.     <u>Rule 13 of the Federal Rules of Civil Procedure</u>.

Federal Rule of Civil Procedure 13 ("Rule 13") pertains to counterclaims and crossclaims. Rule 13(a) discusses compulsory counterclaims, while Rule 13(b) addresses permissive counterclaims. Both 13(a) and (b) pertain to counterclaims asserted against "an opposing party." Here, of course, Ignite International was not an opposing party at the time Consulting filed its Counterclaims. Thus, Rule 13(h), titled "Joining Additional Parties" is the proper Rule to be applied by the Court. This Rule states: "Rules 19 and 20 govern the addition of a person as a party to a counterclaim or crossclaim." As explained by the U.S. District Court for the District of Hawaii: "The plain reading of the rule shows that the proper use of Rule 13(h) is to bring a counterclaim against a party and then add a non-party to the same claim." *Casados v. Drury*, Case No. 13-00283 LEK-RLP, 2014 WL 2968179, at *2 (D. Haw. June 30, 2014). Given that Rule 13(h) allows for the addition of non-parties to a counterclaim, Ignite International is incorrect when it contends that it had to be brought into this case as a third party defendant. Further, and despite various other arguments by the parties, whether Ignite International is properly joined in this lawsuit must first be examined under Federal Rules of Civil Procedure 19 and 20.

      B.     <u>Federal. Rules of Civil Procedure 19 and 20</u>.

Federal Rules of Civil Procedure 19 and 20 ("Rule 19" and "Rule 20," respectively) address required and permissive joinders of parties. Under Rule 19(a)(1), a party "whose joinder will not deprive the court of subject matter jurisdiction must be joined as a party if (A) in that … [party's] absence, the court cannot accord complete relief among the existing parties; or (B) that … [party] claims an interest relating to the subject of the action and is so situated that disposing of the action in the … [party's] absence may … impair or impede the … [party's] ability to protect the interest; or … leave the existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of that interest." In this case, there is no dispute that Ignite

1 International is a Wyoming Corporation and thus a citizen of the State of Wyoming. 28 U.S.C. § 1332(c)(1). Thus, joining Ignite International will not deprive the Court of subject matter jurisdiction.

The Court must now determine whether, in Ignite International's absence, complete relief can be accorded to the existing parties or whether Ignite International would be unable to protect its interest or be subject to multiple or inconsistent obligations. "In the context of Rule 19, 'complete relief' means that the existing parties can get meaningful recovery for their claims without multiple lawsuits on the same cause of action." *SPECS Surface Nano Analysis GmbH v. Kose*, Case No. C 11-00393 JM, 2011 WL 2493722, at *2 (N.D. Cal. citing *Northrop Corp. v. McDonnell Douglas Corp.*, 705 F.2d 1030, 1043 (9th Cir. 1983)). Further, "[t]he 'completeness' of relief under Rule 19 'must be analyzed within ... the four corners of the complaint,' because the relevant question for Rule 19 'must be whether success in the litigation can afford the plaintiffs the relief *for which they have prayed*.'" *Id*. citing *Confederate Tribes of Chehalis Indian Reservation v. Lujan,* 928 F.2d 1496, 1501 (9th Cir. 1991) (O'Scannlain, J., concurring in part and dissenting in part) (emphasis in original). The four corners of Ignite Spirits' Complaint seeks declaratory relief in favor of this entity because the Letter Agreement is allegedly invalid and unenforceable. ECF No. 1-2. The Court finds no reason why Ignite Spirits cannot be accorded complete relief on this claim in the absence of Ignite International as a party.

The Court next considers whether Ignite International would be unable to protect its interest or be subject to multiple or inconsistent obligations if it is not joined in this litigation. Consulting's claim against Ignite International alleges unjust enrichment or quantum meruit in the alternative to claims raised against Ignite Spirits and Ignite Brands. Consulting alleges:

> it is unfair and inequitable for Ignite to retain the benefit provided to them (i.e., the Agreements) without payment or compensation of value to … [Consulting]. By example, Paul Bilzerian represented to Richardson that it was critical to ensure that the product bought by Resorts World is not refundable [] because Ignite Brands could then list at as an asset in the financial statements and represent a stronger value of Ignite Brands to its stockholders. Without … [Consulting], the Agreements would have never materialized for Ignite.[4]

---

[4] Paul Bilzerian is Dan Bilzerian's father, the founder, CEO, and chairman of the board of directors of Ignite Brands, and a member of the board of directors of Ignite International. ECF No. 17 ¶¶ 5, 7. Paul Bilzerian is further alleged to have actively participated in and led negotiations on behalf of the Ignite companies named in the Counterclaim. *Id*. ¶ 7. Alan Richardson is the sole member and manager of Consulting by AR. *Id*. ¶ 1.

1  ECF No. 17 ¶ 77.  But, whether Ignite Spirits is successful or unsuccessful in proving the invalidity
2  and unenforceability of the Letter Agreement will not expose Ignite International to multiple or
3  inconsistent obligations.  While Ignite Spirits and, at least potentially, Ignite Brands may have
4  obligations to fulfill, Ignite International cannot reasonably be said to have obligations under the
5  Letter Agreement.  In fact, if Ignite International has contractual obligations to Consulting under the
6  Letter Agreement, then unjust enrichment and or quantum meruit claims should be dismissed.  "The
7  doctrine of unjust enrichment or recovery in quasi contract applies to situations where there is no
8  legal contract but where the person sought to be charged is in possession of money or property which
9  in good conscience and justice he should not retain but should deliver to another or should pay for."
10 *Leasepartners Corp. v. Robert L. Brooks Tr.*, 942 P.2d 182, 187 (Nev. 1997) (quoting 66 Am.Jur.2d
11 Restitution § 11 (1973)) (internal quotation mark omitted).

12 Based on the above, Ignite International is not a required party under Rule 19(a)(1).
13 Complete relief can be accorded to the existing parties to the Complaint in Ignite International's
14 absence, and Ignite International will not be unable to protect its interest or be subject to multiple or
15 inconsistent obligations if it is not made a counterclaim-defendant.

16 "[P]ermissive joinder is just that—permissive—so it is in the Court's discretion whether or
17 not to grant joinder under Rule 20."  *Casados*, 2014 WL 2968179, at *2.  Rule 20(b)(2) states that
18 joinder of defendants in one action is appropriate when "(A) any right to relief is asserted against
19 them jointly, severally, or in the alternative with respect to or arising out of the same transaction,
20 occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to
21 all defendants will arise in the action."  However, even where the requirements of permissive joinder
22 are met, the Court must examine whether joinder comports "with the principles of 'fundamental
23 fairness' or would result in prejudice to either side."  *Coleman v. Quaker Oats Co.*, 232 F.3d 1271,
24 1296 (9th Cir. 2000) (internal citation omitted).

25 The crux of the Complaint pending before the Court is a contract dispute.  It may be fair to
26 say that the right to relief under unjust enrichment or quantum meruit, as asserted against Ignite
27 International jointly with Ignite Spirits and Ignite Brands in ECF No. 17 ¶ 77, arises out of the same
28 series of transactions as the contract dispute, but this is not a foregone conclusion.  In fact, there is no

bright-line definition of transaction, occurrence or series, and courts assess the facts of each case individually to determine whether joinder is sensible in light of the underlying policies of permissive party joinder. *Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997).

In this case, the contracts to which Ignite International is a party are with Resorts World, not Consulting, and Consulting alleges no breach of the Resorts World contracts in its lengthy factual allegations. At the risk of redundancy, the contract in dispute is a Letter Agreement between Ignite Spirits and Consulting in which Ignite International has no part. While there may be some factual overlap between the validity and enforceability of the Letter Agreement and whether any of the Ignite entities were unjustly enriched, the laws pertaining to these claims are not "in common." Further, even if the Court concludes that there is one series of transactions at issue, the claims of unjust enrichment and quantum meruit will only lie jointly against the three Ignite entities named in the Counterclaim if, despite the allegations of a valid contract by Consulting under which Ignite Spirits and Ignite Brands allegedly owe Consulting substantial compensation, there is, in fact, no legal contract. Said differently, if the Letter Agreement is an enforceable contract, then Ignite International will stand alone in the unjust enrichment/quantum meruit cause of action assuming such cause of action is necessary.

The Court finds that the totality of information available leaves open whether the elements of permissive joinder are met. Exercising its discretion, the Court therefore recommends that permissive joinder of Ignite International for purposes of bringing the alternative claim of unjust enrichment and quantum meruit be rejected. For this reason, the Court does not reach issues presented in the Motion for More Definite Statement or Consulting's Opposition.

**III.     Recommendation**

Accordingly, IT IS HEREBY RECOMMENDED that Counterclaim Defendant Ignite International, Ltd.'s Motion to Dismiss Counterclaim (ECF No. 23) be GRANTED

IT IS FURTHER RECOMMENDED that dismissal of the Counterclaim against Ignite International be without prejudice such that following conclusion of the claims brought by and between Ignite Spirits and Consulting, the unjust enrichment claim may, *if appropriate*, be raised again.

IT IS FURTHER RECOMMENDED that the Motion for More Definite Statement (ECF No. 25) be DENIED as moot.

Dated this 13th day of December, 2021.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

### NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).