# EXHIBIT C

## Excerpts from Deposition of Dan Bilzerian

# EXHIBIT C

CONFIDENTIAL

Daniel Bilzerian                    Ignite Spirits, Inc. v. Consulting by AR, LLC, et al.

Page 1

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA


IGNITE SPIRITS, INC., a          )
Wyoming corporation,             )
                                 )
            Plaintiff,           ) Case No.
                                 ) 2:21-cv-01590-
vs.                              ) JCM-EJY
                                 )
CONSULTING BY AR, LLC, a         )
Florida limited liability        )
company; et al.,                 )
                                 )
            Defendants.          )
                                 )
   AND ALL RELATED MATTERS       )
_____)


**   CONFIDENTIAL   **

DEPOSITION OF DANIEL BILZERIAN

Taken on Wednesday, April 6, 2022

By Videotape

By a Certified Court Reporter

At 9:32 a.m.

At 9555 Hillwood Drive

Las Vegas, Nevada


Reported by:  Wendy Sara Honable, CCR No. 875
Nevada CSR No. 875
California CSR No. 13186
Washington CCR No. 2267
Utah CCR No. 7357039-7801
Job No. 48798, Firm No. 061F

CONFIDENTIAL

Daniel Bilzerian                                    Ignite Spirits, Inc. v. Consulting by AR, LLC, et al.

Page 2

APPEARANCES

For Ignite Spirits, Inc., and Dan Bilzerian:

          Kimberly P. Stein
          Flangas Law Group
          3275 South Jones Boulevard
          Suite 105
          Las Vegas, Nevada  89146
          702.307.9500
          702.382.9452 Fax
          kps@fdlawlv.com

For Ignite International and Ignite
     International Brands:
     (via videoteleconference)

          Ryan A. Ellis
          Ryan Ellis Law
          3275 South Jones Boulevard
          Suite 105
          Las Vegas, Nevada  89146
          702.552.9000

For Consulting By AR, LLC:

          Jon T. Pearson
          Justin Berkman
          Holland & Hart LLP
          9555 Hillwood Drive
          2nd Floor
          Las Vegas, Nevada  89134
          702.669.4600
          jtpearson@hollandhart.com

CONFIDENTIAL

Daniel Bilzerian                                    Ignite Spirits, Inc. v. Consulting by AR, LLC, et al.

Page 3

APPEARANCES:  (continuing)

            Also Present:

                    Alan Richardson
                        (via videoteleconference)
                    Paul Silverbrook
                    Nick Nardiello, Videographer
                        Oasis Reporting Services

                        <<<<<<  >>>>>>

228

CONFIDENTIAL

Daniel Bilzerian                    Ignite Spirits, Inc. v. Consulting by AR, LLC, et al.

Page 4

EXAMINATION INDEX

EXAMINATION BY:                                                PAGE NO.

MR. PEARSON                                                        9

<<<<<<  >>>>>>

EXHIBIT INDEX

EXHIBIT NO.  DESCRIPTION                                        PAGE NO.

Exhibit 1    Subpoena to Produce Documents,      10
             Information, or Objects or to
             Permit Inspection of Premises
             in a Civil Action and Attached
             Documentation
             dated 12/14/21; 12 pages

Exhibit 2    Subpoena to Testify at a            10
             Deposition in a Civil Action
             and Attached Documentation
             dated 12/14/21; 3 pages

Exhibit 3    Declaration of Dan Bilzerian        12
             dated 2/1/22; 1 page
             CONSULTING_03030

CONFIDENTIAL

Daniel Bilzerian                                    Ignite Spirits, Inc. v. Consulting by AR, LLC, et al.

Page 5

INDEX:  (continuing)

Exhibit 4      Ignite International          16
               Instagram Photo
               dated 12/24/21; 1 page
               CONSULTING_03073

Exhibit 5      Letter to Richardson from     100
               Schaefer and Attached
               Documentation
               dated 3/11/21; 7 pages
               IGNITE000001 - 7

Exhibit 6      Ignite International Brands   106
               Management's Discussion and
               Analysis
               undated; 21 pages

Exhibit 7      "Ignite Announces Stock Option  113
               Grants and Issuance of
               Convertible Debenture" and
               Attached Documentation
               dated 12/21/21; 3 pages
               CONSULTING_02940 - 2942

Exhibit 8      E-Mail Message to Richardson  150
               from P. Bilzerian and Attached
               Documentation
               dated 3/11/21; 16 pages
               BRANDS00038 - 53

Exhibit 9      E-Mail Message to D. Bilzerian  158
               from Richardson and Attached
               Documentation
               dated 3/29/21; 3 pages
               CONSULTING_00364 - 366

Exhibit 10     E-Mail Message to P. Bilzerian  161
               from D. Bilzerian and Attached
               Messages
               dated 3/29/21; 2 pages
               DAN0004 - 5

OASIS
REPORTING SERVICES

230

CONFIDENTIAL

Daniel Bilzerian                          Ignite Spirits, Inc. v. Consulting by AR, LLC, et al.

Page 6

INDEX:  (continuing)

Exhibit 11    E-Mail Message to P. Bilzerian      173
              from Richardson and Attached
              Documentation
              dated 4/8/21; 9 pages
              CONSULTING_00395 - 403

Exhibit 12    E-Mail Message to P. Bilzerian      175
              from Bell
              dated 4/13/21; 2 pages
              DAN0059 - 60

Exhibit 13    E-Mail Message to D. Bilzerian      177
              from Richardson and Attached
              Documentation
              dated 4/19/21; 12 pages
              DAN0016 - 27

Exhibit 14    E-Mail Message to D. Bilzerian      179
              from Richardson and Attached
              Messages
              dated 4/19/21; 2 pages
              DAN0014 - 15

Exhibit 15    E-Mail Message to Holden from       184
              Lichtenberger and Attached
              Messages
              dated 4/22/21; 10 pages
              BRANDS00087 - 96

Exhibit 16    E-Mail Message to P. Bilzerian      201
              from Richardson and Attached
              Messages
              dated 4/8/21; 2 pages
              CONSULTING_00165 - 166

Exhibit 17    E-Mail Message to P. Bilzerian      208
              from Richardson and Attached
              Messages
              dated 4/8/21; 4 pages
              DAN0076 - 79

CONFIDENTIAL

Daniel Bilzerian                            Ignite Spirits, Inc. v. Consulting by AR, LLC, et al.

Page 7

INDEX:   (continuing)

Exhibit 18   E-Mail Message to P. Bilzerian    216
             from Schaefer and Attached
             Messages
             dated 7/26/21; 3 pages
             DAN0080 - 82

Exhibit 19   E-Mail Message to P. Bilzerian,   230
             et al., from Schaefer and
             Attached Messages
             dated 12/6/21; 3 pages
             DAN0083 - 85

Exhibit 20   E-Mail Message to Richardson      233
             from Schaefer
             dated 7/20/21; 1 page
             CONSULTING_00363

Exhibit 21   Order                             237
             dated 3/23/22; 6 pages

Exhibit 22   Affidavit of Service             240
             dated 12/20/21; 1 page

                            <<<<<<   >>>>>>

CONFIDENTIAL

Daniel Bilzerian                              Ignite Spirits, Inc. v. Consulting by AR, LLC, et al.

Page 8

P R O C E E D I N G S

(Prior to the commencement of the deposition, all parties present agreed to waive statements by the court reporter pursuant to Rules 30(b)(5)(A) and 30(b)(5)(C) of the NRCP/FRCP.)

VIDEOGRAPHER:  Today is Wednesday, April 6th, 2022, and the time is approximately 9:32 a.m. Your court reporter is Wendy Honable, and I am your videographer, Nick Nardiello.  We are here on behalf of Oasis Reporting Services.

The witness today is Dan Bilzerian, and we are here in the case Ignite Spirts, Inc., vs. Consulting By AR, LLC.

Will counsel please state your appearances and the court reporter will administer the oath?

MR. PEARSON:  Good morning.  My name's Jon Pearson on behalf of Consulting By AR, LLC.

MR. BERKMAN:  My name is Justin Berkman on behalf of Consulting By AR.

MR. PEARSON:  He's not counsel.

MS. STEIN:  I know, but do you want to --

MR. SILVERBROOK:  Oh, Paul Silverbrook. Sorry.

CONFIDENTIAL

Daniel Bilzerian                                    Ignite Spirits, Inc. v. Consulting by AR, LLC, et al.

Page 9

MS. STEIN: Okay. And what is Paul here on behalf for?

MR. SILVERBROOK: I am a litigation expert, nontestifying, strategist, and -- for business issues.

MS. STEIN: Okay. Kimberly Stein on behalf of Ignite Spirts, Inc., as well as also here today on behalf of the deponent, Mr. Bilzerian.

MR. ELLIS: And good morning. This is Ryan Ellis on behalf of Ignite International and Ignite International Brands.

                    DANIEL BILZERIAN,
          having been first duly sworn, was
          examined and testified as follows:


                    EXAMINATION
BY MR. PEARSON:

    Q.    Good morning, Mr. Bilzerian.

    A.    'Morning.

    Q.    Do you understand that you just took the oath?

    A.    I do.

    Q.    And you understand that's the same oath

OASIS REPORTING SERVICES

234

CONFIDENTIAL

Daniel Bilzerian                          Ignite Spirits, Inc. v. Consulting by AR, LLC, et al.

Page 41

Q.    And since this lawsuit was filed in August of 2021, how would you describe your relationship with Mr. Richardson?

A.    I would say, towards the end, pretty contentious.  I just felt like he was consistently lying and, you know -- you know, just promising things, not delivering, mischaracterizing situations, and, generally, just being a pain in the ass.

Q.    And when was the last time you spoke with Mr. Richardson?

A.    It's been a while.  I would -- I would say months.

Q.    And approximately when would you say that your relationship with Mr. Richardson became more contentious?

A.    Well, he told me that he wanted me to meet the COE of Resorts World, that this guy was a fan, that he had the ability to, you know, do a lot of stuff for me, that we could do a deal.

I wasn't really that interested, but he pressed it, and he said, We -- you know, We can go down there.  The guy's got a surprise.  Let's do this, do that.

So I agreed to drive down there with him,

CONFIDENTIAL

Daniel Bilzerian                                    Ignite Spirits, Inc. v. Consulting by AR, LLC, et al.

Page 43

promised, and, like I said, it changed pretty much from everything that he promised to nothing that he promised.

Q.    And when did Mr. Richardson, approximately, first bring this idea to your attention?

A.    It was before Resorts World was finished, so I don't know.  Whenever that was.  It's -- I mean, I think it was a while back.  I -- I don't remember the exact date, though.

Q.    Okay.  Would you say it was before January 2021, or around that time?

A.    I don't know.  When was Resorts World finished?  Do you know that?  Because if you tell me that, I can give you the --

Q.    They had the grand -- I don't know when it was finished.

A.    Yeah.

Q.    I know they had the grand opening event on June 24, 2021.

A.    Okay.

Q.    To give you just a little more context, the agreement that we will talk about later with Mr. Richardson's company, Consulting by AR, was signed on March 11, 2021.

OASIS
REPORTING SERVICES

236

Daniel Bilzerian                                    Ignite Spirits, Inc. v. Consulting by AR, LLC, et al.

Page 44

A.    Correct.

Q.    And so the assumption we have is, obviously, there was discussions before March --

A.    Uh-huh.

Q.    -- and so I'm not going to hold your feet to the fire in terms of the actual date that Mr. Richardson reached out to you.

But I just want to know a general time frame, if you do recall, when he first approached you about this idea.

A.    I'd be guessing.  I could guess, if you want.  I think it was -- I think it was at least six months before the grand opening.

Q.    Okay.  And how did he approach you?

Did he call you up, or were you guys hanging out?

A.    He called me up and then asked me to pick him up on the way to Resorts World.  He called me up and said that, you know, this guy wanted to meet me. It was Scott Sibella, I believe.

Q.    And Mr. Sibella is the -- your understanding, the CEO of Resorts World?

A.    That's my understanding.

Q.    Okay.  And your testimony is Mr. Richardson said that Mr. Sibella wanted to meet

CONFIDENTIAL

Daniel Bilzerian

Ignite Spirits, Inc. v. Consulting by AR, LLC, et al.

Page 53

that, you know, he was going to hook up Scott and this and that, and, you know, he didn't want me to talk to Scott because he was lying about that.

So it was like -- it was kind of a consistent, convoluted message because he, like I said, wanted to force himself in between everything, and then he would lie about what was said.

And I would get upset with him, and Scott would get upset with him, and then, you know -- I told him numerous times, I didn't want to do the deal, so --

Q.   And how come you went forward with the deal, though?

A.   Well, the deal ended up evolving to something between Ignite and basically, you know, me being the slave where I had to show up and do these posts and do all this stuff for zero compensation.

And, I mean, I agreed to do it on behalf of Ignite, but, I mean, I wasn't excited about it. I made no money on it.  Ignite made no money on it.

I mean, our exposure was miniscule.  My stories are getting nine million views.  Do you know how many people see a Megatron that's on for 10 seconds?  Not very many.

I'm getting paid 150,000 to show up at a

CONFIDENTIAL

Daniel Bilzerian                                Ignite Spirits, Inc. v. Consulting by AR, LLC, et al.

Page 54

pool party.  I get paid zero to show up at Resorts World.  I stayed there for about two hours, didn't see our ads one time with the Megatron.  I mean, we just got no value.

I mean, we had this little cart that sold vapes, but then they couldn't sell vapes.  They agreed to pay for the cart.  Then we had to pay for the cart.

We barely broke even.  The employees that they gave -- it was just like the whole thing was such a joke.  I mean, it was like they were providing, you know, other people's vapes on the top of the counter.  Our vapes were under the counter.

We were supposed to be the exclusive vodka.  We were not the exclusive vodka.  I mean, I just -- the relationship was a joke.

Q.    And when you say, for example, you were supposed to be the exclusive vodka, is that the deal that you understood was ultimately reached with Resorts World --

A.    That's what -- that's what Alan promised me.  That's what he said the deal was.  You know, he would -- he would talk to me on the phone, promise me all these things, tell me this is what the deal is.

OASIS
REPORTING SERVICES

239

CONFIDENTIAL

Daniel Bilzerian                                    Ignite Spirits, Inc. v. Consulting by AR, LLC, et al.

Page 85

me, but I can represent, because it is public, that that is effectively the publicly-traded company up in Canada, the Ignite, what I call "enterprise," for lack of a better word.

And then there are two entities named Ignite Spirts, Inc., and Ignite International Limited.  I can represent to you, based on the public records, that those are what they call the subsidiary entities of Ignite International Brands.

And so Ignite International, for example, I believe is incorporated in Wyoming, and I believe Ignite Spirts is as well.  I don't know if that helps at all, but I'm just making that on the record so we have a foundation to have these next few questions.  So we talked about Ignite International Brands chairman/CEO.  We're good on that.

What I want to understand are Ignite International Limited -- so one of the subsidiaries -- is do you know if you have a title there, meaning are you an officer or a director of that entity?

A.    I don't know how it's structured.

Q.    Do you know if you're the director of Ignite International Limited?

A.    I don't know how they structured it.

CONFIDENTIAL

Daniel Bilzerian                              Ignite Spirits, Inc. v. Consulting by AR, LLC, et al.

Page 86

Q.    Okay.  And do you know what title, if any, you may have for Ignite Spirts, Inc.?

A.    I don't know.

Q.    Okay.  And we have been talking a lot about board meetings, and I understand counsel's concern that sometimes that can get conflated.  It's not done intentionally.  I'm just going with what your testimony's been so far.  Okay?

So to your best of -- recollection, if there are board meetings, do they have separate discussions about the other Ignite entities, or is it just discussion of, Here we are, this is what's been going on?

MS. STEIN:  And, again, I'm going to raise the same objections as before.  This is not a 30(b)(6).  You're -- if you're trying to bind him.  Also, we're talking about a public company, and, again, I'm not clear of the relevance.

If you're asking a specific question with regards to if it was a meeting that distinctly talked about what's involved in this matter and which entity, which I don't think you've laid the foundation for.

But the concern I have here is if you're getting into broad issues of a public company and

CONFIDENTIAL

Daniel Bilzerian                              Ignite Spirits, Inc. v. Consulting by AR, LLC, et al.

Page 141

A.    I don't remember the date of it.

Q.    Why -- why did you go -- why did you attend the pool party?

A.    I mean, it was one of the things that they asked me to do.

Q.    And "they" being Resorts World?

A.    Yeah.  I mean, Resorts World, Ignite.

Q.    Okay.  And did anyone specifically from Resorts World ask you to do that, or are you referring just to the ultimate deal?

A.    I don't remember how it was communicated. My team just told me that, you know, they would like me to do it if I could.

Q.    Okay.  Let's go down to J.  Ignite will cause Dan Bilzerian and with the approval of Resorts World to make 12 Instagram static posts per year. At the request of Resorts World, the platform can be changed to Twitter or Snapchat.

Did you agree to that, sir?

A.    Absolutely fucking not.  The last post that I did on my static, I was paid $550,000.  So that would have been the equivalent of, you know, 550,000 times 12, so $6 million worth of posts.  Not going to happen.

Q.    And do you know that -- what the

CONFIDENTIAL

Daniel Bilzerian                                    Ignite Spirits, Inc. v. Consulting by AR, LLC, et al.

Page 184

record.  The time is 1:51 p.m.  You may proceed.

(Exhibit No. 15 marked

for identification.)

EXAMINATION (Continuing)

BY MR. PEARSON:

Q.    So you've been handed what's been marked as Exhibit 15, an e-mail from Paul Holden to Henry Lichtenberger dated April 23rd, 2021.  David Bell's copied on this, and it's BRANDS 87 through 96.

Take a minute to look through it.

A.    (Examining documents.)

(Discussion off the record.)

THE WITNESS:  Okay.

BY MR. PEARSON:

Q.    Okay.  So going on Page 1 of Exhibit 15, so in this e-mail, Mr. Holden says, Good morning, Alan and Henry.  Thank you for your letter and efforts to date.

We are very excited to have the opportunity to turn this letter of intent into a

OASIS
REPORTING SERVICES

243

CONFIDENTIAL

Daniel Bilzerian                              Ignite Spirits, Inc. v. Consulting by AR, LLC, et al.

Page 185

definitive agreement with Resorts World.  Kindly find attached a copy of the LOI executed by Dan Bilzerian.

Given the tight turnaround time to obtain a definitive agreement and ensure that we are prepared for the grand opening, we kindly ask that you make every effort to return a fully executed version of LOI to my attention by the end of today.

And Mr. Holden, it's your understanding, is the general counsel for -- here it says Ignite International Brands; is that accurate?

A.    Yep.

Q.    Okay.  And do you recall signing this letter of intent dated April 22nd, 2021?  Your signature appears on BRANDS 96, which is Page 8 of the exhibit.

A.    Yeah.  It's definitely not my signature, but it's DocuSigned, so --

Q.    Do you recall authorizing the DocuSigned signature to be placed on this document?

A.    I don't remember authorizing it.  Doesn't mean I didn't.  I just don't remember doing it.

Q.    Has there ever been instances where your DocuSigned signature has been placed without your authority?

OASIS
REPORTING SERVICES

244

CONFIDENTIAL

Daniel Bilzerian                    Ignite Spirits, Inc. v. Consulting by AR, LLC, et al.

Page 247

REPORTER'S CERTIFICATE

STATE OF NEVADA        )
                       ) ss
COUNTY OF CLARK        )

I, Wendy Sara Honable, CCR No. 875, a duly certified court reporter licensed in and for the State of Nevada, do hereby certify:

That I reported the taking of the videotaped deposition of the witness, DANIEL BILZERIAN, at the time and place aforesaid;

That prior to being examined, the witness was by me duly sworn to testify to the truth, the whole truth, and nothing but the truth;

That I thereafter transcribed my shorthand notes into typewriting and that the typewritten transcript of said deposition is a complete, true and accurate record of testimony provided by the witness at said time to the best of my ability.

I further certify (1) that I am not a relative, employee or independent contractor of counsel of any of the parties; nor a relative, employee or independent contractor of the parties involved in said action; nor a person financially interested in the action; nor do I have any other relationship with any of the parties or with counsel of any of the parties involved in the action that may reasonably cause my impartiality to be questioned; and (2) that transcript review pursuant to FRCP 30(e) was requested.

IN WITNESS WHEREOF, I have hereunto set my hand in the County of Clark, State of Nevada, this 21st day of April 2022.

_Wendy Sara Honable_

_____
Wendy Sara Honable, CCR No. 875