# EXHIBIT I

## Excerpts from Deposition of Ignite Spirits, Ltd.

# EXHIBIT I

Page 1

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

IGNITE SPIRITS, INC., a          )
Wyoming corporation,             )
                                 )
            Plaintiff,           ) Case No.
                                 ) 2:21-cv-01590-
vs.                              ) JCM-EJY
                                 )
CONSULTING BY AR, LLC, a         )
Florida limited liability        )
company; et al.,                 )
                                 )
            Defendants.          )
                                 )
    AND ALL RELATED MATTERS      )
_____   )

DESIGNATED AS CONFIDENTIAL

DEPOSITION OF SCOTT ROHLEDER 30(b)(6) DESIGNEE OF

IGNITE SPIRITS, INC.

Taken on Wednesday, May 4, 2022

By Videotape

By a Certified Court Reporter

At 11:03 a.m.

At 9555 Hillwood Drive

Las Vegas, Nevada

Reported by:  Wendy Sara Honable, CCR No. 875
Nevada CSR No. 875
California CSR No. 13186
Washington CCR No. 2267
Utah CCR No. 7357039-7801
Job No. 49129, Firm No. 061F

CONFIDENTIAL - 30(b)(6) Designee of Ignite Spirits
Scott Rohleder                                    Ignite Spirits, Inc. v. Consulting by AR, LLC, et al.

Page 2

APPEARANCES


For Ignite International and Ignite
    International Brands:

        Ryan A. Ellis
        Ryan Ellis Law
        3275 South Jones Boulevard
        Suite 105
        Las Vegas, Nevada  89146
        702.552.9000

For Ignite Spirits, Inc., and Dan Bilzerian:

        Kimberly P. Stein
        Flangas Law Group
        3275 South Jones Boulevard
        Suite 105
        Las Vegas, Nevada  89146
        702.307.9500
        702.382.9452 Fax
        kps@fdlawlv.com


For Consulting by AR, LLC:

        Jon T. Pearson
        Justin Berkman
        Holland & Hart LLP
        9555 Hillwood Drive
        2nd Floor
        Las Vegas, Nevada  89134
        702.669.4600
        jtpearson@hollandhart.com

Also Present:
        Alan Richardson
            (via videoteleconference)
        Nick Nardiello, Videographer
            Oasis Reporting Services


        <<<<<<  >>>>>>

Case 2:21-cv-01590-JCM-EJY   Document 85-7   Filed 06/30/22   Page 4 of 13
CONFIDENTIAL - 30(b)(6) Designee of Ignite Spirits
Scott Rohleder                                    Ignite Spirits, Inc. v. Consulting by AR, LLC, et al.

Page 3

EXAMINATION INDEX

EXAMINATION BY:                                    PAGE NO.

MR. PEARSON                                             5

<<<<<<  >>>>>>

EXHIBIT INDEX

EXHIBIT NO.  DESCRIPTION                            PAGE NO.

Exhibit 32  Notice of 30(b)(6) Videotaped      8
            Deposition of Ignite Spirits,
            Inc., and Attached Documentation
            dated 4/25/22; 10 pages

Exhibit 33  Arbitration Exemption             23
            Declaratory Relief
            dated 8/18/21; 5 pages

Exhibit 34  E-Mail Message to Richardson      26
            from Schwartz and Attached
            Documentation
            dated 4/2/21; 8 pages
            BELL00027 - 35

   (Previously Marked Exhibit No. 5 Attached for
                 Convenience)

<<<<<<  >>>>>>

Page 4

P R O C E E D I N G S

(Prior to the commencement of the deposition, all parties present agreed to waive statements by the court reporter pursuant to Rules 30(b)(5)(A) and 30(b)(5)(C) of the NRCP/FRCP.)

VIDEOGRAPHER:  Today is Wednesday, May 4th, 2022, and the time is 11:03 a.m.  The court reporter is Wendy Honable, and I am the videographer, Nick Nardiello.  We are here on behalf of Oasis Reporting Services.

The witness today is Scott Rohleder, 30(b)(6) witness for Ignite Spirits, Inc., and we are here in the case Ignite Spirits, Inc. vs. Consulting by AR, LLC, et al.

Will counsel please state your appearances and we will begin.

MR. PEARSON:  Okay.  Jon Pearson on behalf of Consulting by AR, LLC.  We also have Mr. Richardson listening in through Zoom and --

MR. BERKMAN:  Justin Berkman on behalf of Consulting by AR, LLC.

MS. STEIN:  Kimberly Stein on behalf of Ignite Spirits, Inc.

MR. ELLIS:  And Ryan Ellis on behalf

OASIS
REPORTING SERVICES

347

CONFIDENTIAL - 30(b)(6) Designee of Ignite Spirits
Scott Rohleder                          Ignite Spirits, Inc. v. Consulting by AR, LLC, et al.

Page 5

Ignite International and Ignite International Brands.

                    SCOTT ROHLEDER,

               having been previous sworn,

            examined and testified as follows:

                        EXAMINATION

BY MR. PEARSON:

    Q.    All right.  So now we're almost in the afternoon.  And I apologize.

             Am I saying your name wrong?

             Is it Rohleder or Rohleder?

    A.    Rohleder.  It doesn't matter.

    Q.    Okay.  So I'm not fine to mispronounce. As Kim will tell you -- maybe she doesn't know -- I'm from Texas, so English is a second language to us at times.  So don't take offense if I don't say your name right.

             So you know and you understand that you're still under oath for this deposition, correct, sir?

    A.    I do.

    Q.    Okay.  And I'm going to try to streamline this to -- because you just sat for your deposition

Scott Rohleder                                   Ignite Spirits, Inc. v. Consulting by AR, LLC, et al.

Page 7

A.     Just one --

MS. STEIN:  You mean today?

BY MR. PEARSON:

Q.     Sitting here today, yeah.

I'm sorry?

A.     Just one other director.

Q.     And who's that?

A.     Jack Callahan.

Q.     And as of March 2021, who were the directors of Ignite Spirits?

A.     I -- both Jack Callahan and myself.

Q.     Okay.  And does Mr. Dan Bilzerian have any association with Ignite Spirits?

MS. STEIN:  Objection.  Vague.

Go ahead.

THE WITNESS:  He's not a director or officer, no.

BY MR. PEARSON:

Q.     Okay.  Who are the officers of Ignite Spirits as of March 2021?

A.     At that time, John Schaefer would have been president.  That would have been the only officer at that time.

Q.     Okay.  And has that changed since March of 2021?

OASIS
REPORTING SERVICES

Page 14

BY MR. PEARSON:

Q.    Yeah, yeah.

So earlier -- so we talked about how Ignite Brands stores documents earlier today, correct?

A.    Yes.

Q.    And correct me if I'm wrong, of course, it's my understanding that it's stored in a cloud-based service provider, correct?

A.    Yes.

Q.    And all I'm just curious about is if someone is providing services for Ignite Spirits, would they be able to access that same server?

MS. STEIN:  Vague.  Lacks foundation.

THE WITNESS:  It's the -- it's the -- any related Ignite Spirits documents related to that entity would be on that server.

BY MR. PEARSON:

Q.    Okay.  Okay.  And does Ignite Spirits -- since March 2021, has it held a board meeting itself?

A.    No.

Q.    And do you have an understanding why a board meeting has not been held by Ignite Spirits since March 2021?

OASIS
REPORTING SERVICES

350

Page 15

A.    Well, it being a subsidiary, Ignite Brands being the parent, any Spirits-related business or any other subsidiary-related business would get addressed at the Brands board meeting.

Q.    Okay.  Does Ignite Spirits have something similar as Ignite Brands in the sense of having weekly meetings?

A.    No.

Q.    Okay.  And roughly how many employees does Ignite Spirits currently have as we sit here today?

A.    Just one.

Q.    And I apologize if you already told me.

But who's (sic) that person's name?

A.    His name is Rodrigo, and my apologies.  I don't recall his last name.

Q.    And how long has Rodrigo been with Ignite Spirits?

A.    He joined Ignite roughly 90 days ago.

Q.    Okay.  And before that, did Ignite -- well, that's not fair.

From March 2021 up until about 90 days ago, did Ignite Spirits have any employees of its own?

A.    Yes.

CONFIDENTIAL - 30(b)(6) Designee of Ignite Spirits
Scott Rohleder                              Ignite Spirits, Inc. v. Consulting by AR, LLC, et al.

Page 28

BY MR. PEARSON:

Q.    And Mr. Dan Bilzerian doesn't really have a role with Ignite Spirits, correct?

MS. STEIN:  Asked and answered.

Go ahead.

THE WITNESS:  He is -- that's correct. He is not an officer.

BY MR. PEARSON:

Q.    Okay.  Now, going back to Exhibit 5, the letter agreement -- yeah -- if you look at that, are you aware whether or not anyone from Ignite Spirits reached out to Ignite Brands before this was signed?

A.    No.

Q.    Do you know if anyone from Ignite Spirits obtained permission to enter into a letter agreement that contemplated Ignite Brands stock being issued?

MS. STEIN:  Misstates facts in evidence.

But go ahead.

THE WITNESS:  No.

BY MR. PEARSON:

Q.    And is that something that you believe would be required?

A.    No.

MS. STEIN:  And beyond the scope.  Sorry.

////

CONFIDENTIAL - 30(b)(6) Designee of Ignite Spirits

Scott Rohleder                                    Ignite Spirits, Inc. v. Consulting by AR, LLC, et al.

Page 29

BY MR. PEARSON:

Q.    And why is that?

A.    Because the -- Spirits is only a wholly-owned subsidiary of Brands, and the management of Brands does participate in the decisions of the subsidiaries.

Q.    Okay.  Now, is it your understanding that the ultimate terms with Resorts World were better or worse than the terms that were originally sought in the letter agreement?

MS. STEIN:  I'm going to object.  It's beyond the scope and form.

Go ahead.

THE WITNESS:  The terms that ultimately were struck were worse than what the letter agreement states.

BY MR. PEARSON:

Q.    Okay.  And how so?

A.    Well, first, the complaint does reflect that Exhibit 33 does reflect those issues.

Q.    In Paragraph 14 of Exhibit 33?

A.    Yes.

Q.    Other than those issues, are there -- is there anything else you can think of that you -- it's -- Spirits' position were worse?

CONFIDENTIAL - 30(b)(6) Designee of Ignite Spirits
Scott Rohleder                          Ignite Spirits, Inc. v. Consulting by AR, LLC, et al.

Page 30

A.    No.

Q.    Okay.  And do you have an understanding whether it was important that the original purchase or the purchase of product by Resorts World being a non-guaranteed buyback, was that an important term?

A.    That was an important term.

Q.    And is that a -- if it's not guaranteed to be bought back, is that better than a term that requires the product to be bought back?

A.    Correct.

Q.    Okay.  Not to irritate your counsel --

MR. PEARSON:  -- but let's take five minutes because we may be done.

MS. STEIN:  Okay.

VIDEOGRAPHER:  We're off the video record.  The time is 11:34 a.m.

(Recess 11:34 to 11:52 a.m.)

VIDEOGRAPHER:  We're back on the video record.  The time is 11:52 a.m.  You may proceed.

MR. PEARSON:  All right, Mr. Rohleder. I'm done with Ignite Spirits, and we will see you tomorrow.

THE WITNESS:  Thank you.

OASIS
REPORTING SERVICES

Page 33

REPORTER'S CERTIFICATE

STATE OF NEVADA        )
                       ) ss
COUNTY OF CLARK        )

I, Wendy Sara Honable, CCR No. 875, a duly certified court reporter licensed in and for the State of Nevada, do hereby certify:

That I reported the taking of the videotaped deposition of the witness, SCOTT ROHLEDER, at the time and place aforesaid;

That prior to being examined, the witness was by me duly sworn to testify to the truth, the whole truth, and nothing but the truth;

That I thereafter transcribed my shorthand notes into typewriting and that the typewritten transcript of said deposition is a complete, true and accurate record of testimony provided by the witness at said time to the best of my ability.

I further certify (1) that I am not a relative, employee or independent contractor of counsel of any of the parties; nor a relative, employee or independent contractor of the parties involved in said action; nor a person financially interested in the action; nor do I have any other relationship with any of the parties or with counsel of any of the parties involved in the action that may reasonably cause my impartiality to be questioned; and (2) that transcript review pursuant to FRCP 30(e) was requested.

IN WITNESS WHEREOF, I have hereunto set my hand in the County of Clark, State of Nevada, this 18th day of May 2022.

_____
Wendy Sara Honable, CCR No. 875