UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| IGNITE SPIRITS, INC., a Wyoming corporation,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CONSULTING BY AR, LLC, a Florida limited liability company; Does I through X, inclusive; and Roe Business Entities I through X, inclusive,<br><br>　　　　　Defendants.<br><br>Consulting by AR, LLC,<br><br>　　　　　Counterclaim Plaintiff,<br><br>　　v.<br><br>IGNITE SPIRITS, INC. (f/k/a Ignite Beverages, Inc.); IGNITE INTERNATIONAL LTD.; and IGNITE INTERNATIONAL BRANDS, LTD.,<br><br>　　　　　Counterclaim Defendant. | Case No. 2:21-cv-01590-JCM-EJY<br><br>**ORDER** |

　　　　Pending before the Court is Plaintiff/Counterclaim Defendant Ignite Spirits, Inc.'s Motion for Leave to File Under Seal Parts of Exhibit 1 and in full Exhibits 2 and 4 to its Motion for Summary Judgment (ECF No. 74). Attached to ECF No. 74 is ECF No. 74-1, which is 166 pages long. The entirety of this document was filed under seal. The under seal attachments to ECF No. 74-1 include (1) Ignite Spirits' unredacted Motion for Summary Judgment (not sought to be sealed and, hence, improperly attached to the Motion for Leave to File Under Seal), (2) the entirety of Volume 1 of Alan Richardson's deposition transcript (unnecessarily including the index of words) of which only nine pages are redacted and sought to be sealed, and (3) placeholders for Exhibits 2 and 4, which Ignite Spirits seeks to seal in their entirety, but failed to attach for the Court's consideration.[1] Confusingly,

---

[1] The Court notes that placeholder pages should never be filed under seal.

the Motion for Summary Judgment and all Exhibits are filed again under seal in ECF No. 75. The Motion to Seal should have attached all unredacted exhibits and been filed under seal. Ignite Spirits should have filed its unsealed Motion for Summary Judgment together with redacted and place holder exhibits in the public record.

The Ninth Circuit has established a strong presumption of public access to judicial records. *Kamakana v. City of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006); *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). A party seeking to file documents under seal bears the burden of overcoming that presumption. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Kamakana*, 447 F.3d at 1178). To overcome the presumption when a dispositive motion is at issue, the moving party must demonstrate a compelling reason that supports maintaining the secret nature of the documents. *Kamakana*, 447 F.3d at 1180. The compelling reason must outweigh the public's interest in having access to the judicial records and in understanding the judicial process. *Id.* at 1178-79. However, parties "may not simply rely on [a] … Stipulated Protective Order … to justify sealing documents filed in the record under seal." *Heath v. Tristar Products, Inc.*, Case No. 2:17-cv-02869-GMN-PAL, 2019 WL 12311995, at *1 (D. Nev. Apr. 17, 2019) *citing Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1133 (9th Cir. 2003) (reliance on a blanket protective order, without more, will not make a showing of good cause); *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 475-76 (9th Cir. 1992) (blanket stipulated protective orders are over inclusive by nature and do not include a finding of "good cause").

The Court finds the following regarding the attachments to ECF No. 74 and ECF No. 75:

- ECF No. 74 was improperly filed under seal. It contains only redacted documents and placeholders for exhibits. This document should not have been filed under seal and will be unsealed;
- Page 8 of ECF No. 75-1 (in which deposition pages 19-21 appear in an unredacted form) is properly sealed; and
- Page 66 of ECF No. 75-1 deposition transcript page 253 is not properly sealed as this page contains no redactions or proprietary/confidential information;

- Page 67 of ECF No. 75-1 deposition transcript pages 254; 255, line 6, 8-11; 256, lines 2-6, 11-17; and 257, lines 13-24 are not properly redacted as these lines contain no proprietary or confidential information;
- Page 67 of ECF No. 75-1 deposition transcript pages 255, lines 19-25; 256, lines 3-5; and 257, lines 2-12 are properly redacted as containing proprietary or confidential information;
- Exhibit 2 at ECF No. 75-2, paragraph 2 on pages 2-3, and Exhibits A-C thereto at pages 4-8, are properly redacted as containing proprietary or confidential information.  The remainder of Exhibit 2 shall be unsealed; and,
- Exhibit 4 at ECF No. 75-4 is properly sealed as containing proprietary or confidential information.

Accordingly, IT IS HEREBY ORDERED that Plaintiff/Counterclaim Defendant Ignite Spirits, Inc.'s Motion for Leave to File Under Seal Parts of Exhibit 1 and in full Exhibits 2 and 4 to its Motion for Summary Judgment (ECF No. 74) is DENIED.  The clerk of court is ordered to unseal ECF No. 74.

IT IS FURTHER ORDERED that Ignite Spirits, Inc. **must** file the ECF No. 74 as a new document in the public record.  The document must contain the Motion for Summary Judgement and Exhibit 3, neither of which were sealed or redacted, together with the properly redacted Richardson deposition transcript (Exhibit 1), the properly redacted version of Exhibit 2, and a place holder for Exhibit 4.  This document shall appear in the docket as Ignite Spirit's Motion for Summary Judgment and must be filed within five (5) court days of the date of this Order.

IT IS FURTHER ORDERED that the unredacted version of Exhibit 1 (ECF No. 75-1) filed under seal is and shall remain sealed.

IT IS FURTHER ORDERED that the unredacted version of Exhibit 2 (ECF No. 75-2) filed under seal is and shall remain sealed.

1   IT IS FURTHER ORDERED that Exhibit 4 (ECF No. 75-4) is and shall remain sealed.

2   Dated this 5th day of July, 2022.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE