UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| IGNITE SPIRITS, INC., a Wyoming corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>CONSULTING BY AR, LLC, a Florida limited liability company; Does I through X, inclusive; and Roe Business Entities I through X, inclusive,<br><br>    Defendants.<br><br>Consulting by AR, LLC,<br><br>    Counterclaim Plaintiff,<br><br>    v.<br><br>IGNITE SPIRITS, INC. (f/k/a Ignite Beverages, Inc.); IGNITE INTERNATIONAL LTD.; and IGNITE INTERNATIONAL BRANDS, LTD.,<br><br>    Counterclaim Defendant. | Case No. 2:21-cv-01590-JCM-EJY<br><br>**ORDER** |

Pending before the Court is the Motion for Leave to File Under Seal Defendant Consulting By AR, LLC's Motion for Summary Judgment Against Ignite Spirits, Inc. and Ignite International Brands Ltd. and Exhibits A-1, A-2, A-3, A-5, A-9, B-10, B-19, B-24, D and E (ECF No. 82). The Motion attached a proposed redacted version of the Motion for Summary Judgment as Exhibit 1. An unredacted version of the Motion for Summary Judgment was filed under Seal at ECF No. 83. The Motion to Seal does not list the page and line numbers of the Motion for Summary Judgment Consulting By AR seeks to seal requiring the Court to go back and forth between the two documents to compare the sealed and unsealed versions (something the Court should not have to do).

Years ago, the Ninth Circuit established a strong presumption of public access to judicial records. *Kamakana v. City of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006); *Foltz v. State Farm*

1

*Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003).  A party seeking to file documents under seal bears the burden of overcoming that presumption.  *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Kamakana*, 447 F.3d at 1178).  To overcome the presumption when a dispositive motion is at issue, the moving party must demonstrate a compelling reason that supports maintaining the secret nature of the documents.  *Kamakana*, 447 F.3d at 1180.  The compelling reason must outweigh the public's interest in having access to the judicial records and in understanding the judicial process.  *Id.* at 1178-79.  However, parties "may not simply rely on [a] … Stipulated Protective Order … to justify sealing documents filed in the record under seal."  *Heath v. Tristar Products, Inc.*, Case No. 2:17-cv-02869-GMN-PAL, 2019 WL 12311995, at *1 (D. Nev. Apr. 17, 2019) *citing Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1133 (9th Cir. 2003) (reliance on a blanket protective order, without more, will not make a showing of good cause); *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 475-76 (9th Cir. 1992) (blanket stipulated protective orders are over inclusive by nature and do not include a finding of "good cause").

Here, the Court finds:

- Paragraph 2, and Exhibits A-C to Exhibit A-1 (ECF No. 86-1) are properly sealed;
- Pages 3-4 of Exhibit A-2 (ECF No. 86-2) are properly sealed;
- Pages 3-10 of Exhibit A-3 (ECF No. 86-3) are properly sealed;
- Pages 3-10 of Exhibit A-5 (ECF No. 86-4) are properly sealed;
- Pages 4-11 of Exhibit A-9 (ECF No. 86-5) are properly sealed;
- Pages 4-11 of Exhibit B-10 (ECF No. 86-6) are properly sealed;
- Pages 3-55 of Exhibit B-19 (ECF No. 86-7) are properly sealed;
- Exhibit B-24 (ECF No. 86-8) is properly sealed in its entirety;
- Page 13 of Exhibit D (ECF No. 86-9) is properly sealed; and
- Pages 15-18 of Exhibit E (ECF No. 86-10) are properly sealed.

These redactions pertain to proprietary and confidential business information the disclosure of which may harm ongoing business opportunities and relations.  With respect to the Motion for Summary Judgment, the Court finds all proposed redactions appropriate for this same reason.

Accordingly, IT IS HEREBY ORDERED that the Motion for Leave to File Under Seal Defendant Consulting by AR, LLC's Motion for Summary Judgment Against Ignite Spirits, Inc. and Ignite International Brands Ltd. and Exhibits A-1, A-2, A-3, A-5, A-9, B-10, B-19, B-24, D and E (ECF No. 82) is GRANTED in part and DENIED in part.

IT IS FURTHER ORDERED that Consulting By AR, LLC must file on the public record those portions of the Exhibits not properly sealed along with the redacted version of the Motion for Summary Judgment within five (5) court days of the date of this Order.

IT IS FURTHER ORDERED that

- Paragraph 2, and Exhibits A-C to Exhibit A-1 (ECF No. 86-1) shall be and is sealed;
- Pages 3-4 of Exhibit A-2 (ECF No. 86-2) are sealed;
- Pages 3-10 of Exhibit A-3 (ECF No. 86-3) are sealed;
- Pages 3-10 of Exhibit A-5 (ECF No. 86-4) are sealed;
- Pages 4-11 of Exhibit A-9 (ECF No. 86-5) are sealed;
- Pages 4-11 of Exhibit B-10 (ECF No. 86-6) are sealed;
- Pages 3-55 of Exhibit B-19 (ECF No. 86-7) are sealed;
- Exhibit B-24 (ECF No. 86-8) is sealed in its entirety;
- Page 13 of Exhibit D (ECF No. 86-9) is sealed; and
- Pages 15-18 of Exhibit E (ECF No. 86-10) are sealed.

IT IS FURTHER ORDERED that the unredacted version of Motion for Summary Judgment filed at ECF No. 83 is and shall remain sealed.

Dated this 5th day of July, 2022.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE