# Exhibit 6

# Excerpts from Deposition of Ignite International Brands, Ltd.

Case 2:21-cv-01590-JCM-EJY   Document 98-1   Filed 07/20/22   Page 2 of 14

CONFIDENTIAL - 30(b)(6) Designee of Ignite International Brands

Scott Rohleder                    Ignite Spirits, Inc. v. Consulting by AR, LLC, et al.

Page 1

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

IGNITE SPIRITS, INC., a           )
Wyoming corporation,              )
                                  )
            Plaintiff,            ) Case No.
                                  ) 2:21-cv-01590-
vs.                               ) JCM-EJY
                                  )
CONSULTING BY AR, LLC, a          )
Florida limited liability         )
company; et al.,                  )
                                  )
            Defendants.           )
                                  )
   AND ALL RELATED MATTERS        )
_____ )

DESIGNATED AS CONFIDENTIAL

DEPOSITION OF SCOTT ROHLEDER 30(b)(6) DESIGNEE OF

IGNITE INTERNATIONAL BRANDS, LTD.

Taken on Wednesday, May 4, 2022

By Videotape

By a Certified Court Reporter

At 8:02 a.m.

At 9555 Hillwood Drive

Las Vegas, Nevada

Reported by:  Wendy Sara Honable, CCR No. 875
Nevada CSR No. 875
California CSR No. 13186
Washington CCR No. 2267
Utah CCR No. 7357039-7801
Job No. 49129, Firm No. 061F

430

CONFIDENTIAL - 30(b)(6) Designee of Ignite International Brands

Scott Rohleder                    Ignite Spirits, Inc. v. Consulting by AR, LLC, et al.

Page 2

APPEARANCES

For Ignite International and Ignite
International Brands:

       Ryan A. Ellis
       Ryan Ellis Law
       3275 South Jones Boulevard
       Suite 105
       Las Vegas, Nevada  89146
       702.552.9000

For Ignite Spirits, Inc., and Dan Bilzerian:

       Kimberly P. Stein
       Flangas Law Group
       3275 South Jones Boulevard
       Suite 105
       Las Vegas, Nevada  89146
       702.307.9500
       702.382.9452 Fax
       kps@fdlawlv.com

For Consulting by AR, LLC:

       Jon T. Pearson
       Justin Berkman
       Holland & Hart LLP
       9555 Hillwood Drive
       2nd Floor
       Las Vegas, Nevada  89134
       702.669.4600
       jtpearson@hollandhart.com

Also Present:
       Alan Richardson
         (via videoteleconference)
       Nick Nardiello, Videographer
         Oasis Reporting Services

<<<<<  >>>>>

431

CONFIDENTIAL - 30(b)(6) Designee of Ignite International Brands
Scott Rohleder                          Ignite Spirits, Inc. v. Consulting by AR, LLC, et al.

Page 3

EXAMINATION INDEX

EXAMINATION BY:                                    PAGE NO.

MR. PEARSON                                            6

                    <<<<<<   >>>>>>

                    EXHIBIT INDEX

EXHIBIT NO.   DESCRIPTION                           PAGE NO.

Exhibit 23   Notice of 30(b)(6) Videotaped      9
             Deposition of Ignite
             International Brands, Ltd.
             dated 4/25/22; 10 pages

Exhibit 24   E-Mail Message to Pearson/Stein  21
             from Ellis and Attached
             Documentation
             dated 5/3/22; 127 pages

Exhibit 25   Counterclaim Defendant Ignite     34
             International Brands, Ltd.'s
             Response to Defendant Consulting
             by AR's First Request for
             Production of Documents
             dated 1/26/22; 43 pages

 

432

CONFIDENTIAL - 30(b)(6) Designee of Ignite International Brands
Scott Rohleder                                    Ignite Spirits, Inc. v. Consulting by AR, LLC, et al.

Page 4

INDEX:  (continuing)

Exhibit 26    E-Mail Message to Holden from      86
              Lichtenberger and Attached
              Documentation
              dated 4/26/21; 10 pages
              CONSULTING_00205 - 214

Exhibit 27    Letter of Intent                   87
              dated 4/26/21; 8 pages
              IGNITE000008 - 15

Exhibit 28    Retail Pop-Up Space License        93
              Agreement and Attached
              Documentation
              dated 7/2/21; 35 pages
              IGNATE000016 -49

Exhibit 29    Strategic Marketing Alliance       96
              Agreement and Attached
              Documentation
              dated 7/2/21; 18 pages
              IGNITE000051 - 68

Exhibit 30    Text Message Chain                 112
              various dates; 34 pages
              CONSULTING_00642 - 676

Exhibit 31    E-Mail Message to Lichtenberger    116
              from Richardson and Attached
              Documentation
              dated 4/23/21; 3 pages
              CONSULTING_00505 - 507

(Previously Marked Exhibit Nos. 5, 9, 13, 14, 15,
     16, 18, and 20 Attached for Convenience)

<<<<<  >>>>>

 
433

CONFIDENTIAL - 30(b)(6) Designee of Ignite International Brands

Scott Rohleder                    Ignite Spirits, Inc. v. Consulting by AR, LLC, et al.

Page 5

P R O C E E D I N G S

(Prior to the commencement of the deposition, all parties present agreed to waive statements by the court reporter pursuant to Rules 30(b)(5)(A) and 30(b)(5)(C) of the NRCP/FRCP.)

VIDEOGRAPHER:  Today is Wednesday, May 4th, 2022, and the time is approximately 8:02 a.m. The court reporter is Wendy Honable, and I'm your videographer, Nick Nardiello.  We are here on behalf of Oasis Reporting Services.

The witness today is Ignite Brands Limited 30(b)(6) witness Scott Rohleder, and we are here in the case Ignite Spirits, Inc. vs. Consulting by AR, LLC, et al.

Will counsel please state your appearances and then the court reporter will administer the oath.

MR. PEARSON:  Good morning.  My name's Jon Pearson.  I represent Consulting by AR, LLC, and Consulting's representative Alan Richardson is on this Zoom, so he's also on this.

MR. ELLIS:  And good morning.  My name is Ryan Ellis.  I represent Ignite International Brands and Ignite International.

www.oasisreporting.com                    702-476-4500

OASIS
REPORTING SERVICES

434

CONFIDENTIAL - 30(b)(6) Designee of Ignite International Brands
Scott Rohleder                        Ignite Spirits, Inc. v. Consulting by AR, LLC, et al.

Page 6

MS. STEIN:  Kimberly Stein on behalf of Ignite Spirits, Inc.

SCOTT ROHLEDER,

having been first duly sworn, was examined and testified as follows:

EXAMINATION

BY MR. PEARSON:

Q.  Good morning.  Will you please state your full name for the record.

A.  Scott Rohleder.

Q.  And, Mr. Rohleder, where do you currently work?

A.  I am a consultant for several different companies, but my primary employment is Rohleder, Inc.

Q.  Okay.  Do you have any association with Ignite International Brands, Limited?

A.  Yes.

Q.  And what is your association with that company?

A.  I'm the interim CFO.

Q.  Okay.  And so today if I refer to Ignite

Page 12

BY MR. PEARSON:

Q.    Yeah.  I'm not -- we're going to talk about, probably for the next few minutes at least, what all you've done to prepare.  I'm not trying to get into any specific conversation you had either with Mr. Ellis or Ms. Stein.

So if you feel like that's an area that you're itching or thinking about getting into, just pause and let them make their objection and advise you however they see fit.  Okay?  So you met with them yesterday.

Did you have any other meetings with them, Ms. Stein or Mr. Ellis, prior to yesterday with respect to today's deposition?

A.    No.

Q.    Okay.  And approximately how long did you meet with them?

A.    Approximately two hours.

Q.    Okay.  And you also understand that you have been the designated representative for two other entities, Ignite Spirits, Inc., and Ignite International, Limited; is that correct?

A.    Yes.

Q.    Okay.  And this may be an unfair question -- I apologize -- but within that two-hour



CONFIDENTIAL - 30(b)(6) Designee of Ignite International Brands

Scott Rohleder                           Ignite Spirits, Inc. v. Consulting by AR, LLC, et al.

Page 13

time frame, how much of that would you say was focused on preparing for Ignite Brands?

A.    I would say the majority of the time was focused on Ignite Brands.

Q.    Okay.  And was anyone else present during that meeting with Mr. Ellis and Ms. Stein?

A.    Yes.

Q.    And who else was present?

A.    We -- we had discussions with Paul Holden.

Q.    Anyone else?

A.    I also had discussions with Paul Bilzerian.

Q.    Anyone else?

A.    No.

Q.    Okay.  And those discussions took place during your meeting yesterday?

A.    There were separate meetings yesterday.

Q.    Okay.  So there was -- let's just make sure I understand.

So you had a meeting with Mr. Ellis and Ms. Stein for about roughly two hours to talk about preparation for today's deposition; is that correct?

A.    Yes.

Q.    And then you said there was a separate

CONFIDENTIAL - 30(b)(6) Designee of Ignite International Brands

Scott Rohleder                    Ignite Spirits, Inc. v. Consulting by AR, LLC, et al.

Page 14

meeting in addition to that?

A.   There was a short meeting with Mr. Bilzerian that included Mr. Ellis and Ms. Stein.

Q.   Okay.  And was that done by phone or Zoom?

A.   It was by Zoom.

Q.   Okay.  And approximately how long did that meeting take place?

A.   Roughly 30 minutes.

Q.   Okay.  And how about with Mr. Holden?  Was there a separate meeting just with him?

A.   No.

Q.   So did he participate in the initial two-hour meeting with Ms. Stein and Mr. Ellis?

A.   No.

Q.   Okay.  So when did you have a conversation with Mr. Holden with respect to this deposition?

A.   That was during -- that was during our meeting, but it was with -- via text message just on certain questions.

Q.   Okay.  And that was during the meeting without Mr. Paul Bilzerian, correct?

A.   Yes.

OASIS
REPORTING SERVICES

438

CONFIDENTIAL - 30(b)(6) Designee of Ignite International Brands

Scott Rohleder                          Ignite Spirits, Inc. v. Consulting by AR, LLC, et al.

Page 25

you go to the topics and it's A(1) and (2).

A.    (Examining documents.)

Q.    And we have been talking about generally what all you did to prepare.  Did -- for today's deposition.

Can you explain generally the process that Ignite Brands used to review and collect documents in connection with this case, please?

MR. ELLIS:  I'm going to object to the extent this calls for attorney-client privilege.

But you can answer still.

THE WITNESS:  The document production was headed and performed by our general counsel, Paul Holden.

BY MR. PEARSON:

Q.    Anyone else other than Mr. Holden?

A.    No.

Q.    Okay.  Do you have any idea how the documents were collected in terms of if search terms were used?

MR. ELLIS:  I'm going to object again to the extent it calls for attorney-client privilege.

THE WITNESS:  I don't know specifically, but given the fact that, by experience or past history, that you would use search terms, my

 

439

CONFIDENTIAL - 30(b)(6) Designee of Ignite International Brands

Scott Rohleder                    Ignite Spirits, Inc. v. Consulting by AR, LLC, et al.

Page 26

expectation is Mr. Holden performed a search using search terms.

BY MR. PEARSON:

Q.    But you don't know that for sure with respect to this case, correct?

A.    I didn't ask him specifically.

Q.    And how come you didn't ask him that specifically?

A.    I'm not a lawyer.  I'm not, you know, in position to be prepared for depositions very often, so I don't feel that it was something that was top of mind.

Q.    Okay.  Did you review the topics that are in Exhibit 23 before today?

A.    Yes.

Q.    When was the first time you reviewed them?

A.    Early this week, prior to my arrival here in Las Vegas.

Q.    And if you look at Topic 1, it talks about the identification, collection, and gathering of documents potentially relevant or responsive to the company's document requests in this action, and then it goes on from there.

And you didn't see the need to determine



CONFIDENTIAL - 30(b)(6) Designee of Ignite International Brands

Scott Rohleder                                Ignite Spirits, Inc. v. Consulting by AR, LLC, et al.

Page 27

how documents were collected and searched with

respect to that?

A.    No.  No, I did not.

MR. ELLIS:  Objection to the extent this

calls for attorney-client privileged communications

with his counsel along with this is getting

argumentative.

BY MR. PEARSON:

Q.    Okay.  Why not?

MR. ELLIS:  Same objection.

THE WITNESS:  I have attorneys who are

leading the case and a general counsel.

BY MR. PEARSON:

Q.    Do you have any idea how Ignite Brands

determined the universe of documents for the

possible productions that have been made?

MR. ELLIS:  Same objection.

And I'm going to instruct you not to

answer to the extent that it calls for the

attorney-client privilege.

BY MR. PEARSON:

Q.    Do you have any idea?  I'm not asking for

specific communications.

I'm asking, do you have any idea how

Ignite Brands determined the potential universe of



441

CONFIDENTIAL - 30(b)(6) Designee of Ignite International Brands
Scott Rohleder                                    Ignite Spirits, Inc. v. Consulting by AR, LLC, et al.

Page 120

                    CERTIFICATE OF WITNESS

PAGE    LINE    CHANGE                    REASON

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

                    *   *   *   *   *

        I, SCOTT ROHLEDER, witness herein, do hereby
certify and declare under penalty of perjury the
within and foregoing transcription to be my
deposition in said action; that I have read,
corrected and do hereby affix my signature to said
deposition.


        _____  _____
        SCOTT ROHLEDER
        Witness                                   Date



442