# Exhibit 11

# Declaration of Jon T. Pearson

Gregory S. Gilbert (6310)
Jon T. Pearson (10182)
Brian D. Downing (14510)
HOLLAND & HART LLP
9555 Hillwood Drive, 2nd Floor
Las Vegas, Nevada 89134
702.669.4600
702.669.4650 fax
gsgilbert@hollandhart.com
jtpearson@hollandhart.com
bddowning@hollandhart.com

*Counsel for Defendant/Counterclaim Plaintiff
Consulting by AR, LLC*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| IGNITE SPIRITS, INC., a Wyoming corporation,<br><br>Plaintiff,<br><br>v.<br><br>CONSULTING BY AR, LLC, a Florida limited liability company; DOES I through X, inclusive; and ROE BUSINESS ENTITIES I through X, inclusive,<br><br>Defendants.<br><br>And All Related Claims. | Case No. 2:21-cv-01590-JCM-EJY<br><br>**DECLARATION OF JON T. PEARSON** |

I, Jon T. Pearson, declare:

1.      I am Of Counsel at Holland & Hart LLP, counsel for Defendant/Counterclaim Plaintiff Consulting by AR, LLC ("Company").

2.      I am competent to testify to the facts below, which rest on my personal knowledge unless stated otherwise. If called to testify, I could and would testify competently to the following.

3.      In his opposition to the Company's motion to compel a forensic examination, Dan Bilzerian argues that the Company's motion is untimely, and takes issue with the lack of a meet and confer. This declaration is submitted to further address those two issues.

HOLLAND & HART LLP
9555 HILLWOOD DRIVE, 2ND FLOOR
LAS VEGAS, NEVADA 89134

HOLLAND & HART LLP
9555 HILLWOOD DRIVE, 2ND FLOOR
LAS VEGAS, NEVADA 89134

4. From the outset of this litigation, it is my view that Dan along with his "companies" have been unusually difficult even in an adversarial setting, and have consistently sought to avoid any meaningful participation in the discovery process. While the Company could have brought a plethora of discovery motions and sought sanctions against Dan, Ignite, and possibly their counsel for their misconduct and discovery abuse, the Company chose a more disciplined route by trying to obtain the necessary discovery so that a more complete record would be presented to the Court.

5. When Ignite began its "corporate shell game," the Company tried to have sensible discussions with Ignite, and for the most part those discussions were fruitless. To avoid costly and time consuming motion practice, the Company also sought documents from nonparties, such as Dan, David Bell, John Schaefer, and Resorts World. Through discovery, there is ample evidence showing that Paul Bilzerian has a much larger role at Ignite generally, and was the one leading the negotiations for Ignite in connection with the issues in this case. Thus, Paul's communications with other representatives of Ignite are relevant.

6. Unfortunately, it is my understanding that Paul lives in Saint Kitts, and the only mechanism available to obtain discovery from Paul is through a letter of rogatory. The Company, for somewhat obvious reasons, had no confidence that Paul would comply with any request. Because the Company does not have unlimited resources, the Company chose not to waste its time chasing down Paul and instead focused on obtaining discovery from the parties and certain nonparties, most of which have a direct communication channel to Paul.

7. In December 2021, the Company caused two subpoenas to be served on Dan. One of those subpoenas requested documents from Dan. When Dan responded to the subpoena, he lodged a litany of baseless objections, and claimed that after a diligent search and inquiry, only 42 pages of documents were responsive to the Company's requests. (ECF No. 63–14 (151), ECF No. 63–16 (196)) Of those 42 pages of documents, Dan produced 11 pages of screenshots of text messages between him and Alan Richardson. The Company, through Richardson, produced 544 pages of text messages between Richardson and Dan. The Company sought and held a meet-and-confer with Dan's counsel on January 26, 2022 regarding the deficient nature of Dan's responses.

2

480

This conference, as well as the Company's efforts surrounding it to resolve this issue, were pointless because it only led to three declarations from Jason Verona, Dan, and Chaz Vorrias.

8.      Rather than engage in this process in good faith, Dan remained evasive about his search efforts and doubled down on objections he had lodged to improperly withhold documents. Right after Verona's deposition, Dan provide another 43 pages of documents that were withheld because Dan was "merely copied." Dan, however, did not produce any additional text messages, and some of the documents do not include the attachments. As for any remaining communications, Dan placed those documents on a privilege log that contained no description of the documents identified in it. (An accurate copy of Dan's log is attached as **Exhibit 11-A**) Further efforts to obtain Dan's compliance with the subpoena without court intervention would be fruitless, so the Company turned its attention to other potential sources of information related to these missing communications, including taking the depositions of Dan, Ignite Spirits, Ignite Brands, Ignite International, Bell, and Schaefer, as well as continue to seek documents from parties and nonparties.

9.      The Company first deposed Verona, the individual that Dan tasked with searching for documents responsive to the subpoena duces tecum. This deposition was a farce and only served to heighten the concern over Dan's production. Because Dan refused to properly search his documents, the Company then sought to obtain information regarding the communications by deposing Dan and his business associates to whom those communications were sent.

10.     The last of these depositions occurred on May 26, 2022—five days before the discovery cutoff—and the transcript from this deposition was not received until June 17, 2022. Because it was ultimately unable to obtain this information through alternate channels, the Company promptly filed the motion 12 days later. While Dan argues with no support that the motion is untimely because it was not filed before the discovery cutoff, it is unclear how the Company could have moved to compel Dan's compliance substantially before it did given the above timeline.

HOLLAND & HART LLP
9555 HILLWOOD DRIVE, 2ND FLOOR
LAS VEGAS, NEVADA 89134

481

11. Finally, for transmittal purpose, an accurate copy of text messages produced by Schaefer are attached as **Exhibit 11-B**.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 20, 2022, Las Vegas, Nevada.

/s/ *Jon T. Pearson*
Jon T. Pearson

19297159_v1

HOLLAND & HART LLP
9555 HILLWOOD DRIVE, 2ND FLOOR
LAS VEGAS, NEVADA 89134

4

482