UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| IGNITE SPIRITS, INC., a Wyoming corporation,<br><br>Plaintiff,<br><br>v.<br><br>CONSULTING BY AR, LLC, a Florida limited liability company; Does I through X, inclusive; and Roe Business Entities I through X, inclusive,<br><br>Defendants.<br><br>Consulting by AR, LLC,<br><br>Counterclaim Plaintiff,<br><br>v.<br><br>IGNITE SPIRITS, INC. (f/k/a Ignite Beverages, Inc.); IGNITE INTERNATIONAL LTD.; and IGNITE INTERNATIONAL BRANDS, LTD.,<br><br>Counterclaim Defendant. | Case No. 2:21-cv-01590-JCM-EJY<br><br>**ORDER** |

Pending before the Court is Consulting by AR, LLC's Motion to Compel Production of Documents Identified in Ignite International Brands, LTD's Privilege Log. ECF No. 68.[1] The Company's Motion states that Ignite Brands withheld 65 documents based on a blanket assertion of attorney-client privilege as identified on an inadequate privilege log.[2]

---

[1] Consulting by AR, LLC is referred to herein as the "Company." Ignite International Brands, LTD is referred to herein as "Ignite Brands."

[2] The Company also discusses Ignite Brands' responses to Request for Production Nos. 7 through 10 in which Ignite Brands claimed the documents were not in its possession, custody or control. *Id.* at 6. The Company argues this assertion should not be found credible by the Court. *Id.* at 6-7. The Court finds the Company's concern worthy of the Court's attention. Notably, Ignite Spirits has repeatedly asserted that it lacks possession, custody or control of documents because such documents are in the possession and under the control of its parent company, Ignite Brands. *See id.* and numerous citations therein, which the Court has reviewed for this filed prior motions. The Company also refers to a case pending in the District Court for the Middle District of Florida in which the court found, as the Court has here, that the Ignite entities appear to variously represent who and which entity has control over documents sought in litigation. ECF No. 69-13 at 4-6. Testimony from Dan Bilzerian, the purported founder, Chairman, and CEO of Ignite Brands, as well

1

Fed. R. Civ. P. 26(b)(5)(A)(ii) makes clear that a privilege log must "describe the nature of the document … and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim" of privilege.  The party asserting privilege has the burden of establishing that such privilege allows the withholding of a document.  *U.S. v. Union Pac. R.R. Co.*, No. CIV 06-1740 FCD KJM, 2007 WL 1500551, at *3 (E.D. Cal. May 23, 2007) (internal citations omitted).  Further, boilerplate assertions of privilege are insufficient to establish a privilege applies.  *Id*. (internal citation omitted).

A party claiming the privilege must identify specific communications *and the grounds supporting the privilege* as to each piece of evidence over which privilege is asserted.  *United States v. Martin*, 278 F.3d 988, 1000 (9th Cir. 2002) (citing *United States v. Osborn*, 561 F.2d 1334, 1339 (9th Cir. 1977)); *see also Primack v. Ohio Security Insurance Company*, Case No. 2:18-cv-00561-APG-NJK, 2019 WL 11795559, at * 4 (D. Nev. Jan. 23, 2019).  That obligation is not met by broad, generic descriptions of documents, which is what Ignite Brands has offered here.  "In order to show that a communication relates to legal advice, the proponent of the privilege must demonstrate that the 'primary purpose' of the communication was securing legal advice." *RG Abrams Insurance v. the Law Office of C.R. Abrams*, Case No. 2:21-cv-00194-FLA-MAAx, 2022 WL 3133293, at *18 (C.D. Cal. July 1, 2022) *citing* *Teradata Corp. v. SAP SE*, Case No. No. 18-cv-03670-WHO (EDL), 2019 U.S. Dist. LEXIS 232053, at *50 (N.D. Cal. Sept. 9, 2019) (quoting *United States v. Chevron Texaco Corp.*, 241 F. Supp. 2d 1065, 1076 (N.D. Cal. 2002)).

Here, the privilege log at issue fails to provide essential information necessary to allow the Company to assess whether privilege is properly asserted.  That is, there is no information provided that would allow the Company to reasonably determine whether the communications at issue related to legal advice.  *See* ECF No. 69-5 (including only the document title with no descriptive information whatsoever).  Moreover, merely copying or including an attorney on a document does not, in and of itself, create an attorney-client privilege.  *Phillips v. C.R. Bard, Inc.*, 290 F.R.D. 615, 629-630 (D. Nev. 2013). "Instead, each element of the privilege must be met when the attorney-client privilege

---

as the witness designated by the Ignite entities under Fed. R. Civ. P. 30(b)(6) support this conclusion.  ECF Nos. 69-14 at 8-17; 69-15 at 7-8.  The suggestion that Ignite Brands is now not in control of documents is difficult to find credible.

is being asserted, and[, as discussed below,] the [C]ourt will review each communication at issue with this in mind." *Id*. at 630.

Further, with respect to Ignite Brands' response to the Company's Motion, the contention that the Company failed to meet and confer falls flat. Ignite Brands' communications clearly telegraphed such a meeting would be futile thereby excusing the requirement. ECF No. 68 at 9; *see also Gayler v. High Desert State Prison*, Case No. 2:17-cv-02429-JAD-EJY, 2020 WL 1149894, at *1 (D. Nev. Mar. 9, 2020); *Eruchalu v. U.S. Bank*, Case No. 2:12-cv-1264-RFB-VCF, 2014 WL 4546800, at **3-4 (D. Nev. Sep. 12, 2014).

With respect to Ignite Brands' timeliness argument, the Court finds the instant Motion was filed before the dispositive motion deadline (June 30, 2022 as set forth in ECF No. 32 at 3) and that the factors to be considered, given that the Motion was filed after the close of discovery, do not support the conclusion Ignite Brands seeks. *See V5 Technologies, v. Switch, LTD*, 332 F.R.D. 356, 360-61 (D. Nev. 2019). Indeed, had Ignite Brands initially complied with its duty to produce a privilege log with the grounds supporting the assertion of privilege, or responded to the Company's efforts to obtain a compliant log (ECF No. 68 at 8, citations therein), the current Motion may have been avoided.

Nonetheless, the Court does not find a per se waiver of the privilege is appropriately applied here. The better course, given that the Company seeks disclosure of 65 documents, is to allow the Court to review those documents *in camera* to determine if privilege applies. In doing so, the Court requires Ignite Brands to file the 65 withheld documents under seal, *without* serving the Company. Each page of a submitted document must be Bates numbered in the order in which they currently appear on the privilege log produced to the Company. Ignite Brands must separately, but simultaneously, file a legend that *is served* on the Company, but which may also be filed under seal. The legend must include the following information for each individual whose name (whether full, partial, by initials or some other designation) appears on any one or more withheld documents submitted to the Court for review irrespective of whether the individual is the sender, a recipient, cc'd or bcc'd: (1) the individual's full name; (2) the entity employing the individual if he/she was employed by one of the named parties in this action at the time the name appears on the document;

3

(3) if employed by one of the named parties, the dates of employment (start and end dates); (4) the individual's full title or titles held while employed for the period January 1, 2021 through the present; (5) if not employed by a named entity, by whom the individual was employed or with what entity the individual was associated on the date of the document or documents on which the name appears; (6) in what capacity an individual not associated with a named entity provided service to one or more of the Ignite entities; and (7) if the individual is an attorney, by what firm the attorney is employed, whether that attorney is licensed to practice law in the United States and, if so, in what jurisdiction that attorney is barred.  Once the documents are reviewed, the Court will issue an Order regarding its determination, which will allow the parties to object to the determination of the Court before any documents are disclosed.

Accordingly, IT IS HEREBY ORDERED that Consulting by AR, LLC's Motion to Compel Production of Documents Identified in Ignite International Brands, LTD's Privilege Log (ECF No. 68) is GRANTED in part and DENIED in part as stated above.

IT IS FURTHER ORDERED that Ignite Brands must file the entirety of 65 documents withheld based on privilege (together with any attachment thereto) for *in camera* review, under seal, without serving Consulting by AR, on or before **August 18, 2022**.  All pages of all documents must be Bates numbered.

IT IS FURTHER ORDERED that on **August 18, 2022**, Ignite Brands must submit the legend described above.  The legend must be served on Consulting by AR, but may be filed under seal.

IT IS FURTHER ORDERED that the parties are to contact chambers regarding the content of this Order if there are any questions or if any clarification is needed.  The Court will promptly set a hearing to discuss any question and/or clarification.

Dated this 12th day of August, 2022.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE