1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

IGNITE SPIRITS, INC.,

                            Plaintiff(s),

        v.

CONSULTING BY AR, LLC,

                            Defendant(s).

Case No. 2:21-CV-1590 JCM (EJY)

ORDER

Presently before the court is Magistrate Judge Elayna Youchah's report and recommendation ("R&R") to grant counterclaim defendant Ignite International, LTD.'s ("Ignite International") motion to dismiss.  (ECF No. 48).  Counterclaimant (and original defendant) Consulting by AR LLC's ("Consulting") objected to the R&R (ECF No. 51).  Counterclaim defendant Ignite International filed a response.  (ECF No. 54).

I.      **Background**

This case originated in the Eighth Judicial District Court for the District of Nevada as a contract dispute between Ignite Spirits, Inc. ("Ignite Spirits") and Consulting by AR ("Consulting") in which Ignite Spirits sued for declaratory relief.  (ECF No. 1- 2).  Ignite Spirits contends that Consulting breached a contract—or what the parties call a "letter agreement"—entered into by Ignite Spirits and Consulting and sues for declaratory relief that the letter agreement is no longer valid and enforceable. *Id.*

Consulting timely removed the case and, along with its answer, filed counterclaims against Ignite Spirits, the original plaintiff, and non-parties Ignite International and Ignite International Brands, Ltd. ("Ignite International Brands").  The court exercises diversity

**James C. Mahan**
**U.S. District Judge**

jurisdiction over this case pursuant to 28 U.S.C. § 1332 since the parties are sufficiently diverse and the amount in controversy exceeds the jurisdictional threshold of $75,000.

Under the letter agreement, Consulting was to assist in brokering a "strategic marketing and promotional partnership" for Ignite Spirits with Resorts World, a multi-billion-dollar resort located on the Las Vegas Strip. (ECF No. 17 at 11). After the letter agreement was signed, Consulting brokered an agreement between Resorts World and Ignite International.[1]

Consulting essentially argues that it fulfilled its obligations to broker a deal between the Ignite companies and Resorts World, but never received any of the compensation promised in the letter agreement, which included, *inter alia*, stock, and stock options of Ignite International Brands, the parent company of the Ignite companies. (*Id.*). Ignite Spirits argues that Consulting failed to substantially perform as required by the letter agreement in that it failed to obtain a definitive agreement between Ignite and Resorts World. (ECF No. 1-2 at 4, ¶ 13).

After Consulting demanded payment for its performance under the letter agreement, Ignite Spirits sent a letter to Consulting's counsel offering binding arbitration with no appellate rights. (*Id.* at 28). Consulting rejected this offer. (*Id.*). Ignite Spirits subsequently brought an anticipatory declaratory judgment action against Consulting, seeking a judicial determination that (1) Consulting breached the letter agreement, (2) Ignite Spirits has no further obligations under the letter agreement, and (3) the letter agreement is no longer valid or enforceable. (ECF No. 1-2 at 5).

Consulting removed the case and filed counterclaims alleging breach of the letter agreement, breach of the covenant of good faith and fair dealing, equitable estoppel, promissory estoppel against Ignite Spirits and Ignite International Brands, and unjust

---

[1] Notably, Ignite International was not a signatory to the original letter agreement between Ignite Spirits and Consulting. Consulting argues that John Schaefer, who signed the letter agreement as "President," is president of Ignite Spirits and Ignite International, which renders Ignite International a party to the letter agreement. ECF No. 17 ¶¶ 6, 28. What is clear, however, is that Ignite International is not mentioned anywhere in the letter agreement or its attachments. (*See* ECF No. 1-6).

1    enrichment against all three Ignite companies (Ignite Spirits, Ignite International Brands, and

2    Ignite International) (collectively the "Ignite companies").  (ECF No. 17 at 30–33).

3        Ignite International now moves this court to dismiss it from the action for lack of

4    personal and subject matter jurisdiction, improper venue, and failure to state a claim.  Fed. R.

5    Civ. P. 12(b)(1),(2),(3), and (6).

6        The magistrate judge issued a report and recommendation granting Ignite

7    International's motion to dismiss the counterclaim against it.[2]  (ECF No. 48).  Consulting

8    objected to the report and recommendation (ECF No. 51) and Ignite International responded

9    (ECF No. 54).

10   **II.    Legal Standard**

11       A party may file specific written objections to the reports and recommendations of a

12   United States magistrate judge made pursuant to 28 U.S.C. § 636(b)(1)(B).  Where a party

13   timely objects to a magistrate judge's report and recommendation, the court is required to

14   "make a *de novo* determination of those portions of the report or specified proposed findings

15   or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  The court "may

16   accept, reject, or modify, in whole or in part, the findings or recommendations made by the

17   magistrate."  *Id.*

18   **III.   Discussion**

19       The magistrate judge dismissed Ignite International from this lawsuit based on

20   improper joinder under the federal rules.  The court addresses whether the magistrate judge

21   properly applied the federal rules of joinder.

22   . . .

23   . . .

24   . . .

25   . . .

26   . . .

27   _____

28       [2] Only count five of the counterclaim—unjust enrichment—is asserted against Ignite
     International.  (ECF No. 17 at 7:2–7).

A.  <u>The magistrate judge correctly found that the court is not required to look beyond the four corners of the original complaint when considering appropriate joinder under Rule 19</u>

Rule 19(a)(1) provides that a party is "necessary" in two circumstances: (1) when, in that party's absence, "the court cannot accord complete relief among existing parties"; or (2) when the absent party claims a legally protected interest in the action.

Before reviewing the magistrate judge's Rule 19 analysis, the court must first determine if the court considers relief from counterclaims in its analysis of whether "complete relief" can be granted in the absence of a party.

Ignite International was not an original party to this action; it was later named as a counter defendant when Consulting filed its counterclaims.  Federal Rule of Civil Procedure 13(h) governs counterclaims and crossclaims and the joining of additional parties as necessary.  Specifically, Rule 13(h) states, "Rules 19 and 20 govern the addition of a person as party to a counterclaim or crossclaim."

Consulting argues that the court "must" read Rule 13 in light of the Advisory Committee Note to the 1966 Amendment,[3] indicating that parties joined to an action under Rule 13(h) should be "treated as a 'plaintiff' for purposes of the ["complete relief"] Rule 19 analysis."[4]  (ECF No. 51 at 7).

Such a reading would require the court to look beyond the four corners of the original complaint, which the magistrate judge declined to do .  The court agrees.

As far as the court can tell, the Ninth Circuit has not directly addressed this procedural issue.  In her recommendation, the magistrate judge relied on a *concurrence* from a Ninth

---

[3] The court notes that the Advisory Committee Notes on the federal rules are not binding on this court.  Courts are required only to give "weight" to such notes.  *Mississippi Pub. Corp. v. Murphee*, 326 U.S. 438, 444 (1946) (holding that to ascertain the meaning of the Federal Rules, the construction given to them by the Committee is "of weight").

[4] The Advisory Committee Note, in relevant part, reads: "…for the purpose of determining who must or may be joined as additional parties to a counterclaim or cross-claim, the **party pleading the claim is to be regarded as a plaintiff** and the additional parties as plaintiffs or defendants as the case may be, and amended Rules 19 and 20 are to be applied in the usual fashion." Fed. R. Civ. P. 13(h) advisory committee note to 1966 amendment (emphasis added).

Circuit opinion, which stated that "[t]he completeness of relief [under Rule 19] must be analyzed within…the four corners of the complaint." *Confederated Tribes of Chehalis Indian Reservation v. Lujan*, 928 F.2d 1496, 1501 (9th Cir. 1991) (O'Scannlain, J., concurring in part and dissenting in part) (internal quotations omitted).

Footnote 3 in the *Lujan* concurrence further states: "[I]t must be noted that complete relief refers to relief *as between the persons already parties*, and not as between a party and the absent person whose joinder is sought." *Id.* at 1501 n.3 (quoting 3A J. Moore & J. Lucas, Moore's Federal Practice ¶ 19.07–1 [1], at 19–93 to 98 (2d ed. 1990) quoted in *Eldredge v. Carpenters 46 N. Cal. Counties Joint Apprenticeship & Training Comm.*, 662 F.2d 534, 537 (9th Cir.1981), *cert. denied*, 459 U.S. 917 (1982)) (emphasis added).

In contrast, Consulting offers a string cite of persuasive—but non-controlling—authority for its position that complete relief must necessarily include relief sought by a counterclaimant.  (ECF No. 51 at 8 n.4).  Furthermore, Consulting objects to the magistrate judge's reliance on *Lujan* because it argues the cases are distinguishable.  (*Id.*).

Admittedly, there are factual differences between *Lujan* and the instant case.  For one, the plaintiffs in *Lujan* had their case dismissed for *failure* to join a required party.  *Lujan*, 928 F.2d at 1500.  Here, Consulting attempts to *add* a "required" party (Ignite International).

Regardless of any factual distinctions, the court is persuaded by the reasonable proposition that a court analyzes "complete relief" for compulsory joinder under Rule 19 as pertaining to the *parties already properly before the court*, not to hypothetical parties that may or may not be properly joined.

Indeed, this is a more plausible reading of the plain text of Rule 19(a)(1)(A), which states that a court considers whether it "can[] accord complete relief **among *existing* parties**" if an absent party is not joined.  As set forth previously, Ignite International was not an original party to this action.  Thus, a court must consider the present prayer for relief "among existing parties" before compelling a new party to be joined. In other words, the cart must come before the horse.

1   Therefore, the court holds that the magistrate judge did not err in confining joinder

2   analysis to the four corners of the original complaint, and not the counterclaims.

3       B.   <u>Ignite International is not a required party under Rule 19 because the existing</u>

4   <u>parties can obtain complete relief absent its joinder, and Consulting would not be</u>

5   <u>exposed to multiple or inconsistent obligations if Ignite International is not joined.</u>

6   Having determined that a Rule 19 analysis should be applied to the relief sought in the

7   original complaint—not the relief sought in the counterclaim—the court now examines

8   whether the magistrate judge properly denied compulsory joinder of Ignite International under

9   Rule 19.

10   In the context of Rule 19, "complete relief" means that existing parties can get

11   "meaningful recovery for their claims without multiple lawsuits on the same cause of action."

12   *SPECS Surface Nano Analysis GmbH v. Kose,* Case No. C 11-00393 JM, 2011 WL 2493722,

13   *2 (N.D. Cal. June 23, 2011) (citing *Northrop Corp. v. McDonnell Douglas Corp.,* 705 F.2d

14   1030, 1043 (9th Cir.1983)).   The relief sought in Ignite Spirits' original complaint is

15   declaratory relief that the letter agreement is invalid and unenforceable.   (ECF No. 18-2 at 4).

16   Ignite International was not a signatory to that agreement.   Consequently, the court could

17   accord complete relief on the letter agreement without Ignite International as party to the case.

18   Next is the question of whether an existing party would be "subject to a substantial risk

19   of incurring double, multiple, or otherwise inconsistent obligations because of the interest" of

20   the absent party.   Fed. R. Civ. P. 19(a)(1)(B)(ii).   While Consulting, as an existing party, may

21   be required to file a separate suit if Ignite International is dismissed, the court does not find

22   that this would violate Rule 19(a)(1)(B)(ii).   Furthermore, the court does not see how dismissal

23   of Ignite International would incur multiple or otherwise inconsistent obligations for Ignite

24   Spirits, the other existing party.[5]

25

26

27       [5] The court notes that the magistrate judge, and the parties, erroneously analyzed Rule

28   19(a)(1)(B)(ii) as incurring multiple or otherwise inconsistent obligations on Ignite International, the absent party, as opposed to the "existing part[ies]" (Consulting or Ignite Spirits), as the Rule states. ("A person must be joined as a party if…that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may…leave an

James C. Mahan
U.S. District Judge

For instance, if Ignite Spirits prevails, the dispute ends; if Consulting prevails, Ignite Spirits, and possibly Ignite International Brands, are bound to their obligations in the letter agreement.  But these obligations are separate and apart from the potential unjust enrichment liability with Ignite International, a distinct subsidiary who was not a signatory to the letter agreement—even if it was (allegedly) tangentially involved in the transaction or occurrence of the disputed events.

Consulting's claims against Ignite International are based on *quasi*-contract theories of unjust enrichment *in the alternative* to claims raised against Ignite Spirits and Ignite International Brands.  Put another way, the instant case is a *contract* dispute and unjust enrichment claims arise in the *absence* of a contract.  The magistrate judge properly found that whether the letter agreement is deemed an enforceable contract or not, if Ignite International is joined as a party, it "will stand alone in the unjust enrichment/quantum meruit cause of action...."  (ECF No. 48 at 7).  This critically undercuts the argument that Ignite International is a required and necessary party to accord complete relief or avoid unnecessary additional obligations.

C. <u>The magistrate judge properly exercised discretion in not joining Ignite International under permissive joinder pursuant to Rule 20(a).</u>

Lastly, the court reviews whether Ignite International should be joined under permissive joinder pursuant to Rule 20(a).  This rule states that joinder of defendants in an action is appropriate when (A) "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action."

However, even where the requirements of permissive joinder are met, the court must examine whether joinder comports "with the principles of 'fundamental fairness' or would

---

**existing party** subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.")

Under either interpretation, the result is the same, however.

James C. Mahan
U.S. District Judge

1    result in prejudice to either side." *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1296 (9th Cir.

2    2000) (internal citation omitted).

3          Consulting argues that there is "no question" and that it is "not a close call" that its

4    unjust enrichment claims against Ignite International Brands, Ignite Spirits, and Ignite

5    International arise from the same transactions and occurrences as its breach of contract claims.

6    (ECF No. 51 at 13).  Consulting further contends that Ignite International should be joined as

7    a party to this litigation in the interests of judicial efficiency since the action against it require

8    analysis of the same facts and even some of the same key witnesses.  (*Id.*).

9          The magistrate found that "[w]hile there may be some factual overlap between the

10   validity and enforceability of the letter agreement and whether any of the Ignite family entities

11   were unjustly enriched, the laws pertaining to these claims are not "in common."  (ECF No.

12   48 at 7).  The court agrees.

13         Unjust enrichment is an equitable rather than a legal claim, and thus requires separate,

14   unique analysis.  *McKesson HBOC, Inc. v. New York State Common Retirement Fund, Inc.*,

15   339 F.3d 1087, 1091 (9th Cir. 2003) ("Unjust enrichment is an equitable rather than a legal

16   claim; consequently, no action for unjust enrichment lies where a contract governs the parties'

17   relationship to each other.").

18         While the court agrees that this is a close call, even assuming the Rule 20(a) elements

19   of permissive joinder are met here, the court must still whether joinder comports "with the

20   principles of 'fundamental fairness' or results in prejudice to either side."  *Coleman v. Quaker

21   Oats Co.*, 232 F.3d 1271, 1296 (9th Cir. 2000) (internal citation omitted).  The court finds that

22   prejudice to Ignite International in being required to be joined to this action outweighs any

23   prejudice to Consulting in having to pursue additional litigation.

24         As stated previously, Ignite International is indirectly implicated in a single

25   counterclaim in this entire action since it was not a signatory to the letter agreement and its

26   alleged benefit from Consulting's actions were obtained only through the potential role of the

27   parent company Ignite International Brands.  In essence, the lack of precision in the various

28

James C. Mahan
U.S. District Judge

- 8 -

1   agreements is of the parties' own making, but it is not clear to the court that Ignite International

2   should be joined.

3          Again—and most critically—if the contract is rendered enforceable, Ignite

4   International would remain as a lone counter defendant on an alternative liability theory of

5   unjust enrichment.  The court finds this potential outcome too attenuated from the primary

6   action to justify requiring Ignite International to engage in complex commercial litigation that

7   addresses many other claims and issues.

8          The court is sensitive to the instruction from the Supreme Court that "[u]nder the

9   [Federal] Rules, the impulse is toward entertaining the broadest possible scope of action

10  consistent with fairness to the parties"…thus, "joinder of claims, parties and remedies is

11  strongly encouraged."  *United Mine Workers v. Gibbs*, 383 U.S. 715, 724 (1966).

12         However, the court exercises its discretion that the broadest possible scope of action

13  consistent with fairness to the parties does not involve Ignite International as a party.

14  **IV.    Conclusion**

15         Accordingly,

16         IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Magistrate Judge

17  Youchah's recommendation (ECF No. 48) be, and the same hereby is, ADOPTED.

18         IT IS FURTHER ORDERED that counter defendant Ignite International, LTD. be

19  DISMISSED from this action.

20         DATED August 15, 2022.

21

22  _____
    UNITED STATES DISTRICT JUDGE

23

24

25

26

27

28

**James C. Mahan**
**U.S. District Judge**