UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| IGNITE SPIRITS, INC., a Wyoming corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>CONSULTING BY AR, LLC, a Florida limited liability company; Does I through X, inclusive; and Roe Business Entities I through X, inclusive,<br><br>    Defendants.<br><br>Consulting by AR, LLC,<br><br>    Counterclaim Plaintiff,<br><br>    v.<br><br>IGNITE SPIRITS, INC. (f/k/a Ignite Beverages, Inc.); IGNITE INTERNATIONAL LTD.; and IGNITE INTERNATIONAL BRANDS, LTD.,<br><br>    Counterclaim Defendant. | Case No. 2:21-cv-01590-JCM-EJY<br><br>**ORDER** |

Pending before the Court is Consulting by AR, LLC's Emergency Motion for an Order to Show Cause Why Dan Bilzerian Should Not be Held in Contempt of the Court's August 11, 2022 Order (ECF No. 127).[1] The Court is also in receipt of Mr. Bilzerian's Response. ECF No. 129. The Court finds there is no basis for civil contempt at this time, and the Motion for Order to Show Cause is denied.[2]

On August 11, 2022, the Court entered an Order granting the Company's Motion seeking to compel the forensic examination of Mr. Bilzerian's cell phone, computer, and or laptop for documents responsive to the Company's subpoena. ECF No. 119. The Order included a timeline

---

[1] Consulting by AR, LLC is referred to herein as the "Company."
[2] Although certain technical requirements that must ordinarily be met before filing an "emergency" motion were not met by the Company, the Court denies the instant Motion and, therefore, does not address those errors.

1

and process through which the examination would ultimately take place. *Id*. On August 15, 2022, Mr. Bilzerian filed an Objection to the Court's Order. ECF No. 121. Misunderstanding the Court's Order in part, Mr. Bilzerian asks the District Judge to reverse the undersigned's decision.[3] *Id*. Mr. Bilzerian simultaneously filed a Motion to Stay, also before the District Judge, precluding the undersigned from ruling on the stay request. ECF No. 122. It is significant that Mr. Bilzerian's Motion to Stay was not filed on an emergency basis or on shortened time and, therefore, his Motion to Stay will not be fully briefed for several more weeks.

Further, and contrary to Mr. Bilzerian's position, case law clearly holds that an objection to a Magistrate Judge's order does *not* effect a stay of that order. *Krause v. Nevada Mut. Ins. Co.*, Case No. 2:12-cv-00342-JCM-CWH, 2014 WWL 176624, at *2 (D. Nev. 2014). Hence, the presumption is that discovery ordered by a Magistrate Judge will proceed regardless of the filed objection. *In re Application of O'Keeffe*, Case No. 2:14-cv-01518-RFB-CWH, 2016 WL 2771697, at *6 (D. Nev. Apr. 4, 2016). Similarly, a pending request to stay, until ruled upon, is just that—pending—and does not effect a stay of proceedings. *Wells Fargo Bank, N.A. v. Iny*, Case No. 2:13-cv-01561-MMD-NJK, 2014 WL 1796216, at *3 (D. Nev. May 6, 2014) ("the filing of a motion to stay discovery does not automatically relieve the movant from continuing to comply with its discovery obligations") (internal citation omitted).

Nonetheless, the Court finds that Mr. Bilzerian's initial failure to comply with the Court's August 11, 2022 Order, under the circumstances presented here, does warrant an order to show cause

---

[3] The Court expressed concern regarding rancor between the parties, which is further supported by the instant Motion and Response. Mr. Bilzerian's contention that this was an expression by the Court directed at him, any Ignite entity, or counsel for the same clearly misapprehends the Order. Mr. Bilzerian also misapprehends from whom clarification of the undersigned's August 11, 2022 Order should be sought. Clarification of the August 11th Order must be sought from the author of that Order, not another judge. Finally, Mr. Bilzerian's repeated focus on his status as a non-party does not excuse compliance with a court order finding a failure to appropriately and thoroughly search for documents responsive to a subpoena duces tecum. "Under Rule 45 of the Federal Rules of Civil Procedure, a non-party served with a subpoena has three options: (1) comply with the subpoena, (2) serve an objection on the requesting party in accordance with Rule 45(d)(2)(B), or (3) move to quash or modify the subpoena in accordance with Rule 45(d)(3)." *Perez v. State of Nevada*, Case No. 2:14-cv-APG-BNW, 2020 WL 209306, at *2 (D. Nev. Jan. 14, 2020) *citing In re Plise*, 506 B.R. 870, 878 (B.A.P. 9th Cir. 2014). It is undisputed that Mr. Bilzerian did not timely object to the subpoena or file a motion to quash or modify. "A district court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it. Fed. R. Civ. P. 45(g). However, in cases of nonparty subpoenas, the court must first issue *an order compelling* the nonparty's compliance …." *Id*. *citing In re Plise*, 506 B.R. at 879 (emphasis added).

or a finding of contempt.[4]  The Court may find a party in civil contempt if it determines, by clear and convincing evidence, that the offending party violated a specific and definite order of the court "beyond substantial compliance" and without "a good faith and reasonable interpretation of the order." *In re Dual-Deck Video Cassette Recorder Antitrust Litig.*, 10 F.3d 693, 695 (9th Cir. 1993). While Mr. Bilzerian clearly misunderstands the effect of filing an objection as well as his pending, non-emergency Motion to Stay, that misunderstanding, along with the language of the Court's Order, belies a finding of civil contempt.  Indeed, the Court's August 11, 2022 Order built in a process for selecting a forensic examiner and identifying queries to be run if either party fails or refuses to participate in the process.  ECF No. 119 at 9-11.  For these reasons, and at this juncture, the Company fails to demonstrate that Mr. Bilzerian should be ordered to show cause why he is not in contempt of a court order.

Accordingly, IT IS HEREBY ORDERED that Consulting by AR, LLC's Emergency Motion for an Order to Show Cause Why Dan Bilzerian Should Not be Held in Contempt of the Court's August 11, 2022 Order (ECF No. 127) is DENIED.

IT IS FURTHER ORDERED that Consulting by AR, LLC's request for attorney's fees is denied.

IT IS FURTHER ORDERED that until or unless Mr. Bilzerian obtains a stay of the Court's August 11, 2022 Order (ECF No. 119), whether through the presently pending Motion to Stay or a subsequent filing seeking more immediate relief, compliance with the Order is not stayed.

IT IS FURTHER ORDERED that, based on the Court's inherent authority to manage its docket and the matters before it, and given Mr. Bilzerian's misunderstanding of the law which demonstrates the Court's Order was not stayed by virtue of an objection or pending motion to stay, the parties must meet and confer no later than **August 30, 2022** regarding the requirements of ECF No. 119.  The parties may extend the dates set by the Court therein and present the same to Court in

---

[4]     Mr. Bilzerian is correct that the Court's August 11, 2022 Order at ECF No. 119 had an initial meet and confer obligation, which triggered future obligations.  Those future obligations, including but not limited to the duty to turn over electronic devices, have not yet been triggered and, thus, there is no failure to comply with those obligations.

a stipulation.  If alternative dates or procedures are offered but not agreed upon, the parties may present the same in a status report.  The Stipulation or Status Report must be filed no later than **September 6, 2022**.

Dated this 22nd day of August, 2022.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE