UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| IGNITE SPIRITS, INC., a Wyoming corporation,<br><br>    Plaintiff,<br><br>v.<br><br>CONSULTING BY AR, LLC, a Florida limited liability company; Does I through X, inclusive; and Roe Business Entities I through X, inclusive,<br><br>    Defendants. | Case No. 2:21-cv-01590-JCM-EJY<br><br>**ORDER** |
| Consulting by AR, LLC,<br><br>    Counterclaim Plaintiff,<br><br>v.<br><br>IGNITE SPIRITS, INC. (f/k/a Ignite Beverages, Inc.); IGNITE INTERNATIONAL LTD.; and IGNITE INTERNATIONAL BRANDS, LTD.,<br><br>    Counterclaim Defendant. | |

Pending before the Court is Consulting by AR, LLC's Motion for an Order to Show Cause Why Ignite International Brands, Ltd. Should Not be Held in Contempt of the Court's August 12, 2022 Order.[1]  ECF No. 128.  The Court considered the Motion, Ignite International's Response (ECF No. 130), and Consulting by AR's Reply (ECF No. 143).  The Court also reviewed ECF No. 120, the Order that ultimately underlies the present Motion; ECF No. 132, the Court's Order regarding a prior request for an Order to Show Cause and requiring the parties to meet and confer; ECF No. 147, the Motion to Stay the Order issued at ECF No. 120; the Response to the Motion to Stay at ECF No. 160; and the Reply in support of the Motion to Stay at ECF No. 162.

---

[1]   Ignite Brands International, Ltd. is referred to herein as Ignite International or Ignite.  Consulting by AR is sometimes referred to herein as Consulting.

1

I. **Background**

The instant Motion seeks an Order to Show Cause ("OSC") requiring Ignite International to demonstrate why it should not be held in contempt for failing to comply with the Court's August 12, 2022 Order found at ECF No. 120.[2] The Order required Ignite to file 65 documents identified as containing attorney client privilege communications, under seal, for *in camera* review by August 18, 2022. *Id*. The 65 documents were not to be served on Consulting. *Id*. The Order further required Ignite International to include a legend with the documents, which was to be served on Consulting by AR, but filed under seal. *Id*. Although Ignite filed an Objection on the Court's Order, no stay of that Order has been entered. *See* Docket generally. Attached to Consulting by AR's Motion is an email from counsel for Ignite stating Ignite International "will not produce anything until a final determination is made on the objection." ECF No. 128-2 at 2.

Ignite International responds to the instant Motion arguing Consulting did not seek production of the 65 documents until after Consulting filed its Motion for Summary Judgment. Ignite says 154 days passed between Consulting's filing of its Motion for Summary Judgment and its Motion to Compel the 65 documents, Consulting did not claim the 65 documents are relevant to this matter, and the Court's Order failed to comply with the Rules of Civil Procedure because the timing requirements in the Order failed to give Ignite an opportunity to challenge the Order before compliance. ECF No. 130 at 2. Ignite International complains the OSC asks the Court to ignore Ignite's Objection. *Id*. at 3. Ignite seems to contend that because the Order offered a hearing if there were questions or clarification of its Order needed, the Court invited an Objection and also created a basis for "no ruling on the OSC Motion until … Ignite's … Objection is heard and resolved." *Id*. at 4, 5 (also contending the Court seeks to circumvent Ignite's rights to appeal ECF No. 120). Ignite International argues that if it submits its documents *in camera* for the Court's review it will moot Ignite's Objection to the Court's Order. *Id*. at 6. Finally, Ignite argues the legal bases for an OSC and attorneys' fees are not met because it acted in good faith throughout this discovery dispute. *Id*. at 7-8.

---

[2] ECF No. 128 also seeks an award of attorneys' fees. *Id*.

In its Reply, Consulting by AR argues Ignite's failure to comply with the Court's Order to submit the 65 documents at issue for *in camera* review was willful because (1) an Objection does not stay the Court's Order, (2) Ignite could not unilaterally decide not to comply with the Court's Order, (3) Ignite did not move for a stay until after the date for compliance with ECF No. 120 had passed, and (4) the District Judge previously ruled against Ignite's Motion for an Emergency Stay based on a finding of no irreparable harm. ECF No. 143 at 1-2. Consulting also offers case law demonstrating that complying with an *in camera* review to determine whether documents withheld based on privilege are, in fact, privileged, does not waive or affect the assertion of privilege. *Id*. at 3. Consulting argues Ignite acted in bad faith and remedial sanctions are appropriate. *Id*. at 3-5

**II.    Discussion**

Well established law demonstrates that neither an objection to nor a unruled upon motion to stay a Magistrate Judge's Order stays the order at issue. *Krause v. Nevada Mut. Ins. Co.*, Case No. 2:12-cv-00342-JCM-CWH, 2014 WL 176624, at *2 (D. Nev. 2014); *Wells Fargo Bank, N.A. v. Iny*, Case No. 2:13-cv-01561-MMD-NJK, 2014 WL 1796216, at *3 (D. Nev. May 6, 2014). Hence, the presumption is that discovery ordered by a Magistrate Judge will proceed regardless of the filed objection. *In re Application of O'Keeffe*, Case No. 2:14-cv-01518-RFB-CWH, 2016 WL 2771697, at *6 (D. Nev. Apr. 4, 2016). Indeed, if an objection to a Magistrate Judge's order automatically stayed the order, parties would be encouraged to file objections simply to delay discovery regardless of the merits of the objections. *Alvarez v. LaRose*, Case No. 3:20-cv-00782-DMS-AHG, 2020 WL 5632659, at *1 (S.D. Cal. Sept. 21, 2020 (internal citation omitted).

The Order at ECF No. 120, issued on August 12, 2022, required Ignite International to submit documents for *in camera* review by August 18, 2022. ECF No. 120 at 4. Ignite filed its Objection on August 15, 2022, erroneously believing the Objection stayed the Order. ECF No. 124. On August 19, 2022, Consulting by AR filed a Motion for Order to Show Cause why Ignite International should not be held in contempt for failing to comply with the Court's August 12th Order. ECF No. 128. Ignite responded, *inter alia*, that the Court's August 12, 2022 Order did not give Ignite an opportunity to object before compliance was required, compliance should not be required until the Objection is resolved, and compliance with the Court's Order would moot Ignite's Objection. ECF

No. 130 at 2-6. Given the well settled law, the appearance, at first blush, is that Ignite had no legal basis to ignore the Court's Order to submit documents for *in camera* review.

In addition to the well settled law that an objection does not stay a Magistrate Judge's Order, well settled law also establishes submission of documents for *in camera* review does not destroy or otherwise impair the attorney client privilege claimed to apply to the documents submitted. *Reading International, Inc. v. Malulani Group, Limited*, 694 Fed.Appx. 571, 572 (9th Cir. 2017) *citing United States v. Zolin*, 491 U.S. 554, 568 (1989). Consulting's underlying motion (ECF No. 68) leading to the Court's Order to submit documents *in camera* demonstrates that few emails were produced by Ignite International or any of the Ignite companies that are part of this litigation, while all 65 documents withheld are emails. ECF No. 69-5. The emails relate to the essence of this case—the Letter Agreement being litigated that arises from contracts with Resorts World that Consulting says it facilitated. *Id*. Sufficient grounds to review the documents was demonstrated based on Ignite's refusal to supplement its privilege log. This refusal precluded a reasonable determination of whether the attorney client privilege was properly applied to the withheld documents. As the Court found, Ignite's privilege log failed to provide essential information that would allow Consulting by AR to assess whether the privilege is properly asserted. ECF No. 120 at 2. *In camera* review was ordered to resolve the conflict between the parties.

The Court finds, as it did when it entered the Order on August 12, 2022, that Ignite International has not met its obligation to provide adequate information in the privilege log to allow Consulting by AR to determine if the documents are, in fact, protected by privilege. *American Alternative Insurance Corp. v. Ducas*, Case No. 2:18-cv-02346-APG-NJK, 2019 WL 13194014, at *2 (D. Nev. Oct. 28, 2019) ("The subject matter of each document must be provided in a privilege log 'with a reasonable degree of specificity.' [*Citing*] *Nevada Power [v. Monsanto*, 151 F.R.D. 118,] 122 at n.6 [(D. Nev. 1993)]. … [N]early all of the documents are identified as having the subject matter of '[l]itigation strategy.' … Such a description is woefully deficient to enable assessment of the claim for privilege or protection. [*Citing*] *Cf. McKenzie v. Walgreen Co.*, [Case No. 2:12-cv-044-KJD-NJK,] 2013 WL 211104, at *4 (D. Nev. Jan. 18, 2013) (rejecting as insufficient descriptions of 'notes regarding' the 'investigation' or 'status of claim')."); *Norton v. Arpaio*, Case

4

No. CV-15-00087-PHX-SPL, 2016 WL 11513612, at *1 (D. Ariz. Aug. 4, 2016) (citation omitted) (finding the privilege log produced inadequate even though Maricopa County identified the date, sender, recipient, the employer of the sender and recipient, and privilege asserted because the "privilege log lack[ed] … any information regarding the subject matter of the documents"); *Kellgren v. Petco Animal Supplies, Inc.*, Case No. 13-cv-644 L (KSC), 2016 WL 4097521, at *4 (S.D. Cal. May 26, 2016) (requiring the privilege log to contain the title or subject matter of the document, the "RE:" line); *RG Abrams Insurance v. Law Officers of C.R. Abrams*, 342 F.R.D. 461, 498 (C.D. Cal. 2022) (stating "the Ninth Circuit long has recognized that information relating to 'the identity of a client, the amount of the fee, and the general purpose of the work performed are usually not protected from disclosure by the attorney-client privilege,'" therefore finding the privilege log deficient because the subject matter failed to provide the opposing party enough information to determine whether the attorney client privilege was triggered). Ignite's privilege log identifies every document as attorney client privilege without providing any meaningful description regarding what in the content of the document renders it privileged. ECF No. 69-5 at 2-9. The entirety of description of material includes "Email Re: Alan Richardson Deal," "Email Re: Ltr Agreement," or "Email Re: Resorts World." Nothing about these descriptions allow Consulting by AR, the opposing party, to determine whether the attorney client privilege was properly asserted.

Accordingly, based the foregoing as well as the passage of time since the Court issued its Order at ECF No. 120, the Court finds Ignite International may avoid sanctions arising from its failure to comply by doing one of three things. Ignite may, within ten (10) days of the date of this Order, produce to Consulting a revised privilege log containing sufficient information regarding the communication or work performed, along with the legend the Court ordered on pages 3 and 4 of ECF No. 120, such that Consulting may reasonably assess whether the attorney client privilege was triggered. The information provided should not reveal any actual privileged communication, but must instead reflect the general nature of the communications at issue. Alternatively, within ten (10) days of the date of this Order, Ignite may file the 65 documents under seal for *in camera* review, without serving Consulting, while simultaneously filing the legend under seal. The Court will review the documents and determine if any fail to demonstrate privilege. The Court will provide

Ignite an opportunity to respond to any determination by the Court that a document or communication is not privileged before a final determination regarding production of documents to Consulting is made. Finally, within ten (10) days of the date of this Order, Ignite may choose to show cause in writing why it should not be held in contempt for failing to comply with the Court's August 12, 2022 Order.

The Court is not a particular fan of civil contempt when litigants disagree, in good faith, with what the law or Court requires. While civil contempt is within the Court's power here as Ignite violated a specific and definite Order of the Court, the Court chooses to treat Ignite's misunderstanding of the effect of its Objection to this Magistrate Judge's Order as having initially been in good faith; albeit a review of case law would have easily demonstrated otherwise. Further, the Court accepts that, despite law to the contrary, Ignite believed submission of its claimed privilege documents to the Court would have effected a waiver of the privilege claimed. The Court rejects the argument that submission of the documents to the Court would moot Ignite's Objections; however, the choices provided by the Court alleviate this concern if Ignite chooses to supplement its privilege log. The Court warns Ignite International that continued conduct based on positions contrary to well established law may not be deemed in good faith. Further, failure to comply with this Order will be deemed willful and therefore potentially worthy of contempt.

### III.   Order

IT IS HEREBY ORDERED that the Motion for an Order to Show Cause Why Ignite International Brands, Ltd. Should not be held in Contempt of the Court's August 12, 2022 Order (ECF No. 128) is DENIED in part.

IT IS FURTHER ORDERED that Ignite International Brands Ltd. **must**, within ten (10) days of the date of this Order, do one of the following:

1. Produce to Consulting a revised privilege log that contains sufficient information regarding the communication or work performed, along with the legend the Court required as stated on pages 3 and 4 of ECF No. 120, such that Consulting may reasonably assess whether the attorney client privilege was triggered. The information provided should not reveal any privileged communication, but must reflect the general nature of the communications at issue; or,

2.  File the 65 withheld documents under seal for *in camera* review, without serving Consulting, simultaneously filing the legend described in ECF No. 120 under seal.  The Court will review the documents and determine if any fail to demonstrate privilege.  The Court will provide Ignite an opportunity to respond to any determination by the Court that a document or communication is not privileged before a final determination regarding production of documents to Consulting is made; or,

3.  File a written response to the Order to Show Cause why it should not be held in contempt for failing to comply with the Court's August 12, 2022 Order.

Dated this 28th day of February, 2023.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE