UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| IGNITE SPIRITS, INC., a Wyoming corporation,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>CONSULTING BY AR, LLC, a Florida limited liability company; Does I through X, inclusive; and Roe Business Entities I through X, inclusive,<br><br>　　　　　　Defendants.<br><br>Consulting by AR, LLC,<br><br>　　　　　　Counterclaim Plaintiff,<br><br>　　v.<br><br>IGNITE SPIRITS, INC. (f/k/a Ignite Beverages, Inc.); IGNITE INTERNATIONAL LTD.; and IGNITE INTERNATIONAL BRANDS, LTD.,<br><br>　　　　　　Counterclaim Defendant. | Case No. 2:21-cv-01590-JCM-EJY<br><br>**ORDER** |

On February 28, 2023, the Court entered an Order regarding the then-pending Motion for an Order to Show Cause Why Ignite International Brands, Ltd. Should Not be Held in Contempt of the Court's August 12, 2022 Order.[1] ECF No. 168. The Motion for Order to Show Cause ("OSC") was filed by Consulting by AR, LLC.[2] The February 28, 2023 Order reiterates the history underlying the Motion seeking an OSC and the law on which the Court based its August 12, 2022 Order. The Court denied Consulting's request for an OSC, but stated:

> [B]ased the foregoing as well as the passage of time since the Court issued its Order at ECF No. 120, the Court finds Ignite International may avoid sanctions arising from its failure to comply by doing one of three things. Ignite may, within ten (10) days of the date of this Order, produce to Consulting a revised privilege log

---

[1] Ignite International Brands, LLC is referred to herein as "Ignite" or "Ignite International."
[2] Herein "Consulting."

1

    containing sufficient information regarding the communication or work performed, along with the legend the Court ordered on pages 3 and 4 of ECF No. 120, such that Consulting may reasonably assess whether the attorney client privilege was triggered. The information provided should not reveal any actual privileged communication, but must instead reflect the general nature of the communications at issue. Alternatively, within ten (10) days of the date of this Order, Ignite may file the 65 documents under seal for *in camera* review, without serving Consulting, while simultaneously filing the legend under seal. The Court will review the documents and determine if any fail to demonstrate privilege. The Court will provide Ignite an opportunity to respond to any determination by the Court that a document or communication is not privileged before a final determination regarding production of documents to Consulting is made. Finally, within ten (10) days of the date of this Order, Ignite may choose to show cause in writing why it should not be held in contempt for failing to comply with the Court's August 12, 2022 Order.

ECF No. 168 at 5-6. The Court noted its reluctance to find a party in civil contempt; however, the Court also clearly "warn[ed] … Ignite International that continued conduct based on positions contrary to well established law may not be deemed in good faith. Further, failure to comply with this Order will be deemed willful and therefore potentially worthy of contempt." *Id*. at 6.

    The 10 day date measured from the February 28, 2023 Order was March 10, 2023. The Court has not received submission of the 65 documents under seal for *in camera* review; nor has the Court received a response in writing from Ignite arguing Ignite should not be held in contempt of Court. There is nothing filed with the Court stating that Ignite International supplemented its privilege log. Thus, at this juncture, the evidence demonstrates Ignite International has ignored the Court's February 28, 2023 Order. While Ignite moved to stay the Order issued on August 12, 2022, no stay was granted and, thus, to this date, Ignite also failed to comply with that Order as well.

    The Court has inherent authority to enforce compliance with its orders through a civil contempt proceeding. *Int'l Union, UMWA v. Bagwell*, 512 U.S. 821, 827-28 (1994). A finding of civil contempt must be supported by clear and convincing evidence that the offending party violated a specific and definite order of the court "beyond substantial compliance" and without "a good faith and reasonable interpretation of the order." *In re Dual-Deck Video Cassette Recorder Antitrust Litig.*, 10 F.3d 693, 695 (9th Cir. 1993); *see also FTC v. Affordable Media, LLC*, 179 F.3d 1228, 1239 (9th Cir. 1999). Contempt "need not be willful, and there is no good faith exception to the requirement of obedience to a court order." *In re Dual–Deck Video Cassette Recorder Antitrust Litig.*, 10 F.3d at 695. Said slightly differently and simply, "[c]ivil contempt is a refusal to do an act

the court has ordered …." *Bingman v. Ward*, 100 F.3d 653, 655 (9th Cir. 1996) (internal citation omitted).  Imposing a fine as part of a civil contempt finding is remedial if it either "coerce[s] the defendant into compliance with the court's order, [or] ... compensate[s] the complainant for losses sustained.  Where a fine is not compensatory, it is civil only if the contemnor is afforded an opportunity to purge.  Thus, a flat, unconditional fine totaling even as little as $50 announced after a finding of contempt is criminal if the contemnor has no subsequent opportunity to reduce or avoid the fine through compliance." *Id*. at 656 *citing Bagwell,* 512 U.S. at 829 (internal quote marks and further citations omitted).

In the absence of any evidence of compliance, and in light of what appears to be a deliberate disobeying of the Court's February 28, 2023 Order, which followed the failure to comply with the Court's August 12, 2022 Order, the Court finds there is clear and convincing evidence that Ignite International is in civil contempt of Court.  Ignite has refused to do an act the Court has twice ordered. While Ignite moved to stay the August 12, 2022 Order, as explained on February 28, 2023, no stay was granted and, thus, to this date, Ignite also failed to comply with that Order as well.  Ignite has neither moved to stay the February 28, 2023 Order, nor has it objected to that Order.  The Court finds an order to coerce compliance is appropriate at this time.

Accordingly, IT IS HEREBY ORDERED that the Court finds Ignite International in civil contempt.

IT IS FURTHER ORDERED that Ignite International Brands Ltd. **must**, within five (5) days of the date of this Order **file** the 65 documents withheld, based on a blanket assertion of attorney-client privilege, which are listed in Ignites' privilege log.  *See* ECF No. 69-5.  The filing is to be under seal for *in camera* review, and is **not** to be served on Consulting by AR.  Ignite **must** simultaneously file a legend as described in ECF No. 120 at 3-4 and reiterated in the footnote below.[3]

---

[3] For the Court's review, Ignite's legend must include: (1) the individual's full name; (2) the entity employing the individual if he/she was employed by one of the named parties in this action at the time the name appears on the document; (3) if employed by one of the named parties, the dates of employment (start and end dates); (4) the individual's full title or titles held while employed for the period January 1, 2021 through the present; (5) if not employed by a named entity, by whom the individual was employed or with what entity the individual was associated on the date of the document or documents on which the name appears; (6) in what capacity an individual not associated with a named entity provided service to one or more of the Ignite entities; and (7) if the individual is an attorney, by what firm the attorney is employed, whether that attorney is licensed to practice law in the United States and, if so, in what jurisdiction that attorney is barred.

IT IS FURTHER ORDERED that the Court imposes against Ignite International the civil contempt sanction of attorney's fees and costs incurred by Consulting by AR in filing its Motion to Compel at ECF No. 68, the Replies in Support of the Motion to Compel at ECF Nos. 97, 98, and the Motion for Order to Show Cause at ECF No. 128.

IT IS FURTHER ORDERED that, no later than **March 27, 2023**, Consulting by AR must file a memorandum of fees and costs detailing, by tenths of hours, the work performed, the identity of person performing the work, the billing rate for each such person, and the professional background of each such person who bills time to be compensated. Ignite International shall have **10 days** to file a response regarding the amount or necessity of the fees and costs incurred. No reply may be filed without leave of Court.

IT IS FURTHER ODERED that absent a stay of this Order entered (not merely filed) by the Court, Ignite International's failure to comply with this Order **will** result in additional and more severe sanctions that may include a daily fine or striking of its pleading.

Dated this 16th day of March, 2023.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE