UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| IGNITE SPIRITS, INC., | Case No. 2:21-CV-1590 JCM (EJY) |
| Plaintiff(s), | ORDER |
| v. | |
| CONSULTING BY AR, LLC, | |
| Defendant(s). | |

Presently before the court is the counter-defendants' (Ignite Spirits, Inc. and Ignite International Brands, LTD) motion for reconsideration of the court's summary judgment order. (ECF No. 195). Counter-claimant Consulting by AR, LLC has filed a response (ECF No. 209), to which the counter-defendants have replied (211). For the reasons stated below, the court reaffirms its summary judgment ruling in favor of Consulting by AR, LLC.

I.  **Background**

This case originated in Nevada state court as a contract dispute between Ignite Spirits, Inc. ("Spirits"), and Consulting by AR ("Consulting"). (ECF No. 1-2). Spirits sought declaratory relief that Consulting breached a contract to which it and Consulting were parties (the "Letter Agreement"). (*Id.*). Consulting removed the case to federal court based on diversity and counterclaimed for breach against Spirits and Ignite International Brands, LTD ("Brands"), alleging that Brands was also a party to the agreement. (ECF No. 8). The court refers to Spirits and Brand collectively as the "Ignite counter-defendants."

The undisputed facts are as follows. Under the terms of the Letter Agreement, Consulting was to broker an agreement between Spirits and another third party. (ECF No. 182, at 2). Consulting would be compensated the value of two million Canadian dollars in Brands shares if a

**James C. Mahan**
**U.S. District Judge**

definitive agreement between Spirits and the third party was signed "no later than July 1, 2021." (*Id.*). A definitive agreement was executed on July 2, 2021. (*Id.* at 3). Consulting was not compensated pursuant to the Letter Agreement. (*Id.* at 4).

This court, in entering summary judgment in favor of Consulting and against the Ignite counter-defendants, made several rulings. First, the court ruled that execution of the definitive agreement one day after the deadline was not a material breach. (*Id.* at 6–7). Second, the parol evidence rule did not bar the court from considering Consulting's evidence submitted in support of its summary judgment motion. (*Id.* at 8–9). Third, Brands was a party to the letter agreement and therefore subject to liability. (*Id.*, at 9). And finally, Consulting was entitled to the value of two million Canadian dollars in damages as the non-breaching party. (*Id.* at 10). In entering summary judgment and closing the case, the court also denied as moot several pending, miscellaneous motions. (*Id.* at 12).

The Ignite counter-defendants then filed the instant motion for reconsideration, taking a shotgun approach by citing Rules 52, 59, *and* 60. (ECF No. 195, at 2). They take issue with many of the court's findings in support of summary judgment for Consulting. (*See generally id.*). They also assert that the court should not have denied certain motions as moot. (*(Id.*). The court addresses these arguments.

## II.     Legal Standard

Rule 59(e) "permits a district court to reconsider and amend a previous order[;]" however, "the rule offers an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (internal quotations omitted). A motion for reconsideration "should not be granted, absent highly unusual circumstances." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).

On one hand, a motion for reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enters., Inc.*, 229 F.3d at 890. On the other hand, "[a] movant must not repeat arguments already presented unless (and only to the extent) necessary to explain controlling, intervening law

**James C. Mahan**
**U.S. District Judge**

- 2 -

or to argue new facts. A movant who repeats arguments will be subject to appropriate sanctions." LR 59-1(b).

Thus, the Ninth Circuit has provided that "[r]econsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993); FED. R. CIV. P. 60(b). "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." FED. R. CIV. P. 59(e).

### III.   Discussion

As this action is in federal court on diversity jurisdiction, the court applies Nevada substantive law and federal procedural law. *E.g.*, *Feldman v. Allstate Ins. Co.*, 322 F.3d 660, 666 (9th Cir. 2003) (quoting *Erie R.R. v. Tompkins*, 304 U.S. 64, 78 (1938)); *MRO Commc'ns, Inc. v. Am. Tel. & Tel. Co.*, 197 F.3d 1276, 1282 (9th Cir. 1999).

A.   <u>The Summary Judgment Ruling</u>

The Ignite counter-defendants' motion to reconsider this court's summary judgment order cannot be granted under Rule 60, Rule 52, or Rule 59. Rule 60(a) allows the court to "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." FED. R. CIV. P. 60(a). Whether to grant a Rule 60 motion is a matter within the district court's discretion. *Fantasyland Video, Inc. v. Cnty. of San Diego*, 505 F.3d 996, 1001 (9th Cir. 2007). The court did not commit a clerical mistake or omission when it entered judgment in favor of Consulting.

Rule 52(b) is also not the proper vehicle for the Ignite counter-defendants' motion because this rule is used to amend findings after a bench trial, not a summary judgment. *Critchlow v. Critchlow*, 617 F. App'x 664, 666 (9th Cir. 2015). "Since a court engages in no fact-finding when it decides a summary judgment motion, a party may not use a Rule 52(b) motion to seek reconsideration of such a decision." *Buck v. Libous*, No. 3:02 CV 1142, 2005 WL 2033491, at *1 (N.D.N.Y. Aug. 17, 2005).

**James C. Mahan**
**U.S. District Judge**

The Ignite counter-defendants' motion must also be denied under Rule 59(e) as it is merely an attempt to relitigate issues the court has already decided. The court admonishes them that, under Local Rule 59-1(b), a movant who repeats arguments on a motion for reconsideration may be subject to sanctions. The Ignite counter-defendants cannot seek reconsideration simply because they disagree with the court's decision—the remedy that Rule 59(e) provides is "extraordinary" and allowed only "sparingly." *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011).

The Ignite counter-defendants' first argument for reconsideration (that the court incorrectly decided that time for performance was not of the essence) not only repeats arguments already made in their response to Consulting's summary judgment motion (*compare* ECF No. 100, at 15–16[1] *with* ECF No. 195, at 4–5[2]), but also misstates the court's summary judgment order. The court found that—even *if* time was of the essence—Consulting's one-day delay in performance was not a material breach of the Letter Agreement. (ECF No. 182, at 6). As Consulting's breach was immaterial, the Ignite counter-defendants were not excused from their duty to compensate Consulting. (*Id.*). The Ignite counter-defendants do not cite a single case to show that the court's conclusion was in error. The court denies reconsideration of this issue.

The Ignite counter-defendants' next argument suffers from the same flaws as its previous argument. They contend that the court "ignored corporate formalities" and created "non-existing facts out of whole cloth"[3] when it found that there was no dispute of fact that Brands was a party to the Letter Agreement. (ECF No. 195, at 6). Yet again, the Ignite counter-defendants repeat the same arguments already made while misunderstanding and misrepresenting the court's order. The court did not pierce the corporate veil when it found that Brands was a party to the Letter Agreement; rather, the court found that Brands was a party based on its own actions and the Agreement's language. (ECF No. 182, at 9–10).

---

[1] "Here[,] the language of the Letter Agreement is either ambiguous nor uncertain, particularly concerning the July 1st deadline….If a contract expressly provides for the time for performance, then it is considered of the essence."

[2] "In fact, the [c]ourt found in its [o]rder that the contract was unambiguous…[y]et somehow read into this language that 'time was not of the essence."

[3] Despite this astonishing accusation against the court, the Ignite counter-defendants fail to cite a single fact that this court stated in its order that was not based on record evidence.

**James C. Mahan**
**U.S. District Judge**

- 4 -

Because Brands and Spirits conducted business simultaneously (holding simultaneous board meetings with the same managers), the court found that Spirits's participation in the Letter Agreement could not be distinguished from Brands's. (*Id.*). The Letter Agreement itself also failed to distinguish between Brand and Spirits, and the Agreement obligated *Brands* to compensate Consulting with *Brands* shares. (*Id.*). Based on the totality of these undisputed facts, the court found no factual dispute that Brands was an intended party to the Letter Agreement. The Ignite counter-defendants have not met their burden for reconsideration of this issue.

The Ignite counter-defendants next argue that the court improperly considered parol evidence submitted by Consulting (such as the parties' conduct *after* signing the Letter Agreement) while not considering parol evidence submitted by them. (ECF No. 195, at 7). They have misstated the law.

The parol evidence rule does not bar consideration of *all* evidence outside of the four corners of the contract; it bars "extrinsic evidence regarding *prior or contemporaneous* agreements that are *contrary* to the terms of an *integrated* contract." *Khan v. Bakhsh*, 306 P.3d 411, 14 (Nev. 2013) (emphasis added) (citations omitted). As the court explained in its prior order, extrinsic evidence is admissible to establish a *subsequent* alteration to an agreement, the course of *dealings* between parties, the course of *performance* of the agreement, and to resolve a latent *ambiguity* in the agreement. *E.g.*, *id.*; *M.C. Multi-Fam. Dev., L.L.C. v. Crestdale Assocs., Ltd.*, 193 P.3d 536, 545 (Nev. 2008); *TDN Money Sys., Inc. v. Everi Payments, Inc.*, No. 2:15-CV-2197-JCM-NJK, 2017 WL 5148359, at *4 (D. Nev. Nov. 6, 2017), aff'd, 796 F. App'x 329 (9th Cir. 2019).

In issuing its summary judgment ruling, this court considered only evidence falling outside the purview of the parol evidence rule. The Ignite counter-defendants have not pointed to a single piece of evidence that this court considered erroneously under the parol evidence rule. Reconsideration of this issue is not warranted.

Finally, the Ignite counter-defendants argue that the court improperly granted a "cash award" of damages despite Consulting providing "no evidence of damages" and the Letter Agreement stipulating that Consulting was entitled only to an award of stock. (ECF No. 195, at 7). But the court awarded Consulting the value of two million Canadian dollars in damages after

**James C. Mahan**
**U.S. District Judge**

- 5 -

1  it found that the terms of the Letter Agreement clearly and unambiguously entitled it to such.[4]
2  (ECF No. 182, at 11).  The court explained that Consulting was entitled to compensatory damages
3  because, as a matter of law, that was what it was owed as the non-breaching party to an agreement.
4  (ECF No. 182, at 10–11).

5  On a motion for reconsideration, the movant must provide the court with new evidence that
6  could not have been discovered earlier even with due diligence, point to a clear error or manifest
7  injustice, or an intervening change in the controlling law.  *School Dist. No. 1J,* 5 F.3d at 1263;
8  *Coastal Transfer Co. v. Toyota Motor Sales, U.S.A.*, 833 F.2d 208, 211–212 (9th Cir. 1987).  The
9  Ignite counter-defendants have provided none of the above to support its request for
10 reconsideration as to the issue of damages.[5]  The court accordingly denies reconsideration of this
11 issue.

12     B.    <u>The magistrate judge's report and recommendation.</u>

13 The Ignite counter-defendants argue that the court incorrectly denied several motions as
14 moot.  The first of these motions is the magistrate judge's report and recommendation (R&R) on
15 Brands's motions to dismiss and for a more definite statement, to which Brands objected (ECF
16 Nos. 56, 57).  (*Id.*, at 3).  The magistrate judge recommended denying Brands's motions.  (ECF
17 No. 56, at 14).  The court finds that it erred in denying the R&R as moot because the R&R
18 addressed jurisdictional issues.  The court therefore reviews the R&R and Brands's objections
19 here.

20 The court is not required to conduct a *de novo* review of those portions of the R&R to
21 which no objections are made.  28 U.S.C. § 636(b)(1); *United States v. Reyna-Tapia*, 328 F.3d
22 1114, 1121 (9th Cir. 2003) (en banc) ("[T]he district judge must review the magistrate judge's

---

[4] "It is clear that "within thirty days of the [full] execution of the [definitive agreement]," AR is owed "the value of Two Million Canadian dollars (CAD$2,000,000) of [Brands] subordinate voting shares [ ] simultaneously at the time of the [definitive agreement] being fully executed. (ECF No. 86-1). This is the only provision under which AR seeks damages, and it is clear and unambiguous. (ECF No. 83)."

[5] The Ignite counter-defendants also failed to properly oppose Consulting's request for damages in the original motions.  (ECF No. 100, at 11–12; ECF No. 107).

**James C. Mahan**
**U.S. District Judge**

findings and recommendations de novo if objection is made, but not otherwise."). Accordingly, the court addresses only Brands's objections to the Magistrate Judge's recommendations.

Brands moved to dismiss the claims against it by arguing lack of subject matter jurisdiction, personal jurisdiction, and improper venue. (ECF No. 57, at 4–5). Brands contends that the court lacks subject matter jurisdiction because Brands is a Canadian entity, which destroys the basis for diversity jurisdiction. (ECF No. 39, at 4). Magistrate Judge Youchah correctly found this proposition to be nonsensical and without any basis in law, given the complete diversity of the parties.[6]

Brands's reliance on *Guan v. Bi* in its objection to Judge Youchah's recommendation is misplaced for at least two reasons. No. 13-CV-05537-WHO, 2014 WL 953757 (N.D. Cal. Mar. 6, 2014). First, *Guan* is a district court order that has no binding effect on *this* court. Second, *Guan* is wholly inapplicable to this case because its decision is based on finding a lack of *complete* diversity between aliens "on one side" versus aliens "on the other side," not simply because one party was an alien. *Id.* at 16–17. Brands, while casting aspersions on Judge Youchah in its objection, appears to have fundamentally misunderstood the law regarding diversity jurisdiction.

Brands next argues that the court does not have personal jurisdiction over it because the "only basis for personal jurisdiction" is the Letter Agreement. (ECF No. 57, at 7). Judge Youchah correctly found that this court has personal jurisdiction over Brands. First, Brands did not support its objections with competent legal authority and analysis. Second, Brands misrepresents Judge Youchah's ultimate finding, which is that—*whether or not* Brands is found to be a party to the Letter Agreement[7]—"Brands could reasonably anticipate litigation over the compensation

---

[6] "Despite Ignite Brands' contention to the contrary (ECF No. 39 at 6-7), the law is clear that Counterclaim Plaintiff (Consulting) and the additional Counterclaim Defendants (Ignite International and Ignite Brands) are completely diverse. 28 U.S.C. § 1332(a)(2); Nike, Inc. v. Commercial Iberica de Exclusivas Deportivas, S.A., 20 F.3d 987, 990 (9th Cir. 1994) ("We draw no distinction between corporations incorporated in a state of the United States and those incorporated in a foreign country when determining the corporation's citizenship for purposes of diversity jurisdiction.") (internal citation omitted)." (ECF No. 56, at 6).

[7] And, as explained *supra*, the court *did* find Brands to be an intended party to the Letter Agreement.

**James C. Mahan**
**U.S. District Judge**

promised in the Letter Agreement to occur in Nevada" based on the totality of its *other* actions. (ECF No. 56, at 11).

Brands's sole argument against venue is that it was "not a party to the Letter Agreement, and therefore did not choose, or agree, to litigate in this venue." (ECF No. 39, at 9; ECF No. 57, at 9). Judge Youchah correctly found this argument unpersuasive (at best), given that venue exists over the principal claim and therefore exists over the related counterclaims against Brands. (ECF No. 56, at 14). To support its objection, Brands cites a nonbinding, Seventh Circuit decision with no legal analysis. (ECF No. 57, at 9). Brands has not given this court any reason to reject Judge Youchah's recommendation that venue is proper.

The remainder of Brands's objections are similarly bereft of substantive legal analysis and contain many misstatements—both of the law and Judge Youchah's R&R. The court finds them unavailing. *Couturier v. Am. Invsco Corp.*, No. 2:12-cv-01104-APG-NJK, 2013 WL 4499008, at *3 (D. Nev. Aug. 20, 2013) ("A judge is the impartial umpire of legal battles, not a party's attorney. He is neither required to hunt down arguments the parties keep camouflaged, nor required to address perfunctory and undeveloped arguments."). The court therefore adopts Judge Youchah's R&R (ECF No. 56) in FULL and DENIES Brand's motions at ECF Numbers 39, 40, and 52. This ruling does not affect the court's order of summary judgment in favor of Consulting, which remains intact.

### C. The Remaining Miscellaneous Motions

The Ignite counter-defendants claim that there are "several" other errors in the court's order. (ECF No. 195, at 3). They first contend that there is no reason for the order to remain under seal. (*Id.*). As Consulting also supports unsealing the order, the court will order it unsealed. But whether the order is sealed does not affect its ruling of summary judgment in favor of Consulting.

The Ignite counter-defendants next argue that the court never "ruled" on Brands's joinder to Spirits's motion for summary judgment, citing ECF No. 79. (*Id.*). But ECF No. 79 is actually Brands's joinder to a motion for leave to file a document under seal. Regardless, these motions were rendered moot when the court entered judgment on the claims, and the Ignite counter-defendants do not provide points and authorities to dispute this.

**James C. Mahan**
**U.S. District Judge**

Finally, the Ignite counter-defendants claim that the court erred by not addressing Judge Youchah's civil contempt order and its related filings.  (ECF No. 174).  But they fail to explain, much less provide authority, for why they believe the court was required to address that issue in its order on summary judgment.  (*See generally* ECF No. 195).  The Ignite counter-defendants have not provided the court with any reason to reconsider or amend its previous order.

### IV.   Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Ignite Spirits, Inc. and Ignite International Brands, LTD.'s motion for reconsideration (ECF No. 195) be, and the same hereby is, GRANTED in part and DENIED in part, consistent with the foregoing.

Specifically, the court ORDERS that its summary judgment order (ECF No. 182) be UNSEALED but reaffirms the findings and ruling therein.

The court ADOPTS Judge Youchah's R&R (ECF No. 56) in FULL and DENIES the motions at ECF Numbers 39, 40, and 52.

DATED March 8, 2024.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**