UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| IGNITE SPIRITS, INC., <br><br>  Plaintiff(s), <br><br> v. <br><br> CONSULTING BY AR, LLC, <br><br>  Defendant(s). | Case No. 2:21-CV-1590 JCM (EJY) <br><br> ORDER |

Presently before the court is defendant and counter-claimant Consulting by AR, LLC's motion to amend judgment under Rule 60(a). (ECF No. 198). Counter-defendants Ignite Spirits, Inc. and Ignite International Brands, LTD filed a response (ECF No. 208), to which Consulting by AR, LLC replied (ECF No. 212).

**I.   Background**

This is a contract dispute removed to federal court on diversity jurisdiction. (ECF No. 8). On summary judgment, the court ruled in favor of Consulting by AR, LLC and against Ignite Spirits, Inc. and Ignite International Brands, LTD (the "Ignite counter-defendants"), and judgment was entered accordingly. (ECF No. 182, 185). The judgment awarded which Consulting by AR $1,611,655.09 plus pre-judgment interest. (ECF No. 185).

Thereafter, the Ignite counter-defendants filed a motion for reconsideration of the court's summary judgment order. (ECF No. 195). The court, after considering their motion, reaffirmed its summary judgment ruling in favor of which Consulting by AR. (ECF No. 220).

Consulting by AR's instant motion asks the court to correct the judgment entered by the clerk of the court under Rule 60(a). (ECF No. 198). Consulting by AR asks that the court amend

**James C. Mahan**
**U.S. District Judge**

the judgment to appropriately identify the parties and to clarify the issues of pre- and post-judgment interest. (*Id.* at 2). The court addresses Consulting by AR's request.

## II.  Legal Standard

Rule 60(a) allows the court to "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." FED. R. CIV. P. 60(a). The rule allows the court to "clarify a judgment in order to correct a failure to memorialize part of its decision, to reflect the necessary implications of the original order, to ensure that the court's purpose is fully implemented, or to permit enforcement." *Garamendi v. Henin*, 683 F.3d 1069, 1079 (9th Cir. 2012) (internal quotation marks omitted). The court may correct clerical mistakes in the judgment, "even those not committed by the clerk." *Jones & Guerrero Co. v. Sealift Pac.*, 650 F.2d 1072, 1074 (9th Cir. 1981) (citations omitted).

Under Rule 60(a), "our circuit focuses on what the court *originally intended* to do." *Tattersalls, Ltd. v. DeHaven*, 745 F.3d 1294, 1297 (9th Cir. 2014) (emphasis in original) (quoting *Blanton v. Anzalone*, 813 F.2d 1574, 1577 n.2 (9th Cir. 1987)). "Blunders in execution" may be corrected under Rule 60(a) whereas changes in the court's mind cannot. *Id.* Whether to grant a Rule 60 motion is a matter within the district court's discretion. *Fantasyland Video, Inc. v. Cnty. of San Diego*, 505 F.3d 996, 1001 (9th Cir. 2007).

## III.  Discussion

The judgment entered at ECF No. 185 states:

> Consulting by AR, LLC is awarded damages against Spirits and Brands, jointly and severally, in the amount of ONE MILLION, SIX HUNDRED ELEVEN THOUSAND, SIX HUNDRED FIFTY-FIVE DOLLARS ($1,611,655.09) plus pre-judgment interest calculated as set forth in Nevada Revised Statute 99.040.

The court finds that the judgment should be amended under Rule 60(a) to state the parties' full names, to clarify the prejudgment interest award amount, and to include an award of post-judgment interest. The court provides its reasoning in support of its ruling below.[1]

---

[1] Insofar as the parties have raised other arguments that are not specifically addressed in this order, the court has considered the same and concluded that they either do not present a basis for relief or need not be reached given the court's ultimate ruling.

**James C. Mahan**
**U.S. District Judge**

- 2 -

Consulting by AR first asks the court to modify the judgment to identify the parties by their full names. The Ignite counter-defendants do not oppose this request. (*See generally* ECF No. 208). This request is appropriate under Rule 60(a) and LR 7-2(d) and is therefore granted.

Consulting by AR next asks the court to modify the judgment to more clearly identify the prejudgment interest amount that it is entitled to. Specifically, it asks that the judgment identify the rate of interest, the time when it commenced to run, and set forth the total amount of interest due. (ECF No. 198, at 4). The Ignite counter-defendants appear to argue that Consulting by AR's Rule 60(a) request must be denied because Consulting by AR did not provide a calculation for prejudgment interest in its original motion for summary judgment. (ECF No. 208, at 6). The court disagrees with the Ignite counter-defendants.

While a judgment cannot be corrected under Rule 60(a) to insert an award of prejudgment interest that was not included in the original judgment,[2] Ignite has provided no authority (and the court is aware of none) prohibiting the court from merely *clarifying* the prejudgment interest award that was included in the original judgment. Under Ninth Circuit precedent, Rule 60(a) may be used to amend the judgment to "reflect the actual intentions of the court, *plus the necessary implications*." *Jones & Guerrero Co.*, 650 F.2d at 1074 (emphasis added). This amendment can be made at any time. *Id.*

The court intended, as evidenced by the summary judgment order, to award Consulting by AR prejudgment interest and *did* award Consulting by AR prejudgment interest. (ECF No. 182, at 11). The necessary implications of awarding prejudgment interest include identifying the interest rate, commencement date, and the amount to which the interest rate must be applied. *See Jeaness v. Besnilian*, 706 P.2d 143, 146 (Nev. 1985) (identifying these three items as a prerequisite to an award of prejudgment interest).

---

[2] The Ninth Circuit cites, with approval, a Second Circuit case holding that Rule 60(a) may not be used to correct the judgment for the prevailing party's failure to request prejudgment interest during the pendency of the action. *Jones & Guerrero Co.*, 650 F.2d at 1074 (*citing Lee v. Joseph E. Seagram & Sons, Inc.*, 592 F.2d 39, 41 (2d Cir. 1979)). The Second Circuit explained that, even though pre-judgment interest was recoverable, the prevailing party never requested it and it was therefore not a "clerical" error by the court to not include it in the judgment. *Lee*, 592 F.2d at 41.

The court now clarifies that the prejudgment interest rate, under NEV. REV. STAT. § 99.040(1),[3] is 5.35%.[4]  Prejudgment interest commenced to run on August 1, 2021; the date the Ignite counter-defendants were required to compensate Consulting by AR under the parties' agreement.  (ECF No. 182, at 11).  The 5.35% interest rate applied to the judgment amount ($1,611,655.09) for the period between when compensation was due and judgment was entered[5] results in $140,015.30[6] in total prejudgment interest.  The judgment will be amended accordingly.

Finally, Consulting by AR asks the court to amend the judgment to include an award of post-judgment interest.  (ECF No. 198, at 5).  The Ignite counter-defendants do not dispute that post-judgment interest is mandatory under 28 U.S.C. § 1961 but contend that it is "unnecessary that the judgment specifically state that it will bear interest." (ECF No. 208, at 7).  They also argue that Rule 60(a) is not the proper vehicle for amending a judgment to include an award of post-judgment interest.  (*Id.*).  The court disagrees.

The court may amend a judgment under Rule 60(a) "to ensure that the court's purpose is fully implemented." *Tattersalls, Ltd.*, 745 F.3d at 1298.  If—as the Ignite counter-defendants concede— Consulting by AR is entitled to post-judgment interest regardless of whether it is included in the judgment, then amending the judgment to *explicitly* include it will "ensure that the court's purpose is fully implemented."  The court will amend the judgment to explicitly include the award of post-judgment interest.

. . .

. . .

---

[3] "When there is no express contract in writing fixing a different rate of interest, interest must be allowed at a rate equal to the prime rate at the largest bank in Nevada, as ascertained by the Commissioner of Financial Institutions, on January 1 or July 1, as the case may be, immediately preceding the date of the transaction, plus 2 percent, upon all money from the time it becomes due. . . ."

[4] It is undisputed that the "date of the transaction" is March 11, 2021.  (ECF No. 86–1, at 2; ECF No. 1-2, at 3).  The prime interest rate on January 1, 2021, was 3.25%.  *Prime Interest Rate*, STATE OF NEV. (Jan. 1, 2024), https://fid.nv.gov/Resources/Fees_and_Prime_Interest_Rate//.

[5] There are 604 days between August 1, 2021, and March 28, 2023.

[6] Consulting by AR incorrectly calculates the pre-judgment interest amount, and the court denies its motion to amend as to the interest amount.

James C. Mahan
U.S. District Judge

- 4 -

**IV.     Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Consulting by AR, LLC's motion to amend the judgment (ECF No. 198) be, and the same hereby is, GRANTED in part and DENIED in part, consistent with the foregoing.

The court ORDERS the judgment entered in this case (ECF No. 185) be, and the same hereby is, AMENDED, consistent with the foregoing. Specifically, the court INSTRUCTS the clerk of the court to amend the judgment (ECF No. 185) to state the following:

> JUDGMENT is AMENDED and ENTERED in FAVOR of defendant and counter-claimant Consulting by AR, LLC, and AGAINST plaintiff and counter-defendant Ignite Spirits, Inc. and counter-defendant Ignite International Brands, Ltd., jointly and severally. The court awards damages to Consulting by AR, LLC in the amount of $1,611,655.09; prejudgment interest from August 1, 2021, through the date of judgment (March 28, 2023) in the amount of $140,015.30, as allowed under NRS 99.040; and post-judgment interest under 28 U.S.C. § 1961, which shall accrue from the date of judgment (March 28, 2023) until said judgment is paid in full.

DATED March 13, 2024.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**