UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| IGNITE SPIRITS, INC., | Case No. 2:21-CV-1590 JCM (EJY) |
| Plaintiff(s), | ORDER |
| v. | |
| CONSULTING BY AR, LLC, | |
| Defendant(s). | |

Presently before the court is counter-claimant Consulting by AR, LLC's motion for attorney's fees and non-taxable costs. (ECF No. 191). Counter-defendants Ignite Spirits, Inc. and Ignite International Brands, LTD. filed a response (ECF No. 194), to which Consulting by AR, LLC replied (ECF No. 207).

Also before the court is Ignite International Brands, LTD.'s "objections" to the magistrate judge's civil contempt order. (ECF No. 180). Consulting by AR, LLC filed a response (ECF No. 184), and Ignite International Brands, LTD moved for leave to file a reply in support of its objections (ECF No. 186).

For the reasons set forth below, the court GRANTS in part and DENIES in part Consulting by AR, LLC's motion for fees and costs, and DENIES as MOOT Ignite International Brands, LTD.'s objections and request for leave to file a reply.

**I.     Background**

This is a contract dispute removed to federal court on diversity jurisdiction. (ECF No. 8). On summary judgment, the court ruled in favor of Consulting by AR, LLC ("Consulting") and against Ignite Spirits, Inc. ("Spirits") and Ignite International Brands, LTD ("Brands") (collectively, the "Ignite counter-defendants"), and judgment was entered accordingly. (ECF No.

**James C. Mahan**
**U.S. District Judge**

182, 185).  The judgment awarded Consulting $1,611,655.09 plus pre-judgment interest.  (ECF No. 185).

Before judgment was entered, the magistrate judge in this case had found Brands in civil contempt and imposed sanctions in the form of attorney's fees.  (ECF No. 174).  Brands filed an "objection" to the magistrate judge's order, which has been briefed but not yet addressed by this court.  (ECF No. 180).

Following the entry of judgment in its favor, Consulting moved for an award of attorney's fees and non-taxable costs under the terms of the Letter Agreement (the operative contract in this case) (ECF No. 191) and also filed its bill of costs (ECF No. 187).  Costs were taxed in favor of Consulting, and this court denied the Ignite counter-defendants' motion to retax costs, finding that Consulting was the only prevailing party in this case.  (ECF No. 223, at 4).

**II.    Consulting's Motion for Attorney's Fees**

The court addresses Consulting's motion for attorney's fees first, before addressing the magistrate judge's contempt order.

<u>A.</u>     <u>Legal Standard</u>

Federal courts sitting in diversity apply the relevant state substantive law and federal procedural law unless state law conflicts with a valid federal statute or procedural rule.  *E.g.*, *Feldman v. Allstate Ins. Co.*, 322 F.3d 660, 666 (9th Cir. 2003) (quoting *Erie R.R. v. Tompkins*, 304 U.S. 64, 78 (1938)); *MRO Commc'ns, Inc. v. Am. Tel. & Tel. Co.*, 197 F.3d 1276, 1282 (9th Cir. 1999).  Both "the right to fees" and "the method of calculating the fees" are substantive issues governed by state law.  *Close v. Sotheby's, Inc.*, 909 F.3d 1204, 1208 (9th Cir. 2018) (citing *Mangold v. California Pub. Utilities Comm'n*, 67 F.3d 1470, 1478 (9th Cir. 1995)).  The right to—and calculation of—prejudgment interest is similarly governed by state law.  *Oak Harbor Freight Lines, Inc. v. Sears Roebuck, & Co.*, 513 F.3d 949, 961 (9th Cir. 2008)

Federal law dictates only the procedure for *requesting* attorney's fees and costs.  *Carnes v. Zamani*, 488 F.3d 1057, 1059 (9th Cir. 2007); *see also MRO Commc'ns, Inc.*, 197 F.3d at 1280–81 (explaining that Rule 54(d)(2) creates a procedure to request attorney's fees, not a right to

**James C. Mahan**
**U.S. District Judge**

recover attorney's fees). Accordingly, Rule 54(d), Local Rule 54-14, and Local Rule 54-11 apply to requests for attorneys' fees even in diversity cases.

Under Rule 54(d), the party seeking attorney's fees must (1) file the motion no later than 14 days after the entry of judgment; (2) specify the judgment and the statute, rule, or other grounds entitling the movant to the award; (3) state the amount sought or provide a fair estimate of it; and (4) disclose, if the court so orders, the terms of any agreement about fees for the services for which the claim is made. FED. R. CIV. P. 54(d)(2). Under this court's local rules, fee requests must include (1) "a reasonable itemization of the work performed;" (2) "an itemization of all costs sought to be charged as part of the fee award;" (3) a brief summary of the time and labor required, the customary fee, awards in similar cases, and other items set forth in LR 54-14(a)(3); and (4) an attorney affidavit authenticating the information contained in the motion for fees. LR 54-14. Oppositions "must set forth the *specific* charges that are disputed and state with *reasonable particularity* the basis for the opposition," and must also include attorney affidavits. LR 54-14(d) (emphasis added).

B.    Consulting is entitled to attorney's fees and nontaxable costs.

The parties do not disagree that Nevada law applies to their dispute. Nevada follows the "American" rule that attorney's fees "may not be awarded absent a statute, rule, or contract" expressly authorizing such an award. *Thomas v. City of N. Las Vegas*, 127 P.3d 1057, 1063 (Nev. 2006). Nevada courts honor parties' agreements to "provide for attorney fees by express contractual provisions." *Pardee Homes of Nevada v. Wolfram*, 444 P.3d 423, 427 (Nev. 2019). If the court determines that the contractual language is clear and unambiguous, "the contract will be enforced as written." *Id.*

The Letter Agreement unambiguously stipulates that if litigation occurs "relating to this Letter Agreement, the losing party will pay the prevailing party's costs and expenses of such litigation, including but not limited to reasonable attorney's fees." (ECF No. 86-1, at 3 ¶ 6). A party prevails "if it succeeds on *any significant issue* in litigation which achieves some of the benefit it sought in bringing suit." *Pardee Homes of Nevada*, 444 P.3d at 427 (citations omitted). The party "need not succeed on every issue," and the term is "broadly construed so as to encompass

James C. Mahan
U.S. District Judge

- 3 -

1   plaintiffs, counterclaimants, and defendants." *LVMPD v. Blackjack Bonding*, 343 P.3d 608, 615
2   (Nev. 2015); *Valley Elec. Ass'n v. Overfield*, 106 P.3d 1198, 1200 (Nev. 2005).

3   The Ignite counter-defendants do not dispute that the Letter Agreement unambiguously
4   provides for an award of attorney's fees to the prevailing party and do not dispute that Consulting
5   is the prevailing party. (*See generally* ECF No. 194). As the court awarded Consulting all its
6   requested damages against the Ignite counter-defendants, it is undoubtedly the prevailing party
7   and entitled to an award of reasonable attorney's fees under the unambiguous terms of the Letter
8   Agreement. The *amount* of reasonable attorney's fees that Consulting is entitled to is discussed
9   further below.

10   Consulting also requests non-taxable costs under the Letter Agreement. (ECF No. 191, at
11   9). The Ignite counter-defendants argue that Consulting is not entitled to the litigation costs it is
12   seeking because they are not taxable under Rule 54 and 28 U.S.C. § 1920. (ECF No. 194, at 6–7).
13   To support their argument, the Ignite counter-defendants cite an Arizona case and two Ninth
14   Circuit cases applying substantive federal law. But these authorities are inapplicable to *this* case,
15   which is analyzed under substantive Nevada law. Furthermore, Consulting is requesting an award
16   of *non-taxable* costs based on the terms of the Letter Agreement, making Rule 54 and 28 U.S.C. §
17   1920 inapplicable to the court's analysis.

18   Cost-shifting provisions, such as the one present here, are interpreted like any other
19   contract provision, and the court seeks to affect the "intent of the contracting parties." *See Davis*
20   *v. Beling*, 278 P.3d 501, 515 (Nev. 2012) (citations omitted). The Letter Agreement
21   unambiguously states that the prevailing party is entitled to the "costs and expenses" of litigation,
22   "*not limited to* reasonable attorney's fees. (ECF No. 86-1, at 3 ¶ 6) (emphasis added). Moreover,
23   Local Rule 54-14 explicitly contemplates an award of costs not otherwise taxable under Rule
24   54(d). LR 54-14(a)(2). The court therefore finds that Consulting is entitled to non-taxable
25   litigation costs under the Letter Agreement.

26
27
28

**James C. Mahan**
**U.S. District Judge**

- 4 -

Consulting requests $3,561.23 in non-taxable costs. (ECF No. 191, at 9).[1] The Ignite counter-defendants argue that these costs (which include e-discovery costs for processing cell phone images and emails; Bates labeling documents; obtaining documents from California, and travel expenses associated with a deposition in Connecticut) should not be awarded because they were unnecessary to the litigation. (ECF No. 194, at 7; ECF Nos. 191-4–191-9). Specifically, they argue that the $1,898.65 incurred by Consulting's attorneys to travel to Connecticut for a deposition conducted virtually was unnecessary. (*Id.*). As Consulting does not dispute this or provide the court with an itemization or explanation of its requested non-taxable costs, the court will deduct $1,898.65 from its requested non-taxable costs. Consulting is accordingly awarded $1,662.58 in non-taxable costs.

B.  Amount of reasonable attorney's fees.

Nevada district courts have "great discretion" when determining the amount of attorney's fees to award, which is "tempered only by reason and fairness." *Albios v. Horizon Communities, Inc.*, 132 P.3d 1022, 1034 (Nev. 2006) (citations omitted). "In determining the amount of fees to award, the district court can follow any rational method so long as it applies the *Brunzell* factors." *Smith v. Zilverberg*, 481 P.3d 1222, 1231 (Nev. 2021) (referencing *Brunzell v. Golden Gate Nat. Bank*, 455 P.2d 31, 33 (Nev. 1969)).

The *Brunzell* factors are: "(1) the qualities of the attorney, (2) the character of the work done, (3) the actual work performed by the attorney, and (4) the work achieved." *Id.* (citations omitted). One "rational method" the court may employ to determine the reasonable fee amount is the lodestar method, which involves "multiplying the number of hours reasonably spent on the case by a reasonable hourly rate." *Shuette v. Beazer Homes Holdings Corp.*, 124 P.3d 530, 549 (Nev. 2005) (quotations omitted). But regardless of the court's chosen method, its award of attorney's fees will be upheld so long as it is "supported by substantial evidence" and guided by the *Brunzell* factors. *Id.*

. . .

---

[1] This number changes to $6,200.88 in Consulting's reply in support of its motion for fees and costs. (ECF No. 207, at 11). The court will disregard this second number as it was submitted in a reply, and because it is not supported by Consulting's submitted exhibits.

James C. Mahan
U.S. District Judge

- 5 -

### *1. Lodestar—reasonable hours*

Consulting requests $156,842.50 in reasonable attorney's fees. (ECF No. 191, at 5). In total, its attorneys billed 506.1 hours of work. (ECF Nos. 191-1, 191-2). After considering the actual work performed and the character of that work, the court finds this to be a reasonable number of hours spent in this case. Many, if not a majority, of the hours spent in this case were necessitated by the counter-defendants' litigation tactics. For example, Consulting was required to conduct extensive briefing in response to the counter-defendants' objections and requests for stays of various magistrate judge orders (ECF Nos. 57, 121, 124, 133, 134); motions to dismiss (ECF Nos. 23, 29); objections to the bill of cost (ECF No. 149); motions for reconsideration (ECF Nos. 156, 195); and emergency motions (ECF Nos. 58, 134, 136). Consulting also expended considerable time attempting to resolve various discovery disputes, which appear to have been caused by the counter-defendants.[2]

Regarding the work achieved, Consulting's attorneys successfully defended against many of the counter-defendants' various objections and motions. (*E.g.*, ECF Nos. 174, 219, 220, 221). Consulting's attorneys also successfully argued for summary judgment in favor of Consulting, resulting in an award of damages. (ECF No. 182). The *Brunzell* factors therefore lead the court to its ultimate finding that the number of hours expended by Consulting's attorneys in this case was reasonable.

The Ignite counter-defendants argue that "approximately 295" of Consulting's claimed 506.1 hours are "duplicative." (ECF No. 194, at 6). But they do not point to any specific charges that support their contention that over half of Consulting's claimed hours are "duplicative." (*See generally, id.*). Furthermore, the Ignite counter-defendants have not submitted affidavits in support of this factual contention, as required under LR 54-14. Having conducted an independent review of Consulting's submitted charges, the court finds that the Ignite counter-defendants' claim is unsupported, and Consulting's reported 506.1 hours is reasonable. (*See* ECF No. 191-2).

. . .

---

[2] As the court noted, one such dispute even resulted in the court finding Brands in civil contempt. (ECF Nos. 174, 181).

James C. Mahan
U.S. District Judge

- 6 -

*2.     Lodestar—reasonable hourly rate*

Most of the hours in this case were billed by law clerks, associates, and non-partner counsel at hourly rates between $225 and $365. (ECF No. 191-1). One partner billed less than one hour of work at an hourly rate of $450, and a senior partner billed 6.9 hours at a discounted rate of $650. (*Id.*). Considering the *Brunzell* factors, the court finds these hourly rates reasonable.

Regarding the character of the work, the actual work performed, and the work achieved: the billing logs show that much of the work was delegated to associates (or paralegals) who billed at a lower rate than partners, which the Nevada Supreme Court has found to support a finding that the hourly rate was reasonable. *Smith*, 481 P.3d. at 1231. Consulting's attorneys also achieved an award of over a million dollars in damages—far above the total attorney's fees requested.

The characteristics of Consulting's attorneys also support their reported hourly rates. The primary attorneys who worked on this case were associates, and their hourly rates corresponded to their relative lack of experience. Mr. Berkman, who graduated from law school *magna cum laude* in 2021, charged an hourly rate of $295. (ECF No. 191-1). Mr. Downing, who graduated from law school in 2015, generally charges an hourly rate of $375 but discounted his rate to $300. (*Id.*). The senior attorney responsible for this case, Mr. Pearson, discounted his rate to $350. (*Id.*). Mr. Pearson has 16 years of experience in complex litigation and corporate governance. (ECF No. 191, at 7). The court finds that these hourly rates are reasonable. Accordingly, the court awards Consulting reasonable attorney's fees in the amount of $156,842.50.[3]

**III.   Brands's Appeal of the Magistrate Judge's Contempt Order**

On March 16, 2023, Magistrate Judge Youchah entered an order finding Brands in civil contempt for deliberately disobeying the court's February 28, 2023, order, which had followed a failure to company with an August 12, 2022, order to file certain documents under seal for *in camera* review by the court. (ECF No. 174, at 3). In the August 12th order, the court clearly warned Brands that "continued conduct based on positions contrary to well[-]established law may not be deemed in good faith…[and] failure to comply with this [o]rder will be deemed willful and

---

[3] Insofar as the parties have raised other arguments that are not specifically addressed in this order, the court has considered the same and concluded that they either do not present a competent basis for relief or need not be reached given the court's ultimate ruling.

**James C. Mahan**
**U.S. District Judge**

therefore potentially worthy of contempt." (ECF No. 168, at 5–6). Despite these clear warnings, Brands continued its disobedience of court orders. The magistrate judge therefore found Brands in civil contempt and imposed sanctions in the form of attorney's fees and costs incurred by Consulting for the discovery dispute that spawned the sanctions. (ECF No. 174, at 4).

Even after the imposition of sanctions, Brands failed once more to properly comply with court orders, and the magistrate judge entered a minute order instructing Brands of the appropriate procedure for complying with the court's March 16, 2023, civil contempt order. (ECF No. 178). However, on March 30, 2023, the magistrate judge entered a stay of the civil contempt order after Brands finally submitted the required documents for *in camera* review by the court. (ECF No. 181).

Brands then filed an "objection" to the magistrate judge's civil contempt order, arguing that it should be allowed to show cause why it was not in contempt. (ECF No. 180). It also filed a motion for leave to file a reply in support of this "objection." (ECF No. 186). Consulting responded, arguing that Brands's "bad faith conduct throughout the litigation process" necessitates the imposition of monetary sanctions to "send a clear message…that such bad-faith conduct is unacceptable and will not be tolerated in legal proceedings." (ECF No. 184, at 7).

The court is sympathetic to Consulting's position but finds that the imposition of monetary sanctions in the form of attorney's fees is no longer necessary given the court's award of attorney's fees to Consulting under the terms of the Letter Agreement. Included in that award are the attorney's fees that would have been awarded as sanctions under the contempt order. (*See* ECF No. 191-2). Accordingly, the court vacates the imposition of monetary sanctions in the magistrate judge's March 16, 2023, contempt order. (ECF No. 174).

**IV.     Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Consulting by AR, LLC's motion for attorney's fees and non-taxable costs (ECF No. 191) be, and the same hereby is, GRANTED in part and DENIED in part, consistent with the foregoing. Specifically, the court

**James C. Mahan**
**U.S. District Judge**

awards $156,842.50 in attorney's fees and $1,662.58 in non-taxable costs to Consulting by AR, LLC.

The court VACATES the imposition of monetary sanctions in the magistrate judge's March 16, 2023, contempt order.  (ECF No. 174).

IT IS FURTHER ORDERED that Ignite International Brands, LTD.'s "objections" to the magistrate judge's civil contempt order (ECF No. 180) and Ignite International Brands, LTD's motion for leave to file a reply in support of its objections (ECF No. 186) are DENIED as MOOT.

DATED March 27, 2024.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**